1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
3  Oakland, California 94607
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   Email: sec@colevannote.com
5  Email: lvn@colevannote.com
   Web: www.colevannote.com
6
7  Attorneys for Representative Plaintiff
8
9              **UNITED STATES DISTRICT COURT**
10            **NORTHERN DISTRICT OF CALIFORNIA**
11                      **OAKLAND DIVISION**
12

13  JAMI ZUCCHERO, individually and on      **Case No. 4:22-cv-00068-KAW**
    behalf of all others similarly situated,
14                                           **CLASS ACTION**
                          Plaintiff,
15                                           **PLAINTIFF'S NOTICE OF MOTION AND**
    v.                                       **MOTION FOR PRELIMINARY APPROVAL**
16                                           **OF CLASS ACTION SETTLEMENT;**
    HEIRLOOM ROSES, INC.,                    **MEMORANDUM OF POINTS AND**
17                                           **AUTHORITIES IN SUPPORT THEREOF**
                          Defendant.
18                                           **Date:      September 21, 2023**
                                             **Time:      1:30 pm**
19                                           **Judge:     Hon. Kandis A. Westmore**
20
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  SUMMARY OF THE LITIGATION ......................................................................1

    A.  Factual Allegations .......................................................................................... 1

    B.  Litigation History ..............................................................................................2

        1.  Discovery ..................................................................................................2

        2.  Negotiations and Mediation ...............................................................2

III. TERMS OF THE SETTLEMENT .........................................................................3

    A.  The Settlement Class .......................................................................................3

    B.  The Settlement Benefits ..................................................................................3

    C.  Notice, Notice Plan and Claims Administration ...................................4

    D.  The Settlement Administrator ......................................................................5

    E.  Attorneys' Fees, Costs and Service Award ...............................................5

    F.  Released Claims ................................................................................................5

IV. LEGAL ARGUMENT ............................................................................................6

    A.  The Settlement Falls Within the Range of Reasonableness ................7

        1.  Plaintiff and Counsel Have Adequately Represented the Class ......................7

        2.  The Settlement Resulted from Informed, Arm's-Length Negotiations ...........7

        3.  The Relief Provided for the Class Is Adequate ................................................8

        4.  The Settlement Structure Is Fair, Effective, and Reasonable..........................9

        5.  The Settlement Falls Within the Range of Possible Approval.......................10

        6.  Experienced Counsel Recommend Approval ..................................................12

        7.  The District's Procedural Guidelines for Preliminary Approval Are
            Satisfied ...........................................................................................................12

    B.  The Proposed Settlement Class Should be Certified ............................ 12

1.  The Class Meets the Requirements of Rule 23(a) ...............................12

2.  The Class Meets the Requirements of Rule 23(b)(3) ........................14

3.  The Settlement Class Definition Comports with the Class Definition in the
    Complaint ..........................................................................................15

C.  The Proposed Notice and Notice Program Meet All Applicable Requirements . 16

1.  The Notice Plan Uses the Best Practicable Means to Reach Class Members.16

2.  The Proposed Notice Adequately Informs Class Members of Their Rights
    and Options .......................................................................................16

D.  Settlement Class Counsel Should be Appointed ...................................... 16

E.  Schedule .................................................................................................... 17

V.  CONCLUSION ....................................................................................................17

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1

**<u>TABLE OF AUTHORITIES</u>**

2

**CASES**

3

*Amchem Products, Inc. v. Windsor*,

4

    521 U.S. 591, 620 (1997)................................................................................. 14

5

*Campbell v. Facebook Inc.*, ,

6

    2017 WL 3581179, at *4 (N.D. Cal. Aug. 18, 2017)..................................... 11

7

*Carlotti v. ASUS Computer Internat'l*,

8

    2019 WL 6134910, *6 (N.D. Cal. Nov. 19, 2019) ........................................ 9

9

*Cottle v. Plaid Inc.*,

10

    340 F.R.D. 356, 365, 378 (N.D. Cal. 2021)........................................... 10,15

11

*Ebarle v. Lifelock, Inc.*,

12

    2016 WL 5076203, at *2, 5 (N.D. Cal. Sept. 20, 2016).............................. 11

13

*Hammond v. The Bank of N.Y. Mellon Corp.*

14

    2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010).......................................

15

*In re Anthem, Inc. Data Breach Litig.*,

16

    327 F.R.D. 299, 325, 328, 332 (N.D. Cal. 2018)..................................... 9,10,14

17

*In re Cathode Ray Tube (Crt) Antitrust Litig.*,

18

    2016 WL 721680, at *21 (N.D. Cal. Jan. 28, 2016) ..................................... 9

19

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,

20

    2020 WL 256132, at *32-33 (N.D. Ga. Mar. 17, 2020) ................................. 8,10,15

21

*In re Google LLC St. View Elec. Commc'ns Litig.*,

22

    2020 WL 1288377, at *11 (N.D. Cal. Mar. 18, 2020)............................................. 11

23

*In re Linkedin User Privacy Litig.*,

24

    309 F.R.D. 573, 581, 588 (N.D. Cal. 2015)............................................. 11

25

*In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2020 WL 4212811, *12 (N.D. Cal. July 22, 2020).,

26

    2020 WL 4212811, *12 (N.D. Cal. July 22, 2020)............................... 9,10,13,14,15

27

*Just Film, Inc. v. Buono*,

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

847 F.3d 1108, 1123 (9th Cir. 2017)) ................................................................... 14

*Kent v. Hewlett-Packard Co.,*
2011 WL 4403717, *1 (N.D. Cal. Sept. 20, 2011) ................................................. 13

*Linney v. Cellular Alaska P'ship,*
151 F.3d 1234, 1239 (9th Cir. 1998) ...................................................................... 7

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.,*
221 F.R.D. 523, 527 (C.D. Cal. 2004) .................................................................. 10

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco,*
688 F.2d 615, 628 (9th Cir. 1982) ......................................................................... 10

*Parsons v. Ryan.,*
754 F.3d 657, 685 (9th Cir. 2014) ......................................................................... 13

*Perkins v. Linkedin Corp.,*
2016 WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) ........................................... 11

*Phillips Co. v. Shutts,*
472 U.S. 797, 809 (1985) ....................................................................................... 14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003),
327 F.3d 938 (9th Cir. 2003) ................................................................................. 14

*Tyson Foods, Inc. v. Bouaphakeo,*
136 S. Ct. 1036, 1045 (2016) ................................................................................ 13

*Vaquero v. Ashley Furniture Indus., Inc.,*
824 F.3d 1150, 1155 (9th Cir. 2016) ..................................................................... 14

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338, 350 (2011) ....................................................................................... 12

**STATUTES/RULES**

**Federal**

Class Action Fairness Act, 28 U.S.C. § 1715(b) ....................................................... 4

Fed. R. Civ. P. Rule 23 .................................................................................... *passim*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

**SECONDARY SOURCES**

*Newberg on Class Actions § 13:1 (5th ed.)* .................................................................................6

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 21 at 1:30 P.M., or as soon thereafter at the matter may be heard, before the Honorable Kandis A. Westmore, United States Magistrate Judge, Plaintiff Jami Zucchero ("Plaintiff") will and does hereby move this Court for an order preliminarily approving the proposed Settlement entered into by Plaintiff and Defendant Heirloom Roses, Inc. ("Heirloom") (collectively, the "Parties").

This Motion is made pursuant to Federal Rules of Civil Procedure Rule 23(e) on the grounds that the proposed Settlement is fair, reasonable and adequate when viewed against the continued risks of litigation, the proposed Settlement Class meets all criteria for certification for Settlement purposes and the proposed Notice and notice plan are designed to ensure the best practicable notice and compliance with due process.

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Settlement Agreement and all exhibits thereto, the Declaration of Scott E. Cole in Support of Plaintiff's Motion for Preliminary Approval of Settlement and all exhibits thereto, the Declaration of Julie Green of CPT Group, Inc., all other pleadings and papers on file, and such other arguments and materials as may be presented before the Motion is taken under submission.

Dated:  August 25, 2023           **COLE & VAN NOTE**

By:   */s/ Laura Van Note*
        Laura Van Note, Esq.
        Attorneys for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiff asks the Court to rule on the following issues:

1.  Whether the proposed Settlement is fair, adequate and reasonable;

2.  Whether the proposed Settlement Class should be certified for Settlement purposes;

3.  Whether the proposed Notice and notice program are adequately tailored to achieve effective notification to Class Members as to the terms of the Settlement and their rights thereunder;

4.  Whether Cole & Van Note should be appointed as Class Counsel and Plaintiff Jami Zucchero as Class Representative; and

5.  Whether to enter the Proposed Order Preliminarily Approving the Settlement, directing the issuance of notice, setting forth remaining deadlines and setting a hearing for final approval of the proposed Settlement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## I.  INTRODUCTION

In December 2021, Defendant Heirloom Roses, Inc. ("Heirloom" or "Defendant") began sending notice to 52,206 individuals whose names and payment card information were potentially accessed by an unauthorized third party that placed malicious code on Defendant's website. The information potentially accessed included names and payment card information.

Plaintiff filed this case in January 2022 alleging (i) Negligence, (ii) Invasion of Privacy, (iii) Breach of Confidence, (iv) Violation of the Information Practices Act of 1977, (v) Breach of Implied Contract, (vi) Breach of the Implied Covenant of Good Faith and Fair Dealing, (vii) Violations under the California Unfair Competition Law and (viii) Unjust Enrichment. Following two motions to dismiss, Plaintiff's claims were narrowed to claims for (i) Negligence and (ii) Breach of Implied Contract.

After two rounds of motions on the pleadings, informal exchange of key information and an extensive Settlement negotiation process lasting several months, the Parties have reached a proposed claims-made Settlement that provides make-whole recovery through payment of up to $200 for each Class Member. Moreover, the Settlement further requires Defendant to improve data security and customer service practices. Taken together, these monetary and non-monetary benefits represent a strong recovery when viewed in comparison to what could be achieved through trial *before* taking into the account the significant risk, cost and delay of continued litigation.

## II.  SUMMARY OF THE LITIGATION

### A.  Factual Allegations

Plaintiff alleges unauthorized individuals placed malicious code on Defendant's website which allowed the unauthorized individuals to access the names and payment card information of 52,206 of Defendant's customers. First Amended Complaint (hereafter "FAC") ¶¶ 1, 37-38. Plaintiff alleges this malicious code was present on Defendant's website between February 2021 and October 2021. FAC ¶ 2. Defendant began sending notice to potentially affected individuals beginning in December 2021. FAC ¶ 4. Plaintiff received such a notice dated December 16, 2021

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    and subsequently filed suit in this Court seeking damages for the class for lost time, the threat of

2    future harm, out-of-pocket expenses and other injuries related to this event. FAC ¶ 19.

3           **B.**     **Litigation History**

4           *1.*    *Discovery*

5         Following the initial status conference, the Parties exchanged Initial Disclosures on

6    October 24, 2022. Even before that, Plaintiff's Counsel's office had thoroughly investigated the

7    key facts of this case. Declaration of Scott E. Cole ¶ 12.[1] The Parties engaged in extensive informal

8    discovery for the putative Class Members to perform an analysis and valuation of all claims. Prior

9    to mediation, the Parties exchanged information and documents to investigate the veracity,

10   strength and scope of the claims and to allow analysis and evaluation of the claims and Defendant's

11   defenses thereto. Cole Decl. ¶ 12. Plaintiff's Counsel's investigation, combined with the

12   information exchanged in connection with mediation, provided Plaintiff's Counsel's office with

13   sufficient understanding about the relative strength and weakness of the various claims and

14   defenses to reach an informed decision about fair resolution. Cole Decl. ¶ 12.

15          *2.*    *Negotiations and Mediation*

16        In final preparation for mediation, Plaintiff's Counsel's office requested (and Defendant

17   produced) information tailored to developing a damages and penalties analysis for each of the

18   primary claims identified in the FAC. Cole Decl. ¶ 13. On April 24, 2023, the Parties participated

19   in a mediation before experienced mediator John Bates of JAMS. At mediation, the Parties

20   exchanged information and documents and engaged in intensive discussions regarding their

21   evaluations of the litigation and various aspects of the litigation, including the risks and delays of

22   further litigation, the risks to the Settling Parties of proceeding with class certification, the law

23   relating to the allegations, the evidence produced and analyzed and the possibility of appeals,

24   among other things. Due to the Parties' extensive experience in data breach and class action

25   litigation, the Parties were able to determine the underpinning principle and underlying chances of

26   success in the matter relatively quickly and spent the majority of the mediation on the more

27

28   [1] Hereafter cited as "Cole Decl."

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

nuanced details of the agreement. The Settlement Fund was negotiated <u>first</u> and <u>separately</u> from the Attorney's Fees, Service Awards and Claims Administrator fees.  Cole Decl. ¶ 14. The Parties ultimately reached a Settlement in principle and continued to negotiate the long form agreement over the next few months. Cole Decl. ¶ 15. This resulted in the Settlement Agreement accompanying this Motion. Cole Decl. ¶ 15.

### III.        TERMS OF THE SETTLEMENT

#### A.        The Settlement Class

The Settlement Class includes all individuals within the United States whose names and personal payment card information was potentially exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred between approximately February to October of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and their first-degree relatives, judicial staff and persons who timely and validly request exclusion from the Settlement Class. S.A. § 1.34.

#### B.        The Settlement Benefits

The Settlement provides for a Reimbursement Award of up to $200 per Class Member for unreimbursed, unauthorized or fraudulent charges or out-of-pocket expenses proximately caused by the Data Security Incident. S.A. § 2.4.1. The Settlement also provides Defendant has made and/or will make the following enhancements: (a) requiring all third-party vendors and users to utilize strong passwords and two-factor authentication to gain access to the platform, (b) requiring all third-party vendors and users to undergo regular security awareness training to keep apprised of the latest security threats, vulnerabilities and best practices, (c) protecting sensitive data such as personal information and financial data using encryption, access control and data masking techniques, and (d) migration to the Shopify platform, which provides built-in security features such as SSL encryption, PCI compliance and secure payment processing. Shopify also provides built-in logging and monitoring features to detect and prevent unauthorized access and suspicious activities, and robust incident response and disaster recovery plans to minimize the impact of any future security breaches or disasters. S.A. § 2.8.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**C.    Notice, Notice Plan and Claims Administration**

Within ten days of the filing of the Motion for Preliminary Approval, the Claims Administrator shall serve a letter and accompanying materials to be provided by Defendant's Counsel on the Attorney General of the United States and each state Attorneys General or others, all as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). The Claims Administrator shall provide and Defendant shall cause to be filed with the Court a declaration evidencing such service. S.A. § 4.1.

Within fifteen days of entry of the Preliminary Approval Order, Heirloom will provide the Claims Administrator with a list of Settlement Class Members which will include, to the extent available, the name, email address and physical mailing address of each Settlement Class Member. The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program, as described below.

Within fourteen days after receiving the Settlement Class list from Heirloom, the Claims Administrator shall send the Summary Notice via email to Settlement Class Members (the "Notice Deadline"). Within 20 days after sending such email, the Claims Administrator shall undertake reasonable efforts to resend notice to any Settlement Class Members for which the Claims Administrator receives a bounce back notice. For those Settlement Class Members where an email bounce back notice is received, the Claims Administrator shall resend notice via First Class U.S. Mail. S.A. § 4.3.1.

Within seven days after receiving the Settlement Class list from Heirloom, the Claims Administrator shall establish a dedicated Settlement website that includes this Class Settlement Agreement, the Long Notice and the Claim Form approved by the Court. Settlement Class Counsel shall propose the format and content of the Settlement website for approval by Defendant's Counsel. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the Settlement website copies of the Motion for Final Approval of the Class Settlement Agreement and the Motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

FAQs shall also be made available to address Settlement Class Members' inquiries. The Settlement website shall not include any advertising and shall remain operational until 30 days following the Effective Date, at which time the Claims Administrator shall terminate the Settlement website and transfer ownership of the URL to Heirloom. S.A. § 4.3.2.

### D.    The Settlement Administrator

After requesting bids from three different companies, the Parties selected CPT Group as the Settlement administrator. Cole Decl. ¶ 32. Information about CPT's credentials and experience are provided in the Declaration of Julie Green, including information regarding CPT's handling of Class Member data and insurance coverage. CPT agreed to a flat fee of $40,000, a reasonable amount in relation to the size of the Class and value of the Settlement. Cole Decl. ¶ 32. Class Counsel has engaged CPT to administer Settlements in several cases in the last two years. Within the Declaration of Julie Green, she lists the prominent, multistate class action settlements administered by CPT in the recent past.

### E.    Attorneys' Fees, Costs and Service Award

Defendant will not oppose Settlement Class Counsel's request for attorneys' fees and costs in the amount of $198,500. S.A. § 9.1. This amount was negotiated only after the Parties agreed on compensation to the Class. Cole Decl. ¶ 14. Settlement Class Counsel will request, and Defendant will not oppose, a Service Award payment to Plaintiff Jami Zucchero in the amount of $1,500. S.A. § 9.2. The Service Award was negotiated after the Parties agreed on compensation to the Class. Cole Decl. ¶ 14. Both Settlement Class Counsel's attorneys' fees and costs and Plaintiff's Service Award shall be paid separately from payment to Class Members such it will have no effect on the amount any Class Member receives as compensation. S.A. § 9.3.

### F.    Released Claims

Upon entry of the Final Approval Order, each Settlement Class Member, including Plaintiff, shall be barred from initiating, asserting or prosecuting against Heirloom and any Released Parties any claims that are released by operation of the Class Settlement Agreement and the Final Approval Order. S.A. § 8.2. Each Settlement Class Member, including Plaintiff, whether

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  or not they have received an Award, will be deemed by operation of the Agreement to have fully

2  released, discharged and acquitted Heirloom and the Released Parties from any and all of the

3  Released Claims and will be deemed to have also released Unknown Claims. S.A. § 8.1. This

4  includes a release of any and all Unknown Claims, even if unrelated to the Released Claims, and

5  any and all provisions, rights and benefits conferred by any law of any state, province or territory

6  of the United States which is similar, comparable or equivalent to California Civil Code section

7  §1542. S.A. § 8.3. The claims released in the Settlement Agreement are broader than those alleged

8  in the operative First Amended Complaint because Plaintiff narrowed her claims by stipulation,

9  amendment and Court Order such that the claims in the First Amended Complaint do not include

10  all such claims that Plaintiff could have brought in connection with the security incident. Cole

11  Decl. ¶ 11.

12  **IV.      LEGAL ARGUMENT**

13         Judicial approval of class action Settlements typically proceeds through three stages: (i)

14  preliminary approval, where the court conducts an initial fairness review and decides whether to

15  notify the class; (ii) a notice period, where class members are given an opportunity to review the

16  Settlement and object or comment; and (iii) a fairness hearing, where the court considers the

17  overall class reaction and makes its final determination. *See* Fed. R. Civ. P. 23; *Newberg on Class*

18  *Actions § 13:1 (5th ed.).*

19         This case is now at the preliminary approval stage, where the Court will decide whether

20  the Parties should notify Class Members about the Settlement. That decision requires the Court to

21  make several preliminary determinations: first, whether the proposed Settlement is likely to be

22  approved if notice is disseminated to the Class; second, whether the proposed Settlement class is

23  likely to be certified for purposes of judgment; third, whether the parties' proposed notice plan

24  provides for the best notice practicable under the circumstances and the Settlement Administrator

25  may disseminate notice; and fourth, the Court sets a schedule for notifying the Class and

26  considering its reaction to the proposed Settlement. Fed. R. Civ. P. 23(c), (e). In the sections that

27  follow, Plaintiff offers her analysis of each facet of the preliminary approval process, including

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-
MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1  the Northern District of California's procedural guidelines for the preliminary approval of class

2  action Settlements.

3  **A.    The Settlement Falls Within the Range of Reasonableness**

4  The 2018 amendments to Rule 23 direct the Parties to present proposed class Settlements

5  "in terms of a shorter list of core concerns." Fed. R. Civ. P. Rule 23(e)(2), 2018 Adv. Comm.

6  Notes. These concerns, which Rule 23(e)(2) now requires courts to consider before approving a

7  class settlement, include two concerns bearing on procedural fairness and two bearing on

8  substantive fairness. *Id*. The two procedural concerns are (i) whether Plaintiff and their counsel

9  have adequately represented the class and (ii) whether the proposed Settlement was negotiated at

10  arm's length. Fed. R. Civ. P. Rule 23(e)(2)(A)-(B). The two substantive concerns are (i) whether

11  the relief provided for the class is adequate and (ii) whether the proposed settlement treats class

12  members equitably relative to one another. Fed. R. Civ. P. Rule 23(e)(2)(C)-(D).

13  Here, review of these four core concerns favors the proposed Settlement and should give

14  the Court confidence that it will be able to grant final approval after Class Members are given an

15  opportunity to express their views.

16  *1.    Plaintiff and Counsel Have Adequately Represented the Class*

17  The first procedural concern asks whether the proposed settlement was the result of

18  adequate representation. Fed. R. Civ. P. Rule 23(e)(2)(A). One of the hallmarks of adequate

19  representation is a thorough investigation and assessment of the Class Members' claims. *See id.*,

20  Adv. Comm. Note. Formal discovery is not required, but counsel should have sufficient

21  information to make informed decisions at the bargaining table. *Linney v. Cellular Alaska P'ship*,

22  151 F.3d 1234, 1239 (9th Cir. 1998).

23  Here, Class Counsel were well prepared to negotiate a beneficial settlement for Class

24  Members. In addition to comprehensive pre-filing investigation, they obtained early discovery that

25  went to the heart of the case and had extended negotiations with Defendant. Cole Decl. ¶¶ 12-15.

26  Class Counsel also subjected the case to vigorous adversarial testing by litigating multiple motions

27  to dismiss. Cole Decl. ¶ 9.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1    Representative Plaintiff will request a service payment of $1,500 for her participation in
2    this litigation. She researched and identified qualified counsel, provided information on her claims
3    and damages through informal discovery, participated in the mediation settlement process, and
4    risked being further targeted for identity theft by putting her name on this litigation.

5    2.    *The Settlement Resulted from Informed, Arm's-Length Negotiations*

6    "Class Settlements are presumed fair when they are reached following sufficient discovery
7    and genuine arms-length negotiation." *Carlotti v. ASUS Computer Internat'l*, 2019 WL 6134910,
8    *6 (N.D. Cal. Nov. 19, 2019). Here, the Parties' Settlement was reached after contentious
9    negotiations consisting of a full-day mediation before John Bates and another two months of
10   negotiations to finalize the terms of the Settlement. Cole Decl. ¶¶ 12-15. Mr. Bates is a respected
11   and experienced neutral. Cole Decl. ¶ 14. The Parties did not discuss Attorneys' Fees, a Service
12   Award or Settlement Administration costs until after reaching agreement on the Class Settlement.
13   Cole Decl. ¶ 14. Taking into consideration the stage of discovery, dispositive motion practice, the
14   Parties' preparation for the mediation, the length of negotiations and the involvement of a highly
15   qualified private mediator, the proposed Settlement should be presumed procedurally fair. Fed. R.
16   Civ. P. Rule 23(e)(2)(B), 2018 Adv. Comm. Note.

17   3.    *The Relief Provided for the Class Is Adequate*

18   The proposed Settlement provides meaningful monetary recovery in addition to important
19   non-monetary relief. The benefits conferred are fair and adequate compared to other similar cases.
20   Heirloom's improved security protocols and policies are meaningful and will help minimize the
21   risk of incidents of unauthorized access to Heirloom customers' accounts and will improve
22   Heirloom's response to customers in the event of suspected unauthorized access. The collective
23   relief is even more favorable considering the factors under Rule 23(e)(2)(C).

24   While Plaintiff believes her case is strong, ongoing litigation will require Plaintiff and the
25   Class to take on significant risks of expenses, delays and negative outcomes. Data breach cases
26   are particularly complex and expensive by nature. *See, e.g.*, *In re Equifax Inc. Customer Data Sec.*
27   *Breach Litig.*, 2020 WL 256132, at *32-33 (N.D. Ga. Mar. 17, 2020) [hereinafter "*In re Equifax*"]

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-
MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

(recognizing the complexity and novelty of issues in data breach class actions). Courts explicitly recognize data breach cases as among the most risky and uncertain of all types of class action litigation. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting cases).

This case is no exception. It involves tens of thousands of Class Members, complicated and technical facts, a well-funded and motivated Defendant and contested central issues relating to class certification, liability and damages. Defendant was emboldened by this Court's August 2, 2022 Order, which established that the lost time theory of damages was the basis for standing, and which Defendant likely believes would be difficult to establish as a class-wide injury. Defendant would surely oppose class certification and move for summary judgment (or seek similar dispositive relief). Establishing liability for such a breach (or an alternative theory of liability) at trial would require countless hours of costly investigation, discovery, reporting and testimony from data security and financial industry expert witnesses. Even if these were all successful, given the relative novelty of the legal theories underlying Plaintiff's claims it could face significant scrutiny on appellate review.

Moreover, no side agreements were made between the Parties (*See* Fed. R. Civ. P. 23(e)(3)) and the attorneys' fees and costs and Service Award are to paid separately from the amount available to Class Members such that they will not reduce the benefits to Class Members. Cole Decl. ¶¶ 14-15.

### 4.    *The Settlement Structure Is Fair, Effective, and Reasonable*

"A plan of allocation that reimburses class members based on the type and extent of their injuries is generally reasonable." *In re Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 721680, at *21 (N.D. Cal. Jan. 28, 2016). Because Class Members may have suffered varying types and degrees of injury, the Settlement provides for a claims-made process by which Settlement Class Members will set forth the categories of damages they incurred (i.e., lost time and/or unreimbursed expenses) and in what amount. In this respect, the Settlement achieves customized recovery to each Class Member and treats them fairly and equitably.  As such, this type of claims process has

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

been approved in numerous other cases involving data breaches and privacy infringements. *See, e.g.*, *In re Equifax*, 2020 WL 256132 at **2, 8; *In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2020 WL 4212811, *12 (N.D. Cal. July 22, 2020), aff'd, *Schwartz v. Yahoo! Inc.*, No. 20-16633 (9th Cir. June 27, 2022) [hereinafter "*In re Yahoo!*"]; *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 325, 328, 332 (N.D. Cal. 2018).

The claims process here is designed to be simple and fast, yet comprehensive enough to ensure fair and equitable treatment of potential individual damages. All Settlement Class Members may submit a claim that allows them to elect benefits, depending on their individual facts. Claimants can claim out-of-pocket expenses for unreimbursed payment card fees or bank fees, cell, internet or text charges; unreimbursed costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services, postage costs and lost time. They simply check the relevant box and input the amount claimed. Cole Decl. Ex. B.

Courts have approved similar processes in data breach cases (*see, e.g.*, *Cottle v. Plaid Inc.*, 340 F.R.D. 356, 365, 378 (N.D. Cal. 2021); *In re Yahoo!*, *supra*, 2020 WL 4212811 at *12), and the proposed plan here is favorable by comparison to numerous other Settlements requiring documentation for analogous cash payments (*see, e.g.*, *In re Anthem*, 327 F.R.D. at 325, 328, 332 (approving claim process requiring supporting documentation for claims of lost time and out-of-pocket expenses); *In re Equifax*, 2020 WL 256132 at **2, 8 (claims process required class members to substantiate with documentation that they suffered fraud, identity theft or misuse of personal info traceable to data breach in order to receive payment)). *See* Fed. R. Civ. P. Rule 23(e)(2)(C)(ii).

5.    *The Settlement Falls Within the Range of Possible Approval*

When considering whether the amount of a Settlement is adequate, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). "[A] proposed Settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004).

2    Plaintiff has analyzed the potential class recovery and offers the following explanation of the

3    factors bearing on the amount of the compromise:

4            Defendant reported 52,206 individuals were potentially affected by this security incident.

5    As noted above, it involves only names and payment card information. Since Plaintiff was the only

6    individual to come forward and file a lawsuit, it is unclear how many of these 52,206 individuals

7    will claim injury. Indeed, it follows that most, if not all, individuals who experienced unauthorized

8    charges to their accounts would have been reimbursed by their bank or card issuer pursuant to

9    federal law[2] (though Class Members may still claim unreimbursed card or bank fees). Accordingly,

10   the remaining compensable claims are for lost time and modest damages for out-of-pocket

11   expenses (e.g., postage, paying for credit freezes, etc.). A total of $200 per person represents more

12   than enough to satisfy the vast bulk of potential claims, given the nature of the information

13   involved here. Moreover, every Class Member who wants to get paid will get paid, and the lack

14   of a cap means every claimant will get paid the full amount of their approved claim (i.e., there will

15   be no pro rata reduction to account for claims exceeding the cap). As discussed above, Defendant

16   has also agreed to make meaningful changes to its security protocol which will protect Class

17   Members' information going forward. Given the type of information involved, this represents an

18   excellent outcome for the Class, since it is unlikely more than a few, if any, individual Class

19   Members would be able to prove damages over $200 at trial. Cole Decl. ¶ 10. Accordingly, few if

20   any Class Members are likely to have their individual claims meaningfully discounted. Cole Decl.

21   ¶ 10.

22           Indeed, the Settlement compares favorably with other Settlements that have been approved

23   in privacy cases in this district. *See, e.g.*, *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 581,

24   588 (N.D. Cal. 2015) (granting final approval of $1.25 million Settlement where the class size was

25   estimated to be 800,000, with each claimant receiving $14.81); *Perkins v. Linkedin Corp.*, 2016

26   WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) (granting final approval of $13 million Settlement

27

28   _____
     [2] *See e.g.*, the Fair Credit Billing Act (15. U.S.C. 1666, *et seq.*).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

where the class size was approximately 20.8 million; each claimant received approximately $20); *Ebarle v. Lifelock, Inc.*, 2016 WL 5076203, at *2, 5 (N.D. Cal. Sept. 20, 2016) (granting final approval of $68 million Settlement where class members who made claims received approximately $20 plus the amount paid for service, and subclass members received either $19.48 or $39.48); *In re Google LLC St. View Elec. Commc'ns Litig.*, 2020 WL 1288377, at *11 (N.D. Cal. Mar. 18, 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021) (granting final approval of non-distributable $13 million Settlement where the class size was 60 million); *Campbell v. Facebook Inc.*, 2017 WL 3581179, at *4 (N.D. Cal. Aug. 18, 2017), *aff'd*, 951 F.3d 1106 (9th Cir. 2020) (granting final approval of Settlement providing for injunctive relief only and no monetary relief).

### 6.    *Experienced Counsel Recommend Approval*

Class Counsel have substantial experience in complex class action litigation, including data privacy cases. Cole Decl. ¶¶ 21-27, 33-34. Class Counsel fully endorse the Settlement as falling within the range of reasonableness. Cole Decl. ¶ 33.

### 7.    *The District's Procedural Guidelines for Preliminary Approval Are Satisfied*

In addition to the requirements for Settlement approval established by Rule 23(e), the proposed Settlement also satisfies the District's Procedural Guidance for Class Action Settlements. The guidelines are addressed throughout this Motion and supporting papers.

## B.    The Proposed Settlement Class Should be Certified

If, at the preliminary approval stage, "a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. Rule 23(e), 2018 Advisory Committee Note. Here, the Settlement Class meets all requirements of Rule 23(a) and Rule 23(b)(3) and can be certified by the Court.

### 1.    The Class Meets the Requirements of Rule 23(a)

**Numerosity.** The Settlement Class consists of approximately 52,206 individuals, making joinder of all members impracticable. Fed. R. Civ. P. Rule 23(a)(1).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**Commonality.** Plaintiff's and Class Members' claims depend upon common contentions of fact and law that could be resolved for all through a single proceeding. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For example, Plaintiff's Negligence claim turns on the contention that Defendant implemented sub-standard security protocols and procedures that allowed unauthorized users to gain access to Class Members' credit card information. Additionally, Plaintiff's breach of contract claim turns on the common contentions that Heirloom promised yet failed to use certain specific security measures. *Id.*, ¶¶ 52, 54. Each of these contentions depend only on the nature of Defendant's security protocols, which will be proven using generalized evidence applicable to the entire Class. *See In re Yahoo!*, 2020 WL 4212811 at *3 (certifying data breach Settlement class where common issues existed as to whether Yahoo! employed sufficient security measures to protect class members' personal information).

**Typicality.** The typicality requirement is also satisfied, as "the unnamed class members have injuries similar to those of the named Plaintiff and the injuries result from the same, injurious course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Here, Plaintiff's claim are typical of the Settlement Class as they are customers who experienced incidents of unauthorized access to their Heirloom accounts. While it is likely that Plaintiff and the Class may allege varying degrees of injuries, each harm will be based on the same data breach and underlying conduct. The claims arise from the same nucleus of facts relating to Heirloom's security protocols, pertain to a common defendant and are based on the same legal theories. Rule 23(a)(3) is satisfied.

**Adequacy.** Plaintiff is an adequate representative of the Settlement Class, as she actively participated in the litigation and continues to do so. Cole Decl. ¶ 31. She does not have conflicts with other Class Members as her claims are co-extensive with those of the class, *Kent v. Hewlett-Packard Co.*, 2011 WL 4403717, *1 (N.D. Cal. Sept. 20, 2011), and she has retained experienced counsel to represent the Class's interests. *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003). Class Counsel have decades of experience representing plaintiffs in complex class actions, including other cases involving data privacy and cybersecurity. Cole Decl. ¶¶ 21-27. They also vigorously

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   pursued Plaintiff'' claims, litigating two rounds of motions to dismiss and engaging in extensive

2   Settlement negotiations.

3   **2.    The Class Meets the Requirements of Rule 23(b)(3)**

4   **Predominance.** The predominance requirement is satisfied when class members' claims

5   can be proven using common, class-wide evidence rather than evidence that varies from class

6   member to class member. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

7   Because Plaintiff's claims are focused on the nature of Heirloom's security policies and

8   protocols, they are well-suited for class treatment. Heirloom's liability can be established largely,

9   if not entirely, through class-wide evidence. There would be little need for Class members to

10  present individualized evidence until the damages phase, and it is well established that the need

11  for individualized findings as to the amount of damages is not enough, to defeat class certification.

12  *Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1155 (9th Cir. 2016); *In re Yahoo!*, supra,

13  2020 WL 4212811 at *7 (court found common questions regarding the nature of Yahoo's security

14  measures predominate*); In re Anthem*, 327 F.R.D. at 312 (the focus on a defendant's security

15  measures in a data breach class action "is the precise type of predominant question that makes

16  class-wide adjudication worthwhile").

17  **Superiority.** Rule 23(b)(3) requires a class action be "superior to other available methods

18  for the fair and efficient adjudication of the controversy," and sets forth the following factors:

19  "The matters pertinent to the findings include: (a) the class members' interest in
20  individually controlling the prosecution or defense of separate actions; (b) the
    extent and nature of any litigation concerning the controversy already begun by or
21  against class members; (c) the desirability or undesirability of concentrating the
    litigation of the claims in the particular forum; and (d) the likely difficulties in
22  managing a class action."

23  Fed. R. Civ. P. 23(b)(3).

24  In the context of these factors, the instant matter is superior as a class action as there is low

25  interest in prosecuting a multitude of claims in a variety of forums and otherwise doing so in this

26  matter would be overly laborious to the individual class members and the Courts.  However, given

27  that this case is in Settlement context, the Court need not consider manageability issues because

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

"the proposal is that there be no trial;" as such, manageability considerations are no obstacle to certification for purposes of Settlement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Here, a class action is the only reasonable method to fairly and efficiently adjudicate Class Members' claims against Defendant. See, e.g., *Phillips Co. v. Shutts,* 472 U.S. 797, 809 (1985) ("Class actions…permit the Plaintiff to pool claims which would be uneconomical to litigate individually… [In such a case,] most of the Plaintiff would have no realistic day in court if a class action were not available."). Resolution of the predominant issues of fact and law via individual actions is impracticable because the amount in dispute for individual Class members is too small, the technical issues involved are too complex, and the required expert testimony and document review is too costly. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017).

The class device is the superior method of adjudicating consumer claims against Defendant arising from unauthorized access to customer accounts because it promotes greater efficiency, and no realistic alternative exists. Courts have routinely recognized this in other data breach cases where class-wide Settlements have been approved. *See, e.g.*, *In re Yahoo!, supra*, 2020 WL 4212811 at *8; In re Equifax, 2020 WL 256132 at *45.

### 3.    The Settlement Class Definition Comports with the Class Definition in the Complaint

The Settlement Class definition is essentially identical to the class definition in the First Amended Complaint, which included "All individuals within the United States of America whose PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach occurring on or around February 2021 through October 26, 2021." Dkt. 25. While the Complaint also identified a California subclass, the Court dismissed Plaintiff's California statutory claim. *See Cottle*, 340 F.R.D. at 379-80 (noting Ninth Circuit law supports eliminating subclasses in favor of a nationwide class).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**C.    The Proposed Notice and Notice Program Meet All Applicable Requirements**

*1.    <u>The Notice Plan Uses the Best Practicable Means to Reach Class Members</u>*

The federal rules require that, before final approval of a Settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. Rule 23(e)(1)(B). Where certified under Rule 23(b)(3), the notice must also be "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. Rule 23(c)(2)(B).

The notice plan meets these requirements. It provides for direct electronic or mailed notice to the 52,206 Class Members, all of whom can be identified from records. S.A. § 4.3.1. This Notice is reasonably calculated to reach all Class Members and apprise them of the Settlement.

*2.    <u>The Proposed Notice Adequately Informs Class Members of Their Rights and Options</u>*

In accordance with Rule 23(c)(2)(B) and this District's procedural guidelines, the Notice (Cole Decl. Ex. D) sets forth in clear, concise and easily understood language all requisite information, including, *inter alia*, the nature of the action, the class definition, claims, issues, or defenses, the binding effect of a class judgment and all available rights under the Settlement.

**D.    Settlement Class Counsel Should be Appointed**

Under Rule 23, "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule 23(g)(1)(B). In making this determination, courts consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class. Fed. R. Civ. P. Rule 23(g)(1)(A)(i-iv).

Here, Class Counsel have extensive experience prosecuting complex consumer class action cases, and specifically data privacy cases. Cole Decl. ¶¶ 21-27. Class Counsel meet all Rule 23(g)(1)(A) factors. Accordingly, the Court should appoint Cole & Van Note as Class Counsel.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**E.    Schedule**

| Event | Date |
|-------|------|
| Settlement Administrator sends Notice to the Settlement Class (the "Notice Date") | Within 29 after Entry of Preliminary Approval Order |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | Within 75 after Entry of Preliminary Approval Order |
| Last day for Settlement Class Members to submit Claim Forms | 90 days after the Notice Deadline |
| Date by which Class Counsel is to file Motion for Final Approval of Settlement and Petition for Award of Attorneys' Fees, Expenses and Service Awards | No later than 45 days prior to the Final Approval Hearing |
| Final Approval Hearing | TBD |

**V.    CONCLUSION**

For these reasons, Plaintiff respectfully requests the Court grant preliminary approval.

Dated:  August 25, 2023                    **COLE & VAN NOTE**

By:    */s/ Laura Van Note*
          Laura Van Note, Esq.
          Attorneys for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF and on counsel in the related cases to their respective emails per the below service list.

<u>/s/ Laura Van Note</u>
Laura Van Note, Esq.