1   Scott Edward Cole, Esq. (S.B. #160744)
    Laura Grace Van Note, Esq. (S.B. #310160)
2   **COLE & VAN NOTE**
    555 12th Street, Suite 2100
3   Oakland, California 94607
    Telephone: (510) 891-9800
4   Facsimile:  (510) 891-7030
    Email:  sec@colevannote.com
5   Email:  lvn@colevannote.com
    Web:    www.colevannote.com
6

7   Attorneys for Representative Plaintiff

8

9                 **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                     **OAKLAND DIVISION**

12

13  JAMI ZUCCHERO, individually and on          **Case No. 4:22-cv-00068-KAW**
    behalf of all others similarly situated,
14                                               **CLASS ACTION**
                    Plaintiff,
15                                               **DECLARATION OF SCOTT E. COLE, ESQ.**
    v.                                           **IN SUPPORT OF PLAINTIFF'S MOTION**
16                                               **FOR PRELIMINARY APPROVAL OF**
    HEIRLOOM ROSES, INC.,                        **CLASS ACTION SETTLEMENT;**
17                                               **MEMORANDUM OF POINTS AND**
                    Defendant.                   **AUTHORITIES IN SUPPORT THEREOF**
18
                                                 **Date:        September 7, 2023**
19                                               **Time:        1:30 pm**
                                                 **Judge:       Hon. Kandis A. Westmore**
20

21

22

23

24

25

26

27

28

-1-
DECLARATION OF SCOTT EDWARD COLE, ESQ. ISO PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 4:22-cv-00068-KAW

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

I, Scott Edward Cole, do hereby declare as follows:

1.      I am an attorney-at-law, licensed to practice in all jurisdictions this State, and I am a Shareholder at the law firm of Cole & Van Note ("CVN"), attorneys for Representative Plaintiff Jami Zucchero ("Plaintiff") and the Plaintiff Class.

2.      I make these statements based on personal knowledge, would so testify if called as a witness at trial and have personal knowledge of the foregoing. I make this Declaration in Support of Representative Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement to be reviewed for preliminary approval is filed concurrently with the Motion for Preliminary Approval.

3.      On or about August 12, 2021, Defendant Heirloom Roses, Inc. ("Heirloom" or "Defendant") discovered unauthorized activity on its internal computer systems.

4.      On or about December 16, 2021, Defendant began sending Notices to affected individuals. These Notices stated, in part, that "malicious code was added to the Heirloom Roses website for the purposes of capturing credit card data." The Notices further stated that the unauthorized actor compromised Plaintiff's and Class Members' names and payment card information.

5.      On her own behalf and on behalf of all those similarly situated, Plaintiff filed the instant case on January 6, 2022, in this Court, alleging 1) Negligence, 2) Invasion of Privacy, 3) Breach of Confidence, 4) Violation of the Information Practices Act of 1977, 5) Breach of Implied contract, 6) Breach of the Implied Covenant of Good Faith and Fair Dealing, 7) Violations of the California UCL and 8) Unjust Enrichment.

6.       On May 2, 2022, Plaintiff filed an Amended Complaint alleging 1) Negligence, 2) Breach of Contract, 3) Breach of the Implied Covenant of Good Faith and Fair Dealing, 4) Violations of the California UCL and 5) Unjust Enrichment.

7.      Even prior to filing the Action, Plaintiff's attorneys at CVN were armed with a detailed factual understanding of Defendant's operations and data breaches in general.

8.      After the filing of the Action, the Parties engaged in informal discovery efforts, including a voluntary exchange of confirmatory information to facilitate settlement discussions. The information made available to CVN prior to the ultimate mediation was sufficiently comprehensive to place the Parties' attorneys, each of whom are experienced class action litigators, in a position to explore settlement.

9.      Following the Court's Order on Defendant's Motion to Dismiss the First Amended Complaint, which resolved all outstanding pleading issues, the Parties engaged in informal settlement discussions, including the exchange of term sheets. While the Parties were able to narrow the issues, they were unable to reach a final agreement. Accordingly, they engaged a mediator to assist in negotiating the outstanding issues.

10.     On April 24, 2023 the Parties mediated the matter before experienced neutral, John Bates of JAMS, a mediator with substantial knowledge of class action procedure. At mediation, the negotiations were intense and arm's length. The mediation resulted in a settlement in principle. The Settlement Agreement attached to this Declaration as **Exhibit "A"** provides the long form agreement that conforms to this initial settlement in principle. The Settlement Agreement provides substantial benefits to the Settlement Class, eliminates the costs and burdens of continued litigation and fully accomplishes Plaintiff's goals in this Action.

11.     No Trial date has been set and no class has been certified. The Settlement Class and the proposed Class in the operative First Amended Complaint are the same (i.e., all individuals whose information was involved in the Data Breach).

## SETTLEMENT PROCESS

12.     Our office conducted a thorough investigation into the facts of this Action. The Parties engaged in extensive informal discovery and production of data for the putative Class Members to perform an analysis and valuation of all claims. Prior to mediation, the Parties exchanged information and documents to investigate the veracity, strength and scope of the claims, and to allow analysis and evaluation of the claims and Defendant's defenses thereto. Plaintiff has vigorously prosecuted this case, and Defendant has vigorously contested it. I believe that the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    documents exchanged and analyzed in preparation for mediation, as well as the Parties'

2    discussions during mediation and subsequent negotiations are sufficient for the Parties to make an

3    informed decision about a fair resolution of this Action.

4         13.    In final preparation for mediation, my firm requested (and Defendant produced)

5    information tailored to developing a damages and penalties analysis for each of the primary claims

6    identified in First Amended Complaint.

7         14.    On April 24, 2023, the Parties participated in a mediation before respected and

8    experienced mediator John Bates of JAMS. At mediation, the Parties exchanged information and

9    documents and engaged in intensive discussions regarding their evaluations of the litigation and

10   various aspects of the litigation, including the risks and delays of further litigation, the risks to the

11   Settling Parties of proceeding with class certification, the law relating to the allegations, the

12   evidence produced and analyzed and the possibility of appeals, among other things. Due to the

13   Parties' extensive experience in data breach and class action litigation, the Parties were able to

14   determine the principle of the matter relatively quickly and spent the majority of the mediation on

15   the more nuanced details of the agreement. The settlement fund was negotiated first and separately

16   from the attorney's fees, enhancement fees and claims administrator fees.

17        15.    Following mediation, the Parties reached a settlement in principle of the matter

18   through arms-length negotiations. The Parties continued to negotiate various settlement terms over

19   the next two months. This process culminated in the Settlement Agreement accompanying this

20   Motion. No side agreements were made (i.e., the Settlement Agreement is the only agreement

21   between the Parties).

22        16.    The Parties diligently worked on a Notice Plan, Notices, Claim Forms and other

23   exhibits alongside the long-form settlement agreement until filing this Motion for Preliminary

24   Approval. Many redline drafts were exchanged.

25        17.    The long-form Settlement Agreement was finalized and signed as of July 17, 2023.

26   A true and correct copy of the Agreement is filed concurrently with this Motion. The requested

27   attorneys' fees and costs of up to $198,500 are substantially less in this Settlement as compared

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

with other data breach settlements. This is because the Parties were able to avoid extensive motion practice via resolving disputes with minimal court intervention. In an effort to decrease legal fees, the Parties cooperated with each other and engaged in numerous Meet and Confers to minimize the issues brought in dispositive motions, such as Defendant's Motion to Dismiss. For example, Plaintiff stipulated to dismissing her Information Practices Act claim prior to Defendant's initial Motion to Dismiss.

## **FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT**

18.    After thoroughly interviewing Ms. Jami Zucchero, my office determined her claims were likely typical of the other Class Members and she would be an adequate representative plaintiff. Throughout the litigation to date, my opinion in this regard has not wavered.

19.    I am not aware of any antagonism or conflict of interest between Ms. Zucchero and the putative class. In fact, this Plaintiff has been involved in this case and has been in routine contact with my firm. Additionally, she assisted with the prosecution efforts that included frequent emails and telephone calls with counsel, production of documents and communications surrounding mediation and settlement.

20.    The information CVN acquired through its pre-filing investigation, knowledge of this industry and discovery exchanged with Defendant enabled CVN to properly and intelligently value these claims for purposes of settlement, assess the risks of continued litigation and otherwise determine what terms of settlement would be fair and reasonable. As a result, it is clear that the discovery process has been involved and thorough, placing Plaintiff and her counsel in an excellent position to evaluate the merits and value of this lawsuit.

21.    CVN is a specialized practice devoted almost exclusively to prosecuting class action matters. In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases. A selection of the some of the more unique cases are identified in the firm's professional resume attached hereto as **Exhibit "E."** Most of these cases involved some or all of the same legal issues as are presented in the current action. As the Founding Shareholder,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-5-
DECLARATION OF SCOTT EDWARD COLE, ESQ. ISO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1    while I may not have always been involved in the day-to-day work, I directly supervised every

2    stage of this case.

3        22.    As a law firm devoted to prosecuting class actions, CVN—from its shareholders

4    to its support staff—possesses impressive institutional knowledge regarding class action

5    procedures. It handles many cases substantially similar to the present case and is well-qualified to

6    be Class Counsel here.

7        23.    While almost entirely devoted today to prosecuting cyber-security class actions,

8    CVN's past experiences run deep against various areas of the law—from employment wage and

9    hour and discrimination cases, to consumer, personal injury and environmental class actions/mass

10   tort cases. It has successfully achieved class certification in varied factual scenarios, some of the

11   more unique or difficult situations being set forth in the firm's resume. Some better-known and/or

12   "game changing" cases include: *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224

13   (N.D. Cal. Aug. 29, 2007) (obtaining certification for a class of over 52,000 current and former

14   store employees bringing bag check claims); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS

15   71794 (N.D. Cal. Aug. 31, 2006) (oft-cited Order certifying a class of approximately 1,100

16   California retail store managers alleging overtime misclassification); *Torres v. ABC Security*, Case

17   No. RG04158744 (Alameda County Superior Court 2006) (obtaining certification of a class of

18   over 1,600 security guards working at scores of different work sites); *Fulton v. Sports and Fitness*

19   *Clubs of America, dba 24 Hour Fitness, USA, Inc.,* San Diego County Superior Court Case No.

20   GIC881669 (consolidated with Case No. GIC873193) (Order certifying class of over 7,000 fitness

21   club group exercise instructors); *Rowe v. California Commerce Club,* Los Angeles County

22   Superior Court Case No. BC321283 (consolidated with Case No. BC288079) (Order certifying

23   tip-pooling claims on behalf of a class of approximately 2,000 card room dealers); and *Rodriguez*

24   *v. Pleasanton Fitness*, Contra Costa County Superior Court Case No. MSC17-00376) (Order

25   certifying two classes of fitness club workers). This list is far from being exhaustive.

26       24.    CVN's track record is equally impressive with regard to settlements and

27   adjudications. For example, I was co-counsel in the landmark California Supreme Court decision

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-
DECLARATION OF SCOTT EDWARD COLE, ESQ. ISO PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 4:22-cv-00068-KAW

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  providing that non-exempt worker time spent under the control of the employer is compensable.

2  *See Augustus vs. ABM Security Services*., Supreme Court of California Case No. S224853 ($110

3  million settlement on behalf of roughly 15,000 security guards). Additionally, I co-prosecuted

4  what was, at the time (and perhaps still is), the largest class action settlement of a meal break-only

5  case. *See Despres v. United Parcel Service, Inc.,* California Northern District Court Case No. 3:03-

6  CV-02987 (TEH) and No. 3:03-CV-02001 (TEH) ($87 million settlement on behalf of roughly

7  20,000-person class). I prosecuted, obtained a judgment and thereafter negotiated a two-tiered $19

8  million settlement on behalf of fitness club group exercise instructors for unpaid wage and

9  unreimbursed business expense claims. *See Fulton v. Sports and Fitness Clubs of America, dba 24*

10 *Hour Fitness, USA, Inc.,* San Diego County Superior Court Case No. GIC881669 (consolidated

11 with Case No. GIC873193). I have prosecuted and settled a $15 million non-reversionary

12 settlement on behalf of a class of approximately 68,000 security guards for meal and rest break

13 violations. *See Securitas Security Services Cases,* Santa Clara County Superior Court Case No. 1-

14 05-CV-047499. I additionally negotiated a $7.5 million settlement on behalf of a class of retail

15 Assistant Managers for uncompensated time spent undergoing security checks and failure to

16 provide meal and rest breaks. *See Kelly v. Walgreens,* San Francisco County Superior Court Case

17 No. CGC-07-464347. I also brokered a $6.9 million settlement on behalf of a class of over 1,000

18 allegedly misclassified retail Store Managers. *See Tierno v. Rite Aid Corp.,* California Northern

19 District Court Case No. 3:05-CV-02520 (TEH). I further served as court-appointed lead counsel

20 after fierce competition for that appointment in a consolidated action of nine lawsuits against

21 Walgreen Co. bringing a variety of wage and hour claims on behalf of approximately 43,000 retail

22 store workers in California. After several years of litigation, I negotiated a $23 million settlement

23 in that case. *See, In Re Walgreen Co. Wage and Hour Litigation*, United States District Court,

24 Central District of California Case No. 2:11-CV-07664. We have many additional resolutions

25 within the settlement range exhibited above and scores of others of lesser notoriety.

26        25.        Drawing upon that diverse background, CVN is currently devoted almost entirely

27 to the prosecution of data breach cases, with the vast bulk of its caseload being cases involving

28

1   almost identical legal and factual issues to those presented in the instant case. In these matters,

2   CVN serves in a variety of roles, including in various leadership positions. For example, CVN is

3   currently serving as court appointed lead or co-lead counsel in several data breach matters (e.g.,

4   *Hinds v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal.

5   San Joaquin Cnty.); *Tsvetanova v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL

6   (Super. Ct. Cal. San Diego Cnty.); *Fedorys v. Ethos Group Inc.*, No.: 3:22-cv-2573 (N.D. Texas

7   2022)). CVN also serves in more informal (e.g., stipulated) leadership positions in numerous other

8   data breach cases and in sole counsel roles in dozens more—actions across more than 20 states.

9      26.    I am a well-respected leader in the field of class action litigation, have achieved

10  record results in both settlements and judgments in such cases and have authored numerous

11  scholarly publications, including the book *Fallout* (chronicling the 1994 toxic substance release

12  by Unocal and the ensuing legal battle).

13     27.    Based on CVN's 30+-year experience in class action practice and its firm-wide

14  awareness of other data breach settlements, I believe the Settlement is fair, reasonable and adequate

15  given the risks of obtaining class certification, the risks of succeeding at trial and the expense of

16  continued litigation. Class certification would be complicated by Heirloom's contention that the

17  Class Members were not threatened with actual damages and that Plaintiff will be unable to prove

18  commonality or an adequate damages model.

19     28.    If class certification was granted, there would still be the inherent risks of trial.

20  Proof of Plaintiff's case at trial would require expert testimony to establish that Defendant failed

21  to adequately safeguard Class Members' PII.

22     29.    Finally, the Settlement obviates the risk that Plaintiff would succeed at trial only

23  to have Defendant significantly delay payment of the judgement by appeal or even overturn the

24  judgment on appeal. This is especially important in data breach cases because time is of the

25  essence. By requiring enhanced security now, the proposed Settlement will protect the Class

26  Members' PII in ways that a later monetary judgment will not. There is no overall cap on the total

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  amount Class Members can receive and no money will revert to Defendant in connection with the

2  Settlement Agreement.

3       30.    The Parties reached an agreement in principle on the material terms of the

4  Settlement before negotiating on attorneys' fees and costs.

5

6  ## THE PROPOSED CLASS REPRESENTATIVE

7       31.    A service (or enhancement) award for the named Plaintiff will be sought in the

8  amount of $1,500. Ms. Zucchero's alleged claims are similar to those of the Class. She stepped

9  forward and was available as a proposed class representative, filed a lawsuit and worked with her

10 attorneys as needed throughout the litigation. Ms. Zucchero was available for questions and to

11 supply documents to her attorneys and vigorously litigated her case. Ms. Zucchero expended time

12 and resources in litigating her case. Her effort should be rewarded. Moreover, the service award

13 was negotiated separate and apart from the other settlement terms and were only negotiated after

14 the primary terms were finalized. The enhancement award is to be paid out separately from the

15 Settlement Fund, making its impact on the Class minimal.

16

17 ## THE PROPOSED SETTLEMENT ADMINISTRATOR

18      32.    The Class Notice will be distributed by the Claims Administrator. The Parties ask

19 the Court to appoint CPT Group ("CPT") as the Claims Administrator. CPT is an established and

20 respected class action administrator. The fee to be paid to CPT was negotiated separately and will

21 not affect the Settlement Fund (since Defendant is paying it separately from the payment to the

22 Class), making this element of the Settlement greatly beneficial to the Class. Even then, the Parties

23 solicited bids from three established companies and ultimately selected CPT, which agreed to a

24 flat fee of $40,000. In my experience, this is a reasonable amount in relation to the size of the Class

25 and the value the Settlement provides to Class Members.

26

27 ## EXPERIENCE, QUALIFICATION AND VIEWS ON SETTLEMENT

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

33.     My firm acted as Class Counsel, and I was actively involved in the bulk of the proceedings on this case. I am familiar with this litigation and the proposed Settlement. The experience of my firm helped inform the settlement negotiations in this case. I believe this settlement is fair, reasonable and adequate and warrants approval. It is my opinion that, given the limited information accessed in the security incident, few if any Class Members would be able to prove damages over $200 at trial. Accordingly, I believe that all or nearly all Class Members who make claims can receive full value or close to full value for their claims. I am not aware of any other cases that will be affected by this Settlement.

34.     The basis for my opinion is derived from research relating to the filing of the case and issues of the case, multiple discussions with counsel for Defendant relating to case management, informal exchanges of discoverable information and documents, settlement negotiations, reviewing and analyzing documents and contracts, participating in settlement negotiations including drafting of mediation statements and attending various meetings relating to mediation including the all-day mediation session, drafting of the settlement documents, multiple phone conferences relating to the resolution and the drafting of this Declaration in Support of Preliminary Approval.

## **EXHIBITS**

35.     Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the fully executed Settlement Agreement and Release of Claims ("Agreement") entered into by the Representative Plaintiff, individually, and on behalf of the putative Class, and Defendant.

36.     Attached hereto and marked as **Exhibit "B"** is the Claim Form agreed upon by the Parties as part of the Settlement Agreement.

37.     Attached hereto and marked as **Exhibit "C"** is a proposed Long Class Notice to be distributed to the Class according to the procedures outlined in the motion for preliminary approval and the Settlement Agreement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

38.     Attached hereto and marked as **Exhibit "D"** is a proposed Summary Class Notice to be distributed to the Class according to the procedures outlined in the motion for preliminary approval and the Settlement Agreement.

39.     Attached hereto and marked as **Exhibit "E"** is a true and correct copy of CVN's professional resume which outlines some of this firm's experience litigating complex/class action cases like this one.

I declare, under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25th day of August 2023, at Oakland, California.

/s/ *Scott Edward Cole*
Scott Edward Cole, Esq.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

EHXIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMI ZUCCHERO, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>HEIRLOOM ROSES, INC.,<br><br>　　　　　　　　　　Defendant. | **Case No. 22-cv-00068-KAW** |

## <u>CLASS SETTLEMENT AGREEMENT AND RELEASE</u>

This Class Settlement Agreement and Release ("Class Settlement Agreement") is made and entered into by and among the following Settling Parties as defined below: (a) Plaintiff Jami Zucchero ("Representative Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through her counsel Scott Edward Cole, Laura Van Note and Cody Alexander Bolce of Cole & Van Note ("Representative Plaintiff's Counsel") and (b) Defendant Heirloom Roses, Inc. ("Defendant" or "Heirloom"), by and through its counsel, Spencer Persson and Jean M. Fundakowski of Davis Wright Tremaine LLP ("Defendant's Counsel"). The Class Settlement Agreement is subject to Court approval and is intended by the Settling Parties to resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof fully, finally and forever.

This Class Settlement Agreement relates to a data security incident that occurred at Heirloom between approximately February 2021 and October of 2021 (the "Data Security Incident").

Representative Plaintiff, individually and on behalf of putative classes, filed an action against Defendant in United States District Court for the Northern District of California (*Jami*

- 1 -

*Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW) (the "Litigation") asserting various claims concerning the Data Security Incident.

On April 24, 2023, the Settling Parties engaged in an all-day, arms-length mediation before John Bates of JAMS, which ultimately resulted in a settlement in principle.

Pursuant to the terms agreed to and set out below, this Class Settlement Agreement resolves all actions, proceedings and claims against Heirloom and the Released Parties that are asserted in, arise from or relate to Plaintiff's Complaint or First Amended Complaint filed in the Litigation, as well as all other actions or claims by and on behalf of individuals or putative classes arising from the Data Security Incident or matters referenced in the Complaint or First Amended Complaint.

## I. CLAIMS OF REPRESENTATIVE PLAINTIFF AND BENEFITS OF THE CLASS SETTLEMENT

Representative Plaintiff believes the claims asserted in the Litigation, as set forth in the First Amended Complaint filed in the Litigation, have merit. Representative Plaintiff and Representative Plaintiff's Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Heirloom and the Released Parties through motion practice, trial and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. In addition, Defendant contends Plaintiff will face insurmountable difficulties in certifying a class, proving liability and causation (particularly with respect to Heirloom's customers, who merely utilized Heirloom's services) and establishing compensable damages on a class-wide basis. While Representative Plaintiff's Counsel believe Representative Plaintiff would prevail on class certification and liability, they nevertheless acknowledge the risks involved in litigation and believe settlement is in the best interests of the Settlement Class. They have

determined the settlement set forth in this Class Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff and the Settlement Class.

## II.        DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against it in the Litigation and believes its defenses have merit. Defendant denies all charges of wrongdoing or liability as alleged or which could be alleged in the Litigation, or that it violated or breached any law, regulation or duty owed to the proposed Settlement Class. Indeed, the Court already dismissed Plaintiff's breach of confidence, invasion of privacy, Unfair Competition Law, and unjust enrichment claims, but with the negligence, breach of implied contract, and breach of the implied covenant of good faith and fair dealing claims moving forward. Defendant further denies any individual suffered any actual harm in connection with the Data Security Incident, and the Court found that standing existed solely "in the form of [Plaintiff's] lost time from dealing with the data breach." Defendant also believes it would not be possible or feasible to certify a class for trial purposes as opposed to for settlement purposes. Nonetheless, Defendant has concluded further conduct of the Litigation would be protracted and expensive and that it is desirable the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement. Defendant also considered the uncertainty and risks inherent in any litigation. Defendant has determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

## III.       TERMS OF THE SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiff, individually and on behalf of the Settlement Class, and Defendant that, subject to approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, except as to those Settlement Class Members who timely opt

- 3 -

out of the Class Settlement Agreement, upon and subject to the terms and conditions of this Class Settlement Agreement, as follows:

1.    **DEFINITIONS**

As used in this Class Settlement Agreement, the following terms have the meanings specified below:

1.1    "Administrative Costs" means all costs and expenses associated with providing notice of the Class Settlement Agreement to the Settlement Class, Claims Administration and otherwise administering and carrying out the terms of this Class Settlement Agreement.

1.2    "Agreement" or "Class Settlement Agreement" means this Class Settlement Agreement and Release.

1.3    "Approved Claims" means valid Settlement Claims approved by the Claims Administrator or found to be valid, as set forth below.

1.4    "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Settlement Class Counsel to compensate Representative Plaintiff's Counsel for their fees, costs and expenses in connection with the Litigation.

1.5    "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members, as provided in Paragraphs 2 and 7 of this Class Settlement Agreement.

1.6    "Claims Administration" means the processing of Settlement Claims received from Settlement Class Members and the processing of payment of Approved Claims by the Claims Administrator.

1.7    "Claims Administrator" means CPT Group, a company experienced in administering class action claims generally and specifically of the type provided for in this

- 4 -

Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court. The Claims Administrator may be replaced upon agreement of the Settling Parties or as directed by the Court.

      **1.8**    "Claims Filing Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims. The Claims Filing Deadline shall be set by the Court in the Preliminary Approval Order. The Settling Parties propose a Claims Filing Deadline that is 90 days after the Notice Deadline.

      **1.9**    "Claim Form" means the claim form attached hereto as **Exhibit A**, or a claim form approved by the Court that is substantially similar to **Exhibit A**, that Settlement Class Members must submit to be eligible for relief under the terms of the Class Settlement Agreement.

      **1.10**    "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Filing Deadline.

      **1.11**    "Class Notice" means the notice of settlement that is contemplated by this Class Settlement Agreement and which shall include the Long Notice and Summary Notice, substantially in the forms attached hereto as **Exhibits B** and **C**, respectively, as approved by the Court.

      **1.12**    "Data Security Incident" means the data security incident that occurred between approximately February to October of 2021 and that Heirloom discovered and disclosed to potentially impacted individuals in late 2021 and early 2022, as alleged in the First Amended Complaint filed by Representative Plaintiff, whereby unauthorized hackers allegedly placed malicious code on Defendant's Website, allowing them to access names and payment card information belonging to Class Members.

- 5 -

**1.13**    "Effective Date" means the date by which all of the events and conditions specified in Paragraphs 1.15 and 10 below for the Final Approval Order to become Final have occurred or have been met. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Service Award. Further, the Effective Date shall not be altered if an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Service Award.

**1.14**    "Final" means the occurrence of all of the following events: (a) the settlement pursuant to this Class Settlement Agreement is approved by the Court; (b) the Court has entered a Final Approval Order and Judgment (as those terms are defined herein); and (c) the time to appeal or seek permission to appeal from the Final Approval Order and Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgment have been affirmed in their entirety by the court of last resort to which such appeal may be taken and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

**1.15**    "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Class Settlement Agreement and the proposed settlement of the Litigation.

**1.16**    "Final Approval Order" means the Court's Final Approval Order which, among other things, approves this Class Settlement Agreement as fair, adequate and reasonable, enters the Judgment and confirms the final certification of the Settlement Class, substantially in the form attached hereto as **Exhibit E**.

**1.17**    "Funding Date" means the date which is no later than 30 days after the later of the Effective Date or the date which the Claims Administrator provides Heirloom the Payment Instructions.

**1.18**    "Judgment" means a final judgment ordering and affirming the release set forth in Section 8 of this Class Settlement Agreement of the Released Claims against the Released Parties.

**1.19**    "Litigation" means Jami *Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW (Northern District of California).

**1.20**    "Notice Program" means the notice program described in Paragraph 4.

**1.21**    "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.22**    "Opt-Out" means a Settlement Class Member (a) who timely submits a properly completed and executed Request for Exclusion, (b) who does not rescind that Request for Exclusion before the Opt-Out Deadline, and (c) as to which there is not a successful challenge to the Request for Exclusion.

**1.23**    "Opt-Out Deadline" means the date by which Settlement Class Members must mail or submit through the settlement website their Request for Exclusion in order for it to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Deadline shall be 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.24**    "Out-of-Pocket Expenses" means the following types of expenses actually incurred as demonstrated through documentation and that are fairly traceable to the Data Security Incident: (a) out-of-pocket expenses incurred as result of the Incident, including unreimbursed charges, unreimbursed card reissuance fees or any other unreimbursed charges from the debit or credit card

- 7 -

issuer relating to the incident and which occurred before December 31, 2021, and (b) the cost of purchasing credit monitoring or other identity theft insurance products purchased between February 1, 2021, and December 16, 2021.

    **1.25**    "Payment Instructions" means: (a) written directions from the Claims Administrator for the payment of any amount, which shall specify for any wire transfer payment the routing, account number, bank name and address and any other pertinent details required for the transfer. The Payment Instructions shall be confirmed by voice phone call by the Claims Administrator and must be approved by Settlement Class Counsel in writing.

    **1.26**    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives or assignees.

    **1.27**    "Personal Information" means information that may have been exposed, compromised or accessed during the Data Security Incident, including names and payment card information.

    **1.28**    "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Class Settlement Agreement and approval of the form and method of Class Notice, substantially in the form set forth in **Exhibit D**.

    **1.29**    "Released Claims" means any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations and damages (including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages,

attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members (and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiff, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class) had, have or may have against Heirloom or the Released Parties that result from, arise out of, are based upon, or relate to the Data Security Incident. For the avoidance of doubt, Released Claims include all claims asserted or that could have been asserted in the Litigation or any other suit or pleading in any other court or forum arising out of, based upon or related in any way to the Data Security Incident, including without limitations any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the alleged theft, exposure or disclosure of Settlement Class Members' Personal Information, (b) the maintenance and storage of Settlement Class Members' Personal Information, (c) Heirloom's information security policies and practices and /or (d) Heirloom's notice or alleged lack of timely notice of the Data Security Incident to Settlement Class Members. "Released Claims" does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

      **1.30**     "Released Parties" means (a) Heirloom and (b) its past or present owners, parents, subsidiaries, divisions and related or affiliated entities of any nature whatsoever, whether direct or indirect, predecessors, successors, directors, officers, members, shareholders, employees, servants,

representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees and includes any Person related to any such entities who is, was or could have been named as a defendant in the Litigation, other than any third-party individual other than Defendant who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge. The Settling Parties expressly acknowledge that all Released Parties are intended beneficiaries of this Class Settlement Agreement.

1.31    "Representative Plaintiff" means Plaintiff Jami Zucchero.

1.32    "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Paragraph 5 of this Class Settlement Agreement and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline. For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

1.33    "Service Award" means such funds as may be awarded by the Court to Representative Plaintiff for her service as Representative Plaintiff.

- 10 -

1.34    "Settlement Class" means all individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and their first-degree relatives, judicial staff and persons who timely and validly request exclusion from the Settlement Class.

1.35    "Settlement Class Counsel" means: Scott Edward Cole, Laura Van Note and Cody Alexander Bolce of Cole & Van Note.

1.36    "Settlement Class Member(s)" means a member(s) of the Settlement Class. There are approximately 52,206 Settlement Class Members.

1.37    "Settlement Costs" means all costs of the settlement including the costs of carrying out the Notice Program, as set forth in Paragraph 4.

1.38    "Settling Parties" means, collectively, Heirloom and Representative Plaintiff, individually and on behalf of the Settlement Class.

1.39    "Heirloom" means Defendant Heirloom Roses, Inc.

1.40    "Unauthorized Activity Period" means the time from and including February 1, 2021, through and including the Claims Filing Deadline.

1.41    "Unknown Claims" means any of the Released Claims that Representative Plaintiff does not know or suspect to exist in her favor at the time of the release of the Released Parties that, if known by her, might have affected her settlement with and release of the Released Parties or might have affected her decision to participate in this Class Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiff expressly, by operation of the Final Approval Order, shall have

- 11 -

released any and all Released Claims including Unknown Claims and waived the provisions, rights and benefits conferred by California Civil Code § 1542 and also any and all provisions, rights and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Representative Plaintiff may hereafter discover facts in addition to or different from those she now knows or believes to be true with respect to the subject matter of the Released Claims. But Representative Plaintiff expressly, by operation of the Final Approval Order, shall have upon the Effective Date fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. Settlement Class Members other than Representative Plaintiff shall only be deemed to have released those claims asserted in the Complaint or which could have been asserted in the Complaint.

**1.42**    All time periods described in terms of "days" shall be in calendar days unless otherwise expressly stated.

## 2.    SETTLEMENT CONSIDERATION

**2.1**    In consideration for the releases contained in this Class Settlement Agreement and as a direct result of the Litigation and without admitting liability for any of the alleged acts or

4880-5527-6131v.1 0119268-000001
4889-3427-9789v.1 0119268-000001

omissions alleged in the Litigation and in the interests of minimizing the costs inherent in any litigation, Heirloom will perform all of the following:

2.2    Within twenty (20) business days following entry of the Preliminary Approval Order and receipt of Payment Instructions, Heirloom will pay and advance the amounts reasonably necessary to pay for the Notice Program and settlement administration. Within twenty (20) days of the Effective Date and following receipt of a W-9 from both Settlement Class Counsel and Representative Plaintiff, Heirloom shall deliver to Settlement Class Counsel the attorneys' fees and costs and service award. Within thirty (30) days of the Effective Date, Heirloom will deliver to the Claims Administrator the Award amounts due pursuant to the claims process.  This amount shall be determined and requested by the Claims Administrator and approved by Settlement Class Counsel and Heirloom's Counsel.

2.3    Under no circumstances will Defendant or any of the Released Parties be required to make any other payments under this Settlement Agreement or otherwise in consideration of the releases set forth herein except for attorneys' fees and costs to Settlement Class Counsel, a Service Award to Representative Plaintiff as awarded/approved by the Court and payment to the Settlement Administrator.

2.4    Each Settlement Class Member who files a valid claim will be eligible for one cash payment. If more than one valid claim is submitted, the largest valid claim filed will be processed and the remaining claims will be denied as duplicative.

2.5    Settlement Class Members may make a Settlement Claim for compensation for up to $200 in ordinary losses, including up to two hours of lost time at $20 per hour.

2.5.1    *Reimbursement Award*. A Settlement Class Member who actually incurred unreimbursed, unauthorized or fraudulent charges or out-of-pocket expenses proximately caused

4880-5527-6131v.1 0119268-000001
4889-3427-9789v.1 0119268-000001

by the Data Security Incident and submits a valid claim for a Reimbursement Award shall be eligible to receive a Reimbursement Award consisting of reimbursement of up to $200. In assessing what qualifies as "proximately caused," the Claims Administrator shall consider (a) whether the timing of the expenses occurred during the Unauthorized Activity Period and (b) any other information provided by the Settlement Class Member supporting that reimbursement is appropriate in accordance with the terms of this Agreement, including the last four digits and expiration date of the card used for the transaction such that the Claims Administrator can verify against information in Heirloom Roses' possession.

 **2.6** Settlement Class Members seeking an award under this Agreement must complete and submit a written Claim Form to the Claims Administrator, postmarked or submitted electronically on or before the Claims Filing Deadline. The Claim Form must (a) be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief and (b) provide appropriate documentation where required by the Claim Form. Failure to provide supporting documentation as requested as set forth in ¶ 2.6 or as requested on the Claim Form or by the Claims Administrator shall result in denial of a Settlement Claim.

 **2.7** *Additional Information Required for a Reimbursement Award of Out-of-Pocket Expenses*. A Settlement Class Member seeking a Reimbursement Award for Out-of-Pocket Expenses must provide: (a) documentation sufficient to show unauthorized charges or other losses experienced during the Unauthorized Activity Period that were not reimbursed or denied and all claimed losses from such charges; (b) documentation that enables the Claims Administrator to determine that the Out-of-Pocket Expenses were fairly traceable to the Data Security Incident and; (c) and documentation showing that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including from the applicable bank or payment card servicer

- 14 -

and through exhaustion of any available credit monitoring insurance and identity theft insurance, but has been unsuccessful.

**2.8** *Security Enhancements*: Defendant has made and/or will make the following enhancements: (a) requiring all third-party vendors and users to utilize strong passwords and two-factor authentication to gain access to the platform; (b) requiring all third-party vendors and users to undergo regular security awareness training to keep apprised of the latest security threats, vulnerabilities and best practices; (c) sensitive data such as personal information and financial data will be protected using encryption, access control and data masking techniques; and (d) migration to the Shopify platform, which provides built-in security features such as SSL encryption, PCI compliance and secure payment processing. Shopify also provides built-in logging and monitoring features to detect and prevent unauthorized access and suspicious activities, and robust incident response and disaster recovery plans to minimize the impact of any future security breaches or disasters.

## 3. PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL

**3.1** As soon as practicable after the execution of the Class Settlement Agreement, Settlement Class Counsel shall file a motion seeking entry of a Preliminary Approval Order ("Motion for Preliminary Approval"). A proposed Preliminary Approval Order shall be submitted with the Motion for Preliminary Approval and shall be substantially in the form set forth in **Exhibit D**. The Motion for Preliminary Approval shall request that the Court, *inter alia*:

> a)     Stay all proceedings in the Litigation other than those related to approval of the Class Settlement Agreement;
>
> b)     Stay and/or enjoin, pending Final Approval of the Class Settlement Agreement, any actions brought by Settlement Class Members concerning the Released Claims;

c)      Preliminarily certify the Settlement Class for settlement purposes only;

d)      Preliminarily approve the terms of the Class Settlement Agreement as fair, adequate and reasonable;

e)      Appoint Representative Plaintiff as the Settlement Class representative for settlement purposes only;

f)      Appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

g)      Approve the notice program, as set forth in Paragraph 4 herein, and set the dates for the Claims Filing Deadline, Opt-Out Deadline and Objection Deadline;

h)      Approve the form and contents of a long-form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto as **Exhibit B** and a Summary Notice to be sent via Email to Settlement Class Members ("Summary Notice"), substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Class Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, the process and instructions for filing a Claim Form and the date, time and place of the Final Approval Hearing;

i)      Approve a Claim Form substantially similar to that attached hereto as **Exhibit A**;

j)      Appoint a Claims Administrator;

- 16 -

k)      Set deadlines for objections, requests for exclusion, a Motion for Final
Approval and briefing in support of final approval by the Settling Parties;
and

l)      Schedule the Final Approval Hearing on a date at least 100 days from the
date of the Preliminary Approval Order.

**3.2**     Defendant will not object to the entry of the Preliminary Approval Order so long
as it is substantially in the form attached to this Class Settlement Agreement as **Exhibit D** and is
otherwise consistent with this Class Settlement Agreement, and Defendant has had the opportunity
to review the Preliminary Approval Papers in advance of filing and approved those papers.

**3.3**     Settlement Class Counsel and Heirloom shall request the Court hold a Final
Approval Hearing after notice is completed and at least 30 days after the Opt-Out Deadline and
Objection Deadline and at least 100 days after the date of the Preliminary Approval Order.

**3.4**     Settlement Class Counsel and Representative Plaintiff shall move for final approval
on or before the deadline set by the Court. Settlement Class Counsel shall circulate the final
approval motion in advance of filing and the motion will note whether Defendant objects to any
portion of the motion for final approval. To the extent Defendant objects, it may file a brief
explaining its objections. The Parties may also respond to any objections by the deadline set by
the Court.

**3.5**     The proposed Final Approval Order shall be filed with the motion for final approval
and shall be substantially in the form attached hereto as **Exhibit E** and shall, among other things:

a)      Determine the Class Settlement Agreement is fair, adequate and reasonable;

b)      Finally certify the Settlement Class for settlement purposes only;

- 17 -

c)     Determine the Notice Program satisfies Rule 23 and due process requirements;

d)     Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of this Class Settlement Agreement from asserting any of the Released Claims; and

e)     Release and forever discharge Heirloom and the Released Parties from the Released Claims, as provided for in this Class Settlement Agreement.

## 4.     NOTICE PROGRAM

**4.1**     Within ten days of the filing of the Motion for Preliminary Approval or such earlier time as this Class Settlement Agreement is filed with the Court, the Claims Administrator shall serve a letter and accompanying materials to be provided by Defendant's Counsel on the Attorney General of the United States and each state Attorneys General or others, all as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). The Claims Administrator shall provide and Defendant shall cause to be filed with the Court a declaration evidencing such service.

**4.2**     Within fifteen days of entry of the Preliminary Approval Order, Heirloom will provide the Claims Administrator with a list of Settlement Class Members which will include, to the extent available, the name, email address, and physical mailing address of each Settlement Class Member. The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program as described below and in compliance with all applicable laws, including the Due Process clauses of the United States Constitution and Federal Rules of Civil Procedure Rule 23 and be effectuated pursuant to the provisions set forth below, the costs of which shall be a Settlement Cost. The Claims Administrator must maintain the list of Settlement Class Members in strict confidence and may

- 18 -

not share the list with anyone other than Heirloom. The Claims Administrator must enter into a confidentiality agreement and data security agreement as reasonably specified by Heirloom.

  **4.3**  Class Notice shall be provided to the Settlement Class as follows:

    **4.3.1**  Within fourteen days after receiving the Settlement Class list from Heirloom, the Claims Administrator shall send the Summary Notice via email to Settlement Class Members (the "Notice Deadline"). Within 20 days after sending such email, the Claims Administrator shall undertake reasonable efforts to resend notice to any Settlement Class Members for which the Claims Administrator receives a bounce-back notice. For those Settlement Class Members where an email bounce-back notice is received, the Claims Administrator shall send notice via First Class U.S. Mail.

    **4.3.2**  Within seven days after receiving the Settlement Class list from Heirloom, the Claims Administrator shall establish a dedicated settlement website that includes this Class Settlement Agreement, the Long Notice and the Claim Form approved by the Court. Settlement Class Counsel shall propose the format and content of the settlement website for approval by Defendant's Counsel. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Class Settlement Agreement and the motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any advertising and shall remain operational until 30 days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to Heirloom.

4880-5527-6131v.1 0119268-000001
4889-3427-9789v.1 0119268-000001

**4.4**    The Notice Program shall be subject to approval by the Court as meeting the requirements of due process and Rule 23(c) of the Federal Rules of Civil Procedure.

**4.5**    The Long Notice, Summary Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and necessary, so long as it is not inconsistent with such approval and does not materially alter the language approved by the Court.

**4.6**    Prior to the Final Approval Hearing, Counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

**5.**    **OPT-OUT PROCEDURES**

**5.1**    Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

**5.2**    To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**5.3**    Within seven days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions. Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than seven days prior to the Final Approval Hearing.

**5.4**    All persons who opt out of the Settlement Class shall not receive any benefits of or be bound by the terms of this Class Settlement Agreement. All persons falling within the definition

- 20 -

of the Settlement Class who do not opt out shall be bound by the terms of this Class Settlement Agreement and the Final Approval Order entered thereon.

5.5    Notwithstanding anything else in this Agreement, if 5% or more of the persons meeting the definition of Settlement Class Members opt-out, Defendant shall have the unilateral option to terminate this Agreement at its sole discretion, and this Settlement Agreement shall be null and void and this settlement of no force and effect. If Defendant so elects, it shall give notice of such termination in writing to Settlement Class Counsel no later than 10 business days after receiving the list of persons who have requested exclusion from the Settlement Class. If Defendant terminates this Agreement, Defendant shall be obligated to pay the Claims Administrator for all costs and expenses incurred by the Claims Administrator for work performed in connection with this Settlement Agreement.

## 6.    OBJECTION PROCEDURES

6.1    Each Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections only to the Court. The Notice shall make clear the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2    All such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (a) the objector's full name, address, telephone number and email address; (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (c) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement

- 21 -

Class, or to the entire class; (d) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any counsel representing the objector; (f) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, identifying that counsel (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (h) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

6.3     To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.4     Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements in this Paragraph 6 for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Class Settlement Agreement and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Class Settlement Agreement shall be through the provisions of this Paragraph 6.

7.     **CLAIMS ADMINISTRATION**

7.1     The Claims Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members. All Settlement Claims must be submitted on or before the Claims Filing Deadline to be deemed timely. The determination by the Claims Administrator of the validity or invalidity of all Settlement Claims shall be binding. The Claims Administrator shall periodically provide Settlement Class Counsel and Heirloom counsel with reports as to both settlement claims and distribution, and they shall have the right to obtain and review supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

- 22 -

**7.2**      For each settlement claim submitted and received, the Claims Administrator, in its sole discretion (to be reasonably exercised), will determine whether (a) the claimant is a Settlement Class Member and (b) that the claimant has provided all information required to complete the Claim Form by the Claims Filing Deadline, including but not limited to information required under Paragraph 2. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to adequately evaluate the settlement claim. All information provided to the Claims Administrator will be deemed confidential by the Claims Administrator.

**7.3**      The Claims Administrator shall determine whether a claimant's Claim Form, along with supporting materials, is sufficient to support a claim. If the Claims Administrator should receive an incomplete Claim Form or a Claim Form with insufficient documentation to determine whether the claimant is a Settlement Class Member, the Claims Administrator shall request additional information and give the claimant 21 days to cure any defect(s) before rejecting a settlement claim. The Claims Administrator shall make requests for additional information within 21 days after the Claims Filing Deadline. If a Settlement Class Member fails to correct all deficiencies within 21 days from receiving a request for additional information, the Claims Administrator shall deny the claimant's settlement claim and the claimant will not be entitled to an Award.

**7.4**      After receiving additional information, the Claims Administrator shall have 30 days to accept or reject each settlement claim. If, after review of the settlement claim and all documentation submitted by the claimant, the Claims Administrator determines that such a settlement claim is valid, then the settlement claim shall be paid within the time period provided in this Paragraph. If the settlement claim remains invalid because the claimant does not provide

- 23 -

the requested information needed to complete the Claim Form and evaluate the settlement claim, then the Claims Administrator may reject the settlement claim without any further action apart from providing a notice of rejection of the settlement claim.

7.5     No Person shall have any claim against the Claims Administrator, Defendant, the Released Parties, or their counsel, Settlement Class Counsel and /or Representative Plaintiff based on distribution of Awards to Settlement Class Members.

7.6     The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator and agreed upon by the Parties, such as PayPal or Venmo) for Approved Claims within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved. No distributions will be made without authorization from the Parties. If a Settlement Class Member cannot or chooses not to receive funds electronically, award checks shall be sent by U.S.P.S. Mail. Award checks (electronic and paper) shall be valid for a period of 180 days from issuance and shall state in words or substance that the check must be cashed within 180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

7.7     All Settlement Class Members who fail to timely submit a valid settlement claim hereunder within the time frames set forth herein, or such other period as may be ordered by the

- 24 -

Court or otherwise allowed, shall be forever barred from receiving an Award pursuant to this Agreement but will in all other respects be subject to and bound by the provisions of this Agreement, the Releases contained herein and the Final Approval Order.

## 8.    RELEASES

8.1    Upon the Effective Date, each Settlement Class Member, including Representative Plaintiff, whether or not they have received an Award, will be deemed by operation of this Class Settlement Agreement and by operation of the Final Approval Order to have forever fully, finally, completely and unconditionally released, discharged and acquitted Heirloom and the Released Parties from any and all of the Released Claims and will be deemed to have also released Unknown Claims. Further, upon the Effective Date and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting or participating in any recovery in any action in this or any other forum (other than the participation in the Agreement as provided herein) in which any of the Released Claims are asserted.

8.2    Upon entry of the Final Approval Order, each Settlement Class Member, including Representative Plaintiff, shall be barred from initiating, asserting, or prosecuting against Heirloom and any Released Parties any claims that are released by operation of the Class Settlement Agreement and the Final Approval Order.

8.3    Upon entry of the Final Approval Order, Representative Plaintiff by and through this Class Settlement Agreement and by operation of the Final Approval Order shall have forever fully, finally, completely and unconditionally released, discharged and acquitted Heirloom and the Released Parties from any and all Unknown Claims, even if unrelated to the Released Claims, and any and all provisions, rights, and benefits conferred by any law of any state, province, or territory

- 25 -

of the United States which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

9.   **SETTLEMENT CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES AWARD; REPRESENTATIVE PLAINTIFF'S SERVICE AWARD**

9.1   Settlement Class Counsel may file a motion seeking reasonable attorneys' fees and costs in an amount not to exceed $198,500. Heirloom will not object to Settlement Class Counsel's request for attorneys' fees and costs unless Representative Plaintiff's request exceeds the terms outlined in this Agreement.

9.2   Settlement Class Counsel will also request from the Court a Service Award for Representative Plaintiff in the amount of $1,500. Heirloom will not object to Representative Plaintiff's request for a Service Award payment unless Representative Plaintiff's request exceeds the terms outlined in this Agreement.

9.3   Settlement Class Counsel's attorneys' fees and costs and Representative Plaintiff's Service Award shall be paid separately.

9.4   Within twenty days after the date the Court approves the Attorneys' Fees and Expenses Award, the Claims Administrator shall pay any Attorneys' Fees and Expenses Award by check payable to Cole & Van Note and sent via UPS to:

Scott Edward Cole
Cole & Van Note
555 12th Street, Suite 1725
Oakland, California 94607

- 26 -

**9.5**    Within twenty days after the date the Court approves the Service Award to Representative Plaintiff, Defendant shall pay any Service Award by check payable to Jami Zucchero and sent via UPS to:

> Scott Edward Cole
> Cole & Van Note
> 555 12th Street, Suite 1725
> Oakland, California 94607

**9.6**    No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorneys' Fees and Expenses Award or the Service Award hereunder shall affect whether the Judgment is Final or constitutes grounds for cancellation or termination of this Class Settlement Agreement.

**9.7**    Defendant shall not be liable for any additional attorneys' fees and expenses of Representative Plaintiff's Counsel in the Litigation.

**10.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**10.1**    Defendant's willingness to settle this Litigation on a class-action basis and agree to the accompanying certification of the Settlement Class for settlement purposes is dependent on achieving finality in this Litigation and the desire to avoid the expense of this and other litigation. Consequently, Heirloom has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to Representative Plaintiff, the Settlement Class or Settlement Class Counsel, unless each one of the following conditions occurs:

> a)    The Court has entered a Preliminary Approval Order;
>
> b)    The Court enters a Final Approval Order;
>
> c)    The Effective Date has occurred; and

- 27 -

d)  The number of Opt-Outs is fewer than 5 percent of the estimated Settlement Class.

**10.2**  If all of the conditions in Paragraph 10.1 are not fully satisfied and the Effective Date does not occur, this Class Settlement Agreement shall, without notice, be automatically terminated unless Settlement Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Class Settlement Agreement.

**10.3**  In the event that the Class Settlement Agreement is not approved by the Court or the Class Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation that existed prior to the mediation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; (b) the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose; and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*; and (c) any amounts still held by the Claims Administrator shall be returned to Heirloom. Notwithstanding any statement in this Class Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of any Attorneys' Fees and Expenses Award to Settlement Class Counsel shall constitute grounds for cancellation or termination of the Class Settlement Agreement.

**10.4**  For the avoidance of doubt, Defendant conditionally agrees and consents to certification of the Settlement Class for settlement purposes only and within the context of the

- 28 -

Class Settlement Agreement only. If for any reason the Class Settlement Agreement is not fully approved or is otherwise terminated, Defendant reserves its right to assert any and all objections and defenses to certification of a class, and neither the Class Settlement Agreement nor any Order or other action relating to the Class Settlement Agreement shall be offered by any Person as evidence or in support of a motion to certify a class for a purpose other than settlement.

## 11.    MISCELLANEOUS PROVISIONS

**11.1**    The Settling Parties and their counsel acknowledge it is their intent to consummate this Class Settlement Agreement and agree to undertake their best efforts to effectuate and implement all terms and conditions of this Class Settlement Agreement, including taking all steps and efforts contemplated by this Class Settlement Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.

**11.2**    The Parties intend this Class Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation and with regard to the Released Parties. The Class Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**11.3**    Neither the Class Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Class Settlement Agreement (a) is or may be deemed to be or may be used as an admission of or evidence of the validity or lack thereof of any Released Claim or of any wrongdoing or liability of any of the Released Parties, or (b) is or may be deemed

- 29 -

to be or may be used as an admission of or evidence of any fault or omission of any of the Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Class Settlement Agreement in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**11.4**    The Class Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**11.5**    The Class Settlement Agreement contains the entire agreement between the Settling Parties and supersedes all prior agreements or understandings between them. The terms of the Class Settlement Agreement shall be construed as if drafted jointly by all Settling Parties to this Class Settlement Agreement. The terms of the Class Settlement Agreement shall be binding upon each of the Settling Parties to this Class Settlement Agreement, their agents, attorneys, employees, successors and assigns and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

**11.6**    Released Parties shall not be liable for any additional attorneys' fees, costs or expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Class Settlement Agreement. Settlement Class Counsel agree to hold Released Parties harmless from any claim regarding the division of any award of attorneys' fees and expenses to

4880-5527-6131v.1 0119268-000001
4889-3427-9789v.1 0119268-000001

Settlement Class Counsel and any claim that the term "Settlement Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

11.7    The Class Settlement Agreement shall be considered to have been negotiated, executed and delivered and to be wholly performed in the State of California, and the rights and obligations of the parties to the Class Settlement Agreement shall be construed and enforced in accordance with and governed by the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

11.8    The Court shall retain jurisdiction over the implementation, enforcement and performance of this Class Settlement Agreement and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Class Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Settling Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Class Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Class Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator. As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

11.9    The individual signing this Class Settlement Agreement on behalf of Heirloom represents he or she is fully authorized by Heirloom to enter into and to execute this Class Settlement Agreement on its behalf. Representative Plaintiff's Counsel represent they are fully authorized to conduct settlement negotiations with counsel for Heirloom on behalf of

- 31 -

Representative Plaintiff and enter into and execute this Class Settlement Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. Rule 23(e).

**11.10**   None of the Settling Parties to this Class Settlement Agreement shall be considered the primary drafter of this Class Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**11.11**   The Settling Parties agree that this Class Settlement Agreement and the Final Order following from the Class Settlement Agreement, will not prejudice in any way the Settling Parties' right to raise any of the arguments that the Settling Parties made in this case in any future litigation.

**11.12**   In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Class Settlement Agreement shall continue in full force and effect without said provision to the extent Heirloom does not exercise its right to terminate under Paragraph 10.

**11.13**   All notices or formal communications under this Class Settlement Agreement shall be in writing and shall be given (a) by hand delivery, (b) by registered or certified mail, return receipt requested, postage pre-paid or (c) by overnight courier to counsel for the Settling Party to whom notice is directed at the following addresses and also send a copy by electronic mail:

For the Representative Plaintiff and the Settlement Class:

Scott Edward Cole
Laura Van Note
Cody Alexander Bolce
COLE & VAN NOTE
555 12th Street, Suite 1725
Oakland, California 94607
(510) 891-9800
sec@colevannote.com
lvn@colevannote.com
cab@colevannote.com

- 32 -

For Heirloom:

Spencer Persson
Jean M. Fundakowski
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017
spencerpersson@dwt.com
jeanfundakowski@dwt.com

Counsel may designate a change of the person to receive written notice or a change of address, from time to time, by giving written notice to all Settling Parties in the manner described in this Paragraph.

**11.14**    Settlement Class Counsel, Representative Plaintiff, Defendant and Defendant's Counsel may execute this Class Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed. This Class Settlement Agreement shall not be deemed executed until signed by Representative Plaintiff, Settlement Class Counsel and by counsel for and representative(s) of Defendant.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below:

Dated: 7/13/2023

Jami Zucchero:

ID ZcARyNs9mRXyvpaVLh3FYNAU

- 33 -

Dated: _____, 2023        Heirloom Roses, Inc., by:

_____

Approved as to form:

Dated: 7/13/2023

*Cody Bolce*
ID cW2oToFAVHKaG5WT25vPxR8M

Scott Edward Cole, Esq.            Spencer Persson
Laura Grace Van Note, Esq.         Jean M. Fundakowski
Cody Alexander Bolce, Esq.         DAVIS WRIGHT TREMAINE LLP
COLE & VAN NOTE                    865 S. Figueroa Street, Suite 2400
555 12th Street, Suite 1725        Los Angeles, California 90017
Oakland, California 94607          Telephone:    (415) 276-6582
Telephone:    (510) 891-9800       Telephone:    (213) 633-8634
sec@colevannote.com                spencerpersson@dwt.com
lvn@colevannote.com                jeanfundakowski@dwt.com
cab@colevannote.com

*Attorneys for Plaintiff Jami Zucchero*    *Attorneys for Defendant*
                                           *Heirloom Roses, Inc.*

4880-5527-6131v.1 0119268-000001
4889-3427-9789v.1 0119268-000001

Dated: _July 14_, 2023

Heirloom Roses, Inc., by:

Ben Hanna
President

Approved as to form:

Dated:                                    Dated: July 17, 2023

Scott Edward Cole, Esq.                  Spencer Persson
Laura Grace Van Note, Esq.               Jean M. Fundakowski
Cody Alexander Bolce, Esq.               DAVIS WRIGHT TREMAINE LLP
COLE & VAN NOTE                          865 S. Figueroa Street, Suite 2400
555 12th Street, Suite 1725              Los Angeles, California 90017
Oakland, California 94607                Telephone:    (415) 276-6582
Telephone:    (510) 891-9800             Telephone:    (213) 633-8634
sec@colevannote.com                      spencerpersson@dwt.com
lvn@colevannote.com                      jeanfundakowski@dwt.com
cab@colevannote.com

*Attorneys for Plaintiff Jami Zucchero*   *Attorneys for Defendant*
                                          *Heirloom Roses, Inc.*

- 34 -

# Exhibit A

## SETTLEMENT CLAIM FORM

This Claim Form should be filled out online or submitted by mail if you received a notice from Heirloom Roses, Inc. ("Heirloom") in or around December 2021 regarding a data security incident that occurred at Heirloom between February of 2021 and October of 2021 (the "Data Security Incident"), or if you otherwise believe you were affected by the Data Security incident.

You may receive a payment if you properly and timely complete this Claim Form, the settlement is approved and you are found to be eligible for a payment.

The Notice describes your legal rights and options. You can obtain the Notice and further information about the Litigation, the Class Settlement Agreement and Release and your legal rights and options on the official settlement website, www._____.com, or by calling 1-800-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 2023 to be considered for payment. You can submit your claim for a settlement award in two ways:

1. Online at www._____.com by following instructions on the "Submit a Claim" page; or

2. By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Settlement Claim may be submitted per Settlement Class Member.

## 1.    CLASS MEMBER INFORMATION (REQUIRED)

Name (First, MI, Last): _____

Address: _____

City: _____    State: _____    Zip Code: _____

Phone: _____    Email: _____

## 2.    PAYMENT ELIGIBILITY INFORMATION (REQUIRED)

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Sections 2.1 through 2.5 of the Class Settlement Agreement and Release (available at www._____.com). You may select any or all of the awards for which you are eligible.

All Settlement Class Members who incurred Out-of-Pocket expenses fairly traceable to the Data Security Incident may claim a Reimbursement Award of up to $200. If you are claiming a Reimbursement Award, check this box:

❑ Reimbursement Award (complete Sections 3, 4, 5 and 6)

1

**3.    ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING A REIMBURSEMENT AWARD.**

You must complete this Section 3 <u>if you are seeking a Reimbursement Award</u>.  Please provide as much information as possible.

❑ ***Required:***  I attest under penalty of perjury that I experienced one or more unauthorized or fraudulent charges from February 1, 2021 through December 31, 2021.

❑ ***Required:***  Such charges have not been reimbursed.

❑ ***Required:***  I believe in good faith such charges were more likely than not the result of the Data Security Incident described in the Notice.

The total amount of unreimbursed fraudulent charges that I am claiming is $_____

> ***Examples***: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.
>
> ***Required***: Attach a copy of statements that show the fraudulent charges and correspondence showing that you reported them as unauthorized.  (You may redact all unrelated transactions).  Attach documentation showing that the expenses are fairly traceable to the Security Incident.  Attach documentation showing that your requests for reimbursement were denied.  If you do not have any written correspondence reporting the charges, describe below when and how you reported them and to whom you reported them (attach pages as necessary):
>
> _____
>
> _____
>
> ❑ (***Required***).  I have made good faith efforts to have these unauthorized charges reversed or repaid, including through my bank or credit card company and have exhausted all available credit monitoring, identity theft insurance or other applicable insurance policies, but have not been successful at having the charges reversed, have not received payment and have no insurance coverage for these unauthorized charges.

*If you are seeking reimbursement for Out-of-Pocket Expenses as part of your claim for a Reimbursement Award, complete Section 4.*

**4.    ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES IN CONNECTION WITH A REIMBURSEMENT AWARD.**

❑ I attest under penalty of perjury that I am making a claim for a Reimbursement Award, and that I incurred between February 1, 2021 and December 31, 2021 the following Out-of-Pocket Expenses fairly traceable to the Security Incident that affected the Heirloom website described in the Notice.

*Check all that apply, stating the total amount you are claiming for each category and attaching documentation of the charges as described below.  Round total amounts to the nearest dollar.*

2

❏ Unreimbursed payment card fees or bank fees:

    Total amount claimed for this category: $_____

    ***Examples***: Unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident.

    ***Required***: A copy of a bank or credit card statement or other proof of claimed fees or charges (please redact unrelated transactions).

❏ Unreimbursed costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services purchased between February 1, 2021 and December 16, 2021:

    Total amount claimed for this category: $_____

    ***Examples***: The cost of purchasing a credit report or placing a credit freeze.

    ***Required***: A copy of a receipt of other proof of purchase for each credit report, credit freeze or credit monitoring or identity theft protection services (up to two years of coverage) purchased or placed.

❏ Lost time:

    Total amount claimed for this category ($20 per hour for up to two hours for a total of up to $40): $_____

    Examples: Time spent researching the Security Incident

    **Required:** By submitting a claim for lost time, I certify that my claim is true and correct.

## 5.    PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal\*:            ❏    _____ (PayPal Email Address)
- Venmo\*:            ❏    _____ (Venmo Email Address)
- Zelle\*:               ❏    _____ (Zelle Email Address)
- Paper Check via   ❏
  Mail:

\*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address. If you do not have a PayPal, Venmo or Zelle account, you will be prompted to open one using the email address entered on this form.

## 6.    CERTIFICATION

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

I understand all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, 2023.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

4

# Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW

**To:**     **All individuals identified by Heirloom Roses, Inc. ("Heirloom") and to whom Heirloom sent notice on or about December 16, 2021, that their information may have been impacted in the Data Security Incident, defined below.**

A proposed settlement has been reached in a class action lawsuit titled, *Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW (Northern District of California). The lawsuit asserts claims against Defendant Heirloom related to a security incident that occurred between February and October of 2021 and about which Heirloom notified potentially impacted individuals in December 2021 (the "Data Security Incident"). Defendant denies all of the claims and denies it did anything wrong.

The settlement offers payments to individuals in the United States whose name and payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021 ("Settlement Class Members"). The amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

A Reimbursement Award of up to **$200**, as explained below.

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | You must submit a valid claim form to receive a payment from this Settlement. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **www._____.com** or by calling 1-800-XXX-XXXX.

1

## Further Information about this Notice and the Lawsuit

*1.     Why was this Notice issued?*

Settlement Class Members are eligible to receive payment from a proposed settlement of the Lawsuit. The court overseeing the Lawsuit pending in the Northern District of California authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

*2.     What is the Lawsuit about?*

The lawsuit is a proposed class action lawsuit brought on behalf of certain Heirloom customers whose information may have been accessed and exfiltrated by unauthorized individuals as part of the Data Security Incident. The affected information may include names and payment card information.

The Lawsuit claims Heirloom is legally responsible for the Data Security Incident and asserts legal claims, including negligence and breach of contract. Heirloom denies these claims and denies it did anything wrong.

*3.     Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs brings a lawsuit on behalf of others who have similar claims. Together, all of these people are the "Class" and each individually is a "Class Member." There is one Representative Plaintiff in this case: Jami Zucchero. The class in this case is referred to in this Notice as the "Settlement Class."

*4.     Why is there a settlement?*

The Representative Plaintiff in the Lawsuit, through her attorneys, investigated the facts and law relating to the issues in the Lawsuit. Representative Plaintiff and Class Counsel believe the settlement is fair, reasonable and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiff's claims or Heirloom's defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial and people who submit valid claims will receive compensation. The settlement does not mean that Heirloom did anything wrong, or that the Representative Plaintiff and the Class would or would not win their case if it went to trial.

## Terms of the Proposed Settlement

*5.     Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all individuals within the United States whose name and payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff and/or persons who timely and validly request exclusion from the Settlement Class.

2

6.    *What are the terms of the settlement?*

Under the terms of the settlement, if Settlement Class Members experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which they believe in good faith were fairly traceable to the Data Security Incident, They may file a claim for a Reimbursement Award of up to $200.  As part of the $200 reimbursement, if Settlement Class Members spent time researching the Data Security Incident or attempting to ensure the security of their information, they may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour. Defendant will pay (a) the costs of administration and notice (approximately $_____), (b) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $198,500) including litigation costs and expenses) and (c) any service award to the Representative Plaintiff awarded by the Court (up to $1,500). The settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

7.    *What claims are Settlement Class Members giving up under the settlement?*

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any Final Judgment entered by the Court and will give up their right to sue Defendant for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.30 of the Class Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.31 of the Class Settlement Agreement and Release. Section 8 of the Class Settlement Agreement and Release explains when such releases will occur.

## **Payments to Settlement Class Members**

8.    *What kind of payments can Settlement Class Members receive?*

Under the terms of the settlement, if Settlement Class Members experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which they believe in good faith were fairly traceable to the Data Security Incident, They may file a claim for a Reimbursement Award of up to $200.  As part of the $200 reimbursement, if Settlement Class Members spent time researching the Data Security Incident or attempting to ensure the security of their information, they may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour.

10.    *What is a Reimbursement Award?*

Settlement Class Members who, at any time from February 1, 2021 to [ENTER CLAIMS DEADLINE], experienced unauthorized or fraudulent charges, other out of pocket losses or lost time that are fairly traceable to the Data Security Incident are eligible to receive a Reimbursement Award of up to $200 as reimbursement for those charges and expenses. The following types expenses may be claimed:

3

- payment card fees or bank fees, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident;

- costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services; and

- Lost time at $20 per hour up to two hours for a total of $40.

You cannot recover for emotional distress. Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award. Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form.

### Your Options as a Settlement Class Member

*13.    If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you <u>must</u> complete and submit a Claim Form postmarked or submitted online** at **www._____.com by [INSERT DATE]**.

If you do not want to give up your right to sue Defendant about the Data Security Incident or the issues raised in this case, **you must exclude yourself (or "opt out") from the Settlement Class**. See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

*14.    What happens if I do nothing?*

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendant related to the claims released by the settlement.

*15.    How do I submit a claim?*

You may complete the Claim Form online at **www._____.com.** You may also obtain a paper Claim Form by downloading it at **www._____.com** or by calling the claims administrator at **[INSERT TOLL-FREE NUMBER]**. If you choose to complete a paper Claim Form, you may either submit the completed and signed Claim Form and any supporting materials electronically at **www._____.com** or mail them to: **[INSERT CLAIMS MAILING ADDRESS]**.

4

16.    *Who decides my settlement claim and how do they do it?*

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

17.    *How do I exclude myself from the settlement?*

To opt out of the settlement you must make a signed, written request that (a) says you wish to exclude yourself from the Settlement Class in this Lawsuit and (b) includes your name, address and phone number. You must submit your request through the settlement website (www._____.com) or mail your request to this address:

**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**

Your request must be submitted online or postmarked by **[INSERT DATE].**

18.    *If I exclude myself, can I receive any payment from this settlement?*

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in this Lawsuit.

19.    *If I do not exclude myself, can I sue Defendant for the Data Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Heirloom for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

20.    *How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it and any supporting papers must be mailed to the Clerk of the Court, Settlement Class Counsel and Heirloom's Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, **[INSERT OBJECTION DEADLINE]**:

| **Court** | ***Heirloom's* Counsel** |
|---|---|
| Office of the Clerk<br>U.S. District Court for the Northern District of California<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street, Suite 400 S | Spencer Persson<br>Jean M. Fundakowski<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, California 90017 |

5

| | |
|---|---|
| Oakland, California 94612 | |
| **Settlement Class Counsel** | |
| Scott Edward Cole<br>Laura Van Note<br>Cody Alexander Bolce<br>COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, California 94607 | |

To be considered by the Court, your objection must list the name of the Lawsuit: *Jami Zucchero v. Heirloom Roses, Inc., Case No. 4:22-cv-00068-KAW* (Northern District of California) and include all of the following information: (a) your full name, address, telephone number and e-mail address (if any), (b) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the notice you received from Heirloom or the notice of this settlement), (c) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class or to the entire class, (d) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable, (e) the identity of any counsel representing you, (f) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered and (h) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## Court Approval of the Settlement

*21.    How, when and where will the Court decide whether to approve the settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Oakland Courthouse, 1301 Clay Street Oakland, California 94612, before Judge Kandis A. Westmore. Judge Westmore will continue to hold hearings by Zoom or teleconference until further notice. Please visit Judge Westmore's page at https://www.cand.uscourts.gov/judges/westmore-kandis-a-kaw/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are timely

6

objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs and the request for the service award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl to confirm the schedule if you wish to attend.

*22.    Do I have to attend the hearing?*

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*23.    What happens if the Court approves the settlement?*

If the Court approves the settlement and no appeal is takenthe Claims Administrator will pay any attorneys' fees and costs award and Representative Plaintiff's service award. Then, within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

*24.    What happens if the Court does not approve the settlement?*

If the Court does not approve the settlement, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiff and the case will proceed as if no settlement had been attempted.

**Lawyers for the Settlement Class and Defendant**

*25.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

Scott Edward Cole
Laura Van Note
Cody Alexander Bolce
COLE & VAN NOTE

7

555 12th Street, Suite 1725
Oakland, California 94607
(510) 891-9800

Settlement Class Members will not be charged for the services of Settlement Class Counsel. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

26.    *How will the lawyers for the Settlement Class be paid?*

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees and costs up to $198,500. Settlement Class Counsel will also request approval of a Service Award of $1,500 to Representative Plaintiff.

27.    *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following lawyers:

Spencer Persson
Jean M. Fundakowski
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017

**For Further Information**

28.    *What if I want further information or have questions?*

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Settlement Agreement and Release available at www._____.com, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 25 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl or by visiting the Office of the Clerk, U.S. District Court for the Northern District of California, at the Ronald V. Dellums Federal Building & United States Courthouse at 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

will act as the Claims Administrator for the settlement. You can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

**Please do not contact the Court.**

8

# Exhibit C

Email/Postcard Notice

Heirloom Rose, Inc. Claims Administrator
PO Box XXXX
XXXXXXXXXX

Unique ID <<UNIQUEID>>

# If you were notified of a Data Security Incident involving Heirloom Roses, Inc., you may be entitled to benefits from a settlement.

A proposed settlement has been reached in a class action lawsuit against Heirloom Roses, Inc. ("Heirloom") related to a security incident that occurred between February and October 2021, and about which Heirloom notified potentially impacted individuals in or around December 2021. The lawsuit claims Heirloom is legally responsible for the Data Security Incident, where names and payment card information of customers may have been accessed and exfiltrated by unauthorized individuals. The lawsuit asserts various legal claims, including negligence and breach of implied contract. Heirloom denies these claims and denies it did anything wrong.

**You are receiving this notice because you may be a Settlement Class Member**. The Settlement Class is defined by the Court as all individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021.

Under the terms of the settlement, if you experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which you believe in good faith were fairly traceable to the Data Security Incident, you may file a claim for a Reimbursement Award of up to $200.  If you spent time researching the Data Security Incident or attempting to ensure the security of your information, you may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour.

The easiest way to submit a claim is online at **www.XXXXXXXXXXX.com** using your Unique ID that is included with this notice. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **MONTH DAY, 20XX**. You can also exclude yourself or object to the Settlement on or before **MONTH DAY, 20XX**. If you do not exclude yourself from the Settlement, you will remain in the Class and will give up the right to sue Heirloom over the claims resolved in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a claim, exclude yourself or object are available at www.XXXXXXXXXXX.com.**

The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX, at X:XX X.m.** At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the hearing at your own expense or pay your own lawyer to attend, but it is not necessary. It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **www.XXXXXXXXXXX.com**.

This notice is a summary. The Settlement Agreement and more information about the lawsuits and Settlement are available at **www.XXXXXXXXXXX.com** or by calling toll-free **1-XXX-XXX-XXXX.**

# Exhibit D

1  | Scott Edward Cole, Esq. (S.B. #160744)
   | Laura Grace Van Note, Esq. (S.B. #310160)
2  | Cody Alexander Bolce, Esq (S.B. #322725)
   | **COLE & VAN NOTE**
3  | 555 12th Street, Suite 1725
   | Oakland, California 94607
4  | Telephone: (510) 891-9800
   | Facsimile: (510) 891-7030
5  | Email: sec@colevannote.com
   | Email: lvn@colevannote.com
6  | Email: cab@colevannote.com
   | Web: www.colevannote.com
7
8  | Attorneys for Representative Plaintiff
9
10 |            **UNITED STATES DISTRICT COURT**
11 |          **NORTHERN DISTRICT OF CALIFORNIA**
12 |                  **OAKLAND DIVISION**
13 | JAMI ZUCCHERO, individually and on     | Case No. 4:22-cv-00068-KAW
   | behalf of all others similarly situated,
14 |                                         | **CLASS ACTION**
   |                         Plaintiff,
15 | vs.                                     | **[PROPOSED] ORDER GRANTING**
   |                                         | **PLAINTIFF'S UNOPPOSED MOTION FOR**
16 | HEIRLOOM ROSES, INC.,                   | **PRELIMINARY APPROVAL OF CLASS**
   |                                         | **ACTION SETTLEMENT**
17 |                         Defendant.
   |                                         | **Date:**
18 |                                         | **Time:**
   |                                         | **Judge:      Hon. Kandis A. Westmore**
19 |                                         | **Ctrm:**
20
21
22
23
24
25
26
27
28

*(Left margin vertical text: COLE & VAN NOTE, ATTORNEYS AT LAW, 555 12TH STREET, SUITE 1725, OAKLAND, CA 94607, TEL. (510) 891-9800)*

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. No. ___) (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as **Exhibit 2** to Plaintiff's Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals within the United States whose name and payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021..

Excluded from the Settlement Class is any judge presiding over the Litigation and their first-degree relatives, judicial staff and persons who timely and validly request exclusion from the Settlement Class.

Pursuant to Federal Rules of Civil Procedure Rule 23(e)(1), the Court finds giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court also finds it will likely be able to certify the Settlement Class and California Subclass for purposes of judgment on the Settlement because they meet the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).  Specifically, the Court finds for settlement purposes only that (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable, (b) there are issues of law and fact that are common to the Settlement Class, (c) the claims of Representative Plaintiff are typical of and arise from the same operative facts and Representative Plaintiff seeks similar relief as the claims of the Settlement Class Members, (d) Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class as Representative Plaintiff has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class, (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members and

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    (f) a class action and class settlement is superior to other methods available for a fair and efficient

2    resolution of this Litigation.

3          2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court

4    finds Plaintiff Jami Zucchero will likely satisfy the requirements of Rule 23(e)(2)(A) and should

5    be appointed as Settlement Class Representative. Additionally, the Court finds that Scott Edward

6    Cole, Laura Van Note and Cody Alexander Bolce of Cole & Van Note satisfy the requirements of

7    Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

8

9          3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the

10    Settlement is fair, reasonable and adequate to warrant providing Notice of Settlement to the

11    Settlement Class and accordingly is preliminarily approved. In making this determination, the

12    Court has considered the monetary and nonmonetary benefits provided to the Settlement Class

13    through the Settlement, the specific risks faced by the Settlement Class in prevailing on their

14    claims, the stage of the proceedings at which the Settlement was reached and the discovery that

15    was conducted, the effectiveness of the proposed method for distributing relief to the Settlement

16    Class, the proposed manner of allocating benefits to Settlement Class Members and all of the other

17    factors required by Rule 23.

18          4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C.

19    § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in

20    this District pursuant to 28 U.S.C. § 1391(b)(1).

21          5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____

22    _____, 202___, at _____ [via telephone or videoconference or in-person] at the Ronald V.

23    Dellums Federal Building & United States Courthouse at 1301 Clay Street, Oakland, California

24    94612 to determine, among other things, whether (a) this Litigation should be finally certified as

25    a class action for settlement purposes pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(3), (b) the

26    Settlement should be approved as fair, reasonable and adequate and finally approved pursuant to

27    Fed. R. Civ. P. Rule 23(e), (c) Settlement Class Members should be bound by the releases set forth

28    in the Settlement Agreement (d) the application of Settlement Class Counsel for an award of

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-3-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 4:22-cv-00068-KAW
4884-2688-9061v.1 0119268-000001

1  attorneys' fees, costs and expenses should be approved pursuant to Fed. R. Civ. P. Rule 23(h) and

2  (d) the application of the Settlement Class Representative for a Service Award should be approved.

3      6.    **Claims Administrator**. The Court appoints CPT Group as the Claims

4  Administrator, with responsibility for class notice and claims administration. The Claims

5  Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims

6  Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7      7.    **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the

8  Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B and C are hereby

9  approved. Non-material modifications to these Exhibits may be made with approval by the parties

10  but without further order of the Court.

11      8.    **Findings Concerning Notice**. The Court finds the proposed form, content and

12  method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement

13  Agreement and its Exhibits (a) will constitute the best practicable notice to the Settlement Class,

14  (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of

15  the pendency of the Litigation, the terms of the proposed Settlement and their rights under the

16  proposed Settlement, including but not limited to their rights to object to or exclude themselves

17  from the proposed Settlement and other rights under the terms of the Settlement Agreement, (c)

18  are reasonable and constitute due, adequate and sufficient notice to all Settlement Class Members

19  and other persons entitled to receive notice, (d) meet all applicable requirements of law, including

20  Fed. R. Civ. P. Rule 23(c) and (e) the Due Process clauses of the United States Constitution. The

21  Court further finds the Notice is written in plain language, uses simple terminology and is designed

22  to be readily understandable by Settlement Class Members.

23      The Claims Administrator is directed to carry out the Notice in conformance with the

24  Settlement Agreement.

25      9.    **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion

26  for preliminary approval, Defendant shall have served or caused to be served a notice of the

27  proposed Settlement on appropriate state officials in accordance with the requirements under the

28  Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must (a) state the Settlement Class Member's full name, address and telephone number, (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member (i.e., one request is required for every Settlement Class Member seeking exclusion).

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment. Settlement Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

11.    **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections only to the Court. The Notice shall make clear the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  objections. Any such notices of an intent to object to the Class Settlement Agreement must be

2  written and must include all of the following: (a) the objector's full name, address, telephone

3  number and email address (if any), (b) information identifying the objector as a Settlement Class

4  Member, including proof that the objector is a member of the Settlement Class, (c) a statement as

5  to whether the objection applies only to the Settlement Class Member, to a specific subset of the

6  Settlement Class or to the entire class, (d) a clear and detailed written statement of the specific

7  legal and factual bases for each and every objection, accompanied by any legal support for the

8  objection the objector believes applicable, (e) the identity of any counsel representing the objector,

9  (f) a statement whether the objector intends to appear at the Final Approval Hearing, either in

10  person or through counsel, and, if through counsel, identifying that counsel, (g) a list of all persons

11  who will be called to testify at the Final Approval Hearing in support of the objections and any

12  documents to be presented or considered and (h) the objector's signature and the signature of the

13  objector's duly authorized attorney or other duly authorized representative (if any). To be timely,

14  written notice of an objection in the appropriate form must be filed or postmarked no later than the

15  Objection Deadline.

16      Any Settlement Class Member who fails to comply with the provisions in this Order will

17  waive and forfeit any and all rights they may have to object, will have their objection stricken from

18  the record and will lose their rights to appeal from approval of the Settlement. Any such Settlement

19  Class Member also shall be bound by all subsequent proceedings, orders and judgments in this

20  Litigation, including but not limited to the release set forth in the Final Judgment  if entered.

21      12.  **Claims Process**.  Settlement Class Counsel and Defendant have created a process

22  for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily

23  approves this process and directs the Claims Administrator to make the Claim Form or its

24  substantial equivalent available to Settlement Class Members in the manner specified in the

25  Notice.

26      The Claims Administrator will be responsible for effectuating the claims process.

27      Settlement Class Members who qualify for and wish to submit a Claim Form shall do so

28  in accordance with the requirements and procedures specified in the Notice and the Claim Form.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

-6-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 4:22-cv-00068-KAW
4884-2688-9061v.1 0119268-000001

1   If the Final Judgment is entered, all Settlement Class Members who qualify for any benefit under

2   the Settlement but fail to submit a claim in accordance with the requirements and procedures

3   specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit

4   but will in all other respects be subject to and bound by the provisions in the Final Judgment,

5   including the release.

6

7   13.  **Termination of Settlement**. This Order shall become null and void and shall be

8   without prejudice to the rights of the parties, all of whom shall be restored to their respective

9   positions existing before the Court entered this Order and before they entered the Settlement

10  Agreement, if (a) the Court does not enter this Preliminary Approval Order, (b) Settlement is not

11  finally approved by the Court or is terminated in accordance with the Settlement Agreement, (c)

12  there is no Effective Date or (d) the number of Opt-Outs is greater than five percent of the estimated

13  Settlement Class. In such event, the Settlement and Settlement Agreement shall become null and

14  void and be of no further force and effect and neither the Settlement Agreement nor the Court's

15  orders, including this Order, relating to the Settlement shall be used or referred to for any purpose

16  whatsoever.

17  14.  **Use of Order**. This Order shall be of no force or effect if the Final Judgment   is

18  not entered or there is no Effective Date and shall not be construed or used as an admission,

19  concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability.

20  Nor shall this Order be construed or used as an admission, concession or declaration by or against

21  the Representative Plaintiff or any other Settlement Class Member that his or her claims lack merit

22  or that the relief requested is inappropriate, improper, unavailable or as a waiver by any party of

23  any defense or claims they may have in this Litigation or in any other lawsuit.

24  16.  **Continuance of Hearing**. The Court reserves the right to adjourn or continue the

25  Final Approval Hearing and related deadlines without further written notice to the Settlement

26  Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on

27  the Settlement Website maintained by the Claims Administrator. The Court may approve the

28  Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

1  further notice to the Settlement Class.

2        17.    **Stay of Litigation.** All proceedings in the Litigation other than those related to

3  approval of the Class Settlement Agreement are hereby stayed. Further, any actions brought by

4  Settlement Class Members concerning the Released Claims are hereby enjoined and stayed

5  pending Final Approval of the Class Settlement Agreement.

6        17.    **Schedule and Deadlines**. The Court orders the following schedule of dates for the

7  specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Class List to Claims Administrator** | Within 15 days after entry of this Preliminary Approval Order |
| **Notice Deadline for Claims Administrator to Send Summary Notice** | Within 15 days after receiving the Settlement Class list from Defendant |
| **Motion for Attorneys' Fees, Reimbursement of Costs and Expenses and Service Award to be Filed by Class Counsel** | At Least 14 days before the Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 75 days after entry of this Preliminary Approval Order |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Notice Deadline |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 100 days after entry of this Preliminary Approval Order |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**DONE AND ORDERED** in Oakland, California on this \_\_\_\_\_ day of _____, 202\_.

_____
**HONORABLE KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

# Exhibit E

1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  Cody Alexander Bolce, Esq (S.B. #322725)
   **COLE & VAN NOTE**
3  555 12th Street, Suite 1725
   Oakland, California 94607
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  Email:  sec@colevannote.com
   Email:  lvn@colevannote.com
6  Email:  cab@colevannote.com
   Web:    www.colevannote.com

7

8  Attorneys for Representative Plaintiff

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                   **OAKLAND DIVISION**

13  JAMI ZUCCHERO, individually and on      **Case No. 4:22-cv-00068-KAW**
    behalf of all others similarly situated,
14                                          **CLASS ACTION**
                          Plaintiff,
15  vs.                                     **[PROPOSED] ORDER AND JUDGMENT:**

16  HEIRLOOM ROSES, INC.,                   **(1) GRANTING FINAL APPROVAL OF
                                                CLASS ACTION SETTLEMENT;**
17                        Defendant.        **(2) AWARDING ATTORNEYS' FEES AND
                                                COSTS TO CLASS COUNSEL; AND**
18                                          **(3) AWARDING A SERVICE AWARD TO
                                                THE REPRESENTATIVE PLAINTIFF**
19
                                            **Date:**
20                                          **Time:**
                                            **Judge:**    **Hon. Kandis A. Westmore**
21                                          **Ctrm:**

22

23

24

25

26

27

28

-1-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

This matter came before the United States District Court for the Northern District of California, Department ____, at _____ a.m./p.m. on _____, with Cole & Van Note appearing as counsel for Representative Plaintiff Jami Zucchero, individually, and on behalf of the Settlement Class, and Davis Wright Tremaine LLP appearing for Defendant Heirloom Roses, Inc. The Court, having carefully considered the briefs, argument of counsel and all matters presented to the Court and good cause appearing, hereby **GRANTS** Plaintiff's Motion for Final Approval of Class Action Settlement.

## **FINDINGS**

Based on the oral and written argument and evidence presented in connection with the Motion, the Court makes the following findings:

1.      All terms used herein shall have the same meaning as defined in the proposed Settlement Agreement ("Agreement").

2.      This Court has jurisdiction over the subject matter of the above-captioned litigation and over all Parties to this Litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

3.      On _____, the Court granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to the Plaintiff Class**

4.      In compliance with the Preliminary Approval Order, the Class Notice was emailed to the Settlement Class Members on or about _____. Emailing the Class Notice was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the Litigation and the proposed settlement to the Settlement Class. To the extent emails were returned as undeliverable, a replacement Class Notice was sent via first class mail to the Settlement Class Members at their last known addresses to the extent that information was known to Heirloom Roses, Inc. _____ Notices were undeliverable following both methods of attempted service.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

[PROPOSED] ORDER AND JUDGMENT
Case No. 4:22-cv-00068-KAW
4883-5801-0725v.1 0119268-000001

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

5.      According to the Claims Administrator, there are _____ members of the Settlement Class who will receive a benefit from a Settlement Claim. The deadline for opting out has passed and _____ Settlement Class Members have done so. _____ Settlement Class Members submitted a timely written objection and _____ appeared in person at the Final Approval Hearing to object. There was an adequate interval between mailing of the Notice and the deadline to permit Settlement Class members to choose what to do and act on their decision.

**Fairness of the Settlement**

6.      The Agreement is entitled to a presumption of fairness. *Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044, 125 S.Ct. 2277, 161 L. Ed. 2d 1080 (2005) (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quoting Manual for Complex Litigation, Third § 30.42 (1995)). There has been no collusion between the parties in reaching the proposed settlement.

7.      Plaintiff's investigation and discovery were sufficient to allow the Court and counsel to act intelligently.

8.      Counsel for both parties are experienced in similar data breach class action litigation. All counsel recommended approval of the Agreement.

9.      The consideration to be given to the Settlement Class Members under the terms of the Agreement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the release of Settlement Class Members' claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action.

10.      The proposed Agreement is approved as fair, adequate and reasonable and is in the best interests of Settlement Class Members.

**Attorneys' Fees/Expenses**

11.      The Agreement provides for (and Class Counsel seeks) an award of up to $198,500 to Class Counsel as attorneys' fees and expenses in this action. This was negotiated separately from and will be paid separately and independently from the monies paid to Settlement Class

[PROPOSED] ORDER AND JUDGMENT
Case No. 4:22-cv-00068-KAW
4883-5801-0725v.1 0119268-000001

1  Members for their claims. As such, this award will not affect the amount of money any Settlement
2  Class Member will receive for their claims.

3      12.    The award of attorneys' fees and reimbursement of litigation expenses are
4  reasonable, in light of the contingent nature of Class Counsel's work, the substantial amount of
5  work actually performed such that Class Counsel will not receive a windfall incommensurate with
6  the time and effort dedicated to the case, the risks assumed, the results achieved by Class Counsel
7  and due to the significant amount of work Class Counsel anticipates post-final approval of the
8  settlement.

9      **Service Award**

10      13.    The Agreement provides for a Service Award of up to $1,500 for Representative
11  Plaintiff Jami Zucchero, subject to the Court's approval. This was negotiated separately from and
12  will be paid separately and independently from the monies paid to Settlement Class Members for
13  their claims. The Court finds this Service Award reasonable in light of the risks and burdens
14  undertaken by Representative Plaintiff in this action and for her time and effort in bringing and
15  prosecuting this matter on behalf of the Settlement Class.

16      **IT IS HEREBY ORDERED THAT:**

17      1.    The Settlement Class is certified for the purposes of settlement only. The Settlement
18  Class is hereby defined as:

19      All individuals within the United States whose name and personal payment card
20      information was potentially exposed to unauthorized third-parties as a result of the
21      Data Security Incident that occurred between approximately February to October
        of 2021.

22      2.    The Agreement is hereby finally approved as fair, reasonable, adequate and in the
23  best interest of the Settlement Class.

24      3.    Class Counsel are awarded attorneys' fees in the amount of $198,500, inclusive of
25  litigation costs. Class Counsel shall not seek or obtain any other compensation or reimbursement
    from Defendant, Plaintiff or members of the Settlement Class.

26      4.    Payment of a Service Award in the amount of $1,500 to Plaintiff Jami Zucchero.

27

28

*COLE & VAN NOTE*
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

-4-

5.      A Final Judgment in this action is hereby entered and this shall constitute a Judgment for purposes of Federal Rule of Civil Procedure Rule 54.

6.      This Final Judgment shall bind each Settlement Class Member and shall operate as a full release and discharge of the Released Claims against the Released Parties. All rights to appeal the Final Judgment have been waived. This Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class Members from bringing any action asserting Settlement Class Members' Released Claims under the Agreement.

7.      The Agreement and Settlement are not an admission by Defendant, nor is this Final Approval Order a finding, of the validity of any claims in this action or of any wrongdoing by Defendant. Neither this Final Approval Order, this Final Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant and shall not be offered in evidence in any action or proceeding against Defendant in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, this Final Judgment, the Agreement or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this case or any other proceeding this Final Approval Order, this Final Judgment, the Agreement or any other papers and records on file in the case as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.      Notice of entry of this Final Approval Order and Final Judgment shall be given to Class Counsel on behalf of Plaintiff and all Settlement Class Members. It shall not be necessary to send notice of entry of this Final Approval Order and Final Judgment to individual Settlement Class Members, but it shall be posted on the settlement website. The time for any appeal shall run

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

1  from service of notice of entry of the Final Approval Order and Final Judgment by Class Counsel

2  on Defendant.

3        9.     After entry of this Order and Final Judgment, the Court shall retain jurisdiction to

4  construe, interpret, implement and enforce the Agreement and this Judgment, to hear and resolve

5  any contested challenge to a claim for settlement benefits and to supervise and adjudicate any

6  dispute arising from or in connection with the distribution of settlement benefits.

7        10.    In the event the Settlement does not become final and effective in accordance with

8  the terms of the Settlement Agreement or is terminated, cancelled or otherwise fails to become

9  effective for any reason, then this Final Approval Order and Final Judgment, and all orders entered

10  in connection herewith, shall be rendered null and void and shall be vacated.

11        11.    A Compliance Hearing is hereby set for _____ a.m./p.m. in Department _____

12  of this Court. At least ten court days before the Compliance Hearing, Class Counsel shall submit

13  a Case Management Conference Statement, accompanied by a Declaration from the Claims

14  Administrator (including a summary accounting identifying the distributions made, the number

15  and value of any uncashed checks, the status of any unresolved issues and any other matters

16  appropriate to evaluate the effectiveness and completeness of the distribution).

17

18        **DONE AND ORDERED** in Oakland, California on this _____ day of _____, 202_.

19

20                            _____

21                            **HONORABLE KANDIS A. WESTMORE**
                          **UNITED STATES MAGISTRATE JUDGE**

22

23

24

25

26

27

28

EHXIBIT B

<u>**SETTLEMENT CLAIM FORM**</u>

This Claim Form should be filled out online or submitted by mail if you received a notice from Heirloom Roses, Inc. ("Heirloom") in or around December 2021 regarding a data security incident that occurred at Heirloom between February of 2021 and October of 2021 (the "Data Security Incident"), or if you otherwise believe you were affected by the Data Security incident.

You may receive a payment if you properly and timely complete this Claim Form, the settlement is approved and you are found to be eligible for a payment.

The Notice describes your legal rights and options.  You can obtain the Notice and further information about the Litigation, the Class Settlement Agreement and Release and your legal rights and options on the official settlement website, www._____.com, or by calling 1-800-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 2023 to be considered for payment. You can submit your claim for a settlement award in two ways:

1.  Online at www._____.com by following instructions on the "Submit a Claim" page; or

2.  By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Settlement Claim may be submitted per Settlement Class Member.

**1.    CLASS MEMBER INFORMATION (REQUIRED)**

Name (First, MI, Last): _____

Address: _____

City: _____    State: _____    Zip Code: _____

Phone: _____    Email: _____

**2.    PAYMENT ELIGIBILITY INFORMATION (REQUIRED)**

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Sections 2.1 through 2.5 of the Class Settlement Agreement and Release (available at www._____.com).  You may select any or all of the awards for which you are eligible.

All Settlement Class Members who incurred Out-of-Pocket expenses fairly traceable to the Data Security Incident may claim a Reimbursement Award of up to $200.  If you are claiming a Reimbursement Award, check this box:

❑ Reimbursement Award (complete Sections 3, 4, 5 and 6)

3.    **ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING A REIMBURSEMENT AWARD.**

You must complete this Section 3 <u>if you are seeking a Reimbursement Award</u>.  Please provide as much information as possible.

❑ ***Required:***  I attest under penalty of perjury that I experienced one or more unauthorized or fraudulent charges from February 1, 2021 through December 31, 2021.

❑ ***Required:***  Such charges have not been reimbursed.

❑ ***Required:***  I believe in good faith such charges were more likely than not the result of the Data Security Incident described in the Notice.

The total amount of unreimbursed fraudulent charges that I am claiming is $_____

> ***Examples***: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.
>
> ***Required***: Attach a copy of statements that show the fraudulent charges and correspondence showing that you reported them as unauthorized.  (You may redact all unrelated transactions).  Attach documentation showing that the expenses are fairly traceable to the Security Incident.  Attach documentation showing that your requests for reimbursement were denied.  If you do not have any written correspondence reporting the charges, describe below when and how you reported them and to whom you reported them (attach pages as necessary):
>
> _____
>
> _____
>
> ❑ (***Required***).  I have made good faith efforts to have these unauthorized charges reversed or repaid, including through my bank or credit card company and have exhausted all available credit monitoring, identity theft insurance or other applicable insurance policies, but have not been successful at having the charges reversed, have not received payment and have no insurance coverage for these unauthorized charges.

*If you are seeking reimbursement for Out-of-Pocket Expenses as part of your claim for a Reimbursement Award, complete Section 4.*

4.    **ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES IN CONNECTION WITH A REIMBURSEMENT AWARD.**

❑ I attest under penalty of perjury that I am making a claim for a Reimbursement Award, and that I incurred between February 1, 2021 and December 31, 2021 the following Out-of-Pocket Expenses fairly traceable to the Security Incident that affected the Heirloom website described in the Notice.

*Check all that apply, stating the total amount you are claiming for each category and attaching documentation of the charges as described below.  Round total amounts to the nearest dollar.*

❑ Unreimbursed payment card fees or bank fees:

    Total amount claimed for this category: $_____

    *Examples*: Unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident.

    *Required*: A copy of a bank or credit card statement or other proof of claimed fees or charges (please redact unrelated transactions).

❑ Unreimbursed costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services purchased between February 1, 2021 and December 16, 2021:

    Total amount claimed for this category: $_____

    *Examples*: The cost of purchasing a credit report or placing a credit freeze.

    *Required*: A copy of a receipt of other proof of purchase for each credit report, credit freeze or credit monitoring or identity theft protection services (up to two years of coverage) purchased or placed.

❑ Lost time:

    Total amount claimed for this category ($20 per hour for up to two hours for a total of up to $40): $_____

    Examples: Time spent researching the Security Incident

    **Required:** By submitting a claim for lost time, I certify that my claim is true and correct.

## 5.    PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal[*]:    ❑    _____ (PayPal Email Address)
- Venmo*:    ❑    _____ (Venmo Email Address)
- Zelle*:    ❑    _____ (Zelle Email Address)
- Paper Check via Mail:    ❑

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address. If you do not have a PayPal, Venmo or Zelle account, you will be prompted to open one using the email address entered on this form.

## 6.    CERTIFICATION

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

I understand all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by ____, 2023.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

4

EHXIBIT C

## NOTICE OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW

**To:** **All individuals identified by Heirloom Roses, Inc. ("Heirloom") and to whom Heirloom sent notice on or about December 16, 2021, that their information may have been impacted in the Data Security Incident, defined below.**

A proposed settlement has been reached in a class action lawsuit titled, *Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW (Northern District of California). The lawsuit asserts claims against Defendant Heirloom related to a security incident that occurred between February and October of 2021 and about which Heirloom notified potentially impacted individuals in December 2021 (the "Data Security Incident"). Defendant denies all of the claims and denies it did anything wrong.

The settlement offers payments to individuals in the United States whose name and payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021 ("Settlement Class Members"). The amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

A Reimbursement Award of up to **$200**, as explained below.

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | You must submit a valid claim form to receive a payment from this Settlement. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **www._____.com** or by calling 1-800-XXX-XXXX.

1

## **Further Information about this Notice and the Lawsuit**

*1.    Why was this Notice issued?*

Settlement Class Members are eligible to receive payment from a proposed settlement of the Lawsuit. The court overseeing the Lawsuit pending in the Northern District of California authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

*2.    What is the Lawsuit about?*

The lawsuit is a proposed class action lawsuit brought on behalf of certain Heirloom customers whose information may have been accessed and exfiltrated by unauthorized individuals as part of the Data Security Incident. The affected information may include names and payment card information.

The Lawsuit claims Heirloom is legally responsible for the Data Security Incident and asserts legal claims, including negligence and breach of contract. Heirloom denies these claims and denies it did anything wrong.

*3.    Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs brings a lawsuit on behalf of others who have similar claims. Together, all of these people are the "Class" and each individually is a "Class Member." There is one Representative Plaintiff in this case: Jami Zucchero. The class in this case is referred to in this Notice as the "Settlement Class."

*4.    Why is there a settlement?*

The Representative Plaintiff in the Lawsuit, through her attorneys, investigated the facts and law relating to the issues in the Lawsuit. Representative Plaintiff and Class Counsel believe the settlement is fair, reasonable and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiff's claims or Heirloom's defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial and people who submit valid claims will receive compensation. The settlement does not mean that Heirloom did anything wrong, or that the Representative Plaintiff and the Class would or would not win their case if it went to trial.

## **Terms of the Proposed Settlement**

*5.    Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all individuals within the United States whose name and payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff and/or persons who timely and validly request exclusion from the Settlement Class.

2

6.    *What are the terms of the settlement?*

Under the terms of the settlement, if Settlement Class Members experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which they believe in good faith were fairly traceable to the Data Security Incident, They may file a claim for a Reimbursement Award of up to $200.  As part of the $200 reimbursement, if Settlement Class Members spent time researching the Data Security Incident or attempting to ensure the security of their information, they may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour. Defendant will pay (a) the costs of administration and notice (approximately $<mark>_____</mark>), (b) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $198,500) including litigation costs and expenses) and (c) any service award to the Representative Plaintiff awarded by the Court (up to $1,500). The settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

7.    *What claims are Settlement Class Members giving up under the settlement?*

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any Final Judgment entered by the Court and will give up their right to sue Defendant for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.30 of the Class Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.31 of the Class Settlement Agreement and Release. Section 8 of the Class Settlement Agreement and Release explains when such releases will occur.

### Payments to Settlement Class Members

8.    *What kind of payments can Settlement Class Members receive?*

Under the terms of the settlement, if Settlement Class Members experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which they believe in good faith were fairly traceable to the Data Security Incident, They may file a claim for a Reimbursement Award of up to $200.  As part of the $200 reimbursement, if Settlement Class Members spent time researching the Data Security Incident or attempting to ensure the security of their information, they may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour.

10.    *What is a Reimbursement Award?*

Settlement Class Members who, at any time from February 1, 2021 to [<mark>ENTER CLAIMS DEADLINE</mark>], experienced unauthorized or fraudulent charges, other out of pocket losses or lost time that are fairly traceable to the Data Security Incident are eligible to receive a Reimbursement Award of up to $200 as reimbursement for those charges and expenses. The following types expenses may be claimed:

3

- payment card fees or bank fees, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident;

- costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services; and

- Lost time at $20 per hour up to two hours for a total of $40.

You cannot recover for emotional distress. Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award. Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form.

## **Your Options as a Settlement Class Member**

*13.    If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you <u>must</u> complete and submit a Claim Form postmarked or submitted online** at **www._____.com by [INSERT DATE]**.

If you do not want to give up your right to sue Defendant about the Data Security Incident or the issues raised in this case, **you must exclude yourself (or "opt out") from the Settlement Class**. See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

*14.    What happens if I do nothing?*

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendant related to the claims released by the settlement.

*15.    How do I submit a claim?*

You may complete the Claim Form online at **www._____.com.** You may also obtain a paper Claim Form by downloading it at **www._____.com** or by calling the claims administrator at **[INSERT TOLL-FREE NUMBER]**. If you choose to submit a paper Claim Form, you may either submit the completed and signed Claim Form and any supporting materials electronically at **www._____.com** or mail them to: **[INSERT CLAIMS MAILING ADDRESS]**.

4

*16.    Who decides my settlement claim and how do they do it?*

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

*17.    How do I exclude myself from the settlement?*

To opt out of the settlement you must make a signed, written request that (a) says you wish to exclude yourself from the Settlement Class in this Lawsuit and (b) includes your name, address and phone number. You must submit your request through the settlement website (www._____.com) or mail your request to this address:

**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**

Your request must be submitted online or postmarked by **[INSERT DATE].**

*18.    If I exclude myself, can I receive any payment from this settlement?*

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in this Lawsuit.

*19.    If I do not exclude myself, can I sue Defendant for the Data Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Heirloom for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

*20.    How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it and any supporting papers must be mailed to the Clerk of the Court, Settlement Class Counsel and Heirloom's Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, **[INSERT OBJECTION DEADLINE]:**

| Court | *Heirloom's* Counsel |
|---|---|
| Office of the Clerk<br>U.S. District Court for the Northern District of California<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street, Suite 400 S | Spencer Persson<br>Jean M. Fundakowski<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, California 90017 |

5

| | |
|---|---|
| Oakland, California 94612 | |
| **Settlement Class Counsel** | |
| Scott Edward Cole<br>Laura Van Note<br>Cody Alexander Bolce<br>COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, California 94607 | |

To be considered by the Court, your objection must list the name of the Lawsuit: *Jami Zucchero v. Heirloom Roses, Inc., Case No. 4:22-cv-00068-KAW* (Northern District of California) and include all of the following information: (a) your full name, address, telephone number and e-mail address (if any), (b) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the notice you received from Heirloom or the notice of this settlement), (c) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class or to the entire class, (d) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable, (e) the identity of any counsel representing you, (f) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered and (h) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### Court Approval of the Settlement

*21.    How, when and where will the Court decide whether to approve the settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Oakland Courthouse, 1301 Clay Street Oakland, California 94612, before Judge Kandis A. Westmore. Judge Westmore will continue to hold hearings by Zoom or teleconference until further notice. Please visit Judge Westmore's page at https://www.cand.uscourts.gov/judges/westmore-kandis-a-kaw/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are timely

6

objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs and the request for the service award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl to confirm the schedule if you wish to attend.

*22.    Do I have to attend the hearing?*

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*23.    What happens if the Court approves the settlement?*

If the Court approves the settlement and no appeal is takenthe Claims Administrator will pay any attorneys' fees and costs award and Representative Plaintiff's service award. Then, within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

*24.    What happens if the Court does not approve the settlement?*

If the Court does not approve the settlement, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiff and the case will proceed as if no settlement had been attempted.

### **Lawyers for the Settlement Class and Defendant**

*25.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

Scott Edward Cole
Laura Van Note
Cody Alexander Bolce
COLE & VAN NOTE

7

555 12th Street, Suite 1725
Oakland, California 94607
(510) 891-9800

Settlement Class Members will not be charged for the services of Settlement Class Counsel. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

26.    *How will the lawyers for the Settlement Class be paid?*

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees and costs up to $198,500. Settlement Class Counsel will also request approval of a Service Award of $1,500 to Representative Plaintiff.

27.    *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following lawyers:

Spencer Persson
Jean M. Fundakowski
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017

**For Further Information**

28.    *What if I want further information or have questions?*

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Settlement Agreement and Release available at www._____.com, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 25 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl or by visiting the Office of the Clerk, U.S. District Court for the Northern District of California, at the Ronald V. Dellums Federal Building & United States Courthouse at 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

will act as the Claims Administrator for the settlement. You can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

**Please do not contact the Court.**

8

EHXIBIT D

Email/Postcard Notice

Heirloom Rose, Inc. Claims Administrator
PO Box XXXX
XXXXXXXXXX

Unique ID <<UNIQUEID>>

# If you were notified of a Data Security Incident involving Heirloom Roses, Inc., you may be entitled to benefits from a settlement.

A proposed settlement has been reached in a class action lawsuit against Heirloom Roses, Inc. ("Heirloom") related to a security incident that occurred between February and October 2021, and about which Heirloom notified potentially impacted individuals in or around December 2021. The lawsuit claims Heirloom is legally responsible for the Data Security Incident, where names and payment card information of customers may have been accessed and exfiltrated by unauthorized individuals. The lawsuit asserts various legal claims, including negligence and breach of implied contract. Heirloom denies these claims and denies it did anything wrong.

**You are receiving this notice because you may be a Settlement Class Member**. The Settlement Class is defined by the Court as all individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021.

Under the terms of the settlement, if you experienced unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which you believe in good faith were fairly traceable to the Data Security Incident, you may file a claim for a Reimbursement Award of up to $200. If you spent time researching the Data Security Incident or attempting to ensure the security of your information, you may file a claim for a Reimbursement Award for up to 2 hours of time spent at $20 per hour.

The easiest way to submit a claim is online at **www.XXXXXXXXXXX.com** using your Unique ID that is included with this notice. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **MONTH DAY, 20XX**. You can also exclude yourself or object to the Settlement on or before **MONTH DAY, 20XX.** If you do not exclude yourself from the Settlement, you will remain in the Class and will give up the right to sue Heirloom over the claims resolved in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a claim, exclude yourself or object are available at www.XXXXXXXXXXX.com.**

The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX, at X:XX X.m.** At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the hearing at your own expense or pay your own lawyer to attend, but it is not necessary. It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **www.XXXXXXXXXXX.com**.

This notice is a summary. The Settlement Agreement and more information about the lawsuits and Settlement are available at **www.XXXXXXXXXXX.com** or by calling toll-free **1-XXX-XXX-XXXX.**

# EHXIBIT E



555 12th Street, Suite 2100
Oakland, California 94607
Tel: (510) 891-9800
www.colevannote.com

## Firm Resume

Cole & Van Note ("CVN") is a boutique class action firm known for aggressive representation and impressive results in the areas of consumer fraud, data breach, environmental and employment litigation. Founded in 1992, CVN has been devoted primarily to such matters, having litigated hundreds of class actions against businesses of all types and in every industry imaginable. The members of CVN have vast experience prosecuting class/complex actions, both in a sole counsel capacity and in leadership positions, oftentimes among many firms, in California and nationwide litigation. They have published numerous scholarly articles dealing with various substantive issues as well as class action litigation/procedure, speak regularly at public events and/or to legal audiences, and have served as consulting experts in class action litigation. The firm has helped recovered billions of dollars for tens of millions of workers and consumers, been involved in record-setting settlements and judgments and achieved the correction of numerous unlawful practices.

## Shareholders/Associates:

Scott Edward Cole, founder/shareholder, graduated from the University of San Francisco School of Law, practices in all California courts and has extensive leadership experience prosecuting cases in federal courts nationwide. Mr. Cole has authored numerous scholarly publications and serves as highly regarded guest lecturer on issues surrounding class action procedures and negotiation theory. Mr. Cole has been responsible for shaping the law in trial and appellate courts for decades, authored the book "Fallout" and is available to serve as a mediator of class action law disputes.

Credentials: Admitted, California State Bar, December 1992; University of San Francisco School of Law, J.D., 1992; President, University of San Francisco Labor & Employment Law Society; San Francisco State University, B.A., Speech Communications (Individual Major in Rhetoric), 1989, Minor Study in Business Administration, 1989; Admitted, United States District Court for all California Districts and in numerous additional states; Admitted, United States Court of Appeals (9th Circuit). Additionally, Mr. Cole is a former National Association of Securities Dealers Registered Representative (Series 7) and is/has been a member of the Association of Trial Lawyers of America, California Employment Lawyers Association, American Bar Association, Alameda County Bar Association (e.g., Vice Chair of ACBA's Labor & Employment Law Section Executive Committee), National Employment Lawyers Association and a U.S. Delegate to the

InterAmerican Meeting of Labor and Trade Union Lawyers, Havana, Cuba (March 2012). Mr. Cole is also the author of "Fallout," a story based upon his experiences litigating after the 1994 airborne release of toxic chemicals by the Unocal Corporation (also used by various law schools in the curriculum for first year law students).

<u>Laura Van Note</u>, shareholder, is an aggressive and skilled advocate and leads the firm's hiring and career outreach efforts. A 2013 graduate of the University of Missouri, Kansas City School of Law, her practice has focused primarily on class action representation of data breach victims and in employment/civil rights litigation. With a near-perfect track record for results, Ms. Van Note appears in all California courts, is also licensed in Missouri and Kansas and maintains various professional affiliations.

Credentials: University of Missouri, Kansas City School of Law (2013, Order of the Barrister, Dean's List), Captain of the National Trial Advocacy Team, President of the American Constitutional Society for Law and Policy, Teaching Assistant to the Directory of Advocacy; Graduate, University of Missouri, Kansas City (Bachelor of Arts in History, Minor in French); Member, State Bar of California (Admitted 2016), State Bar of Missouri (Admitted 2013), State Bar of Kansas (Admitted 2015); Admitted, Federal District Courts in California, Missouri, and Kansas.

<u>Molly Munson Cherala</u>, associate attorney, graduated from the University of Georgia School of Law and was the recipient of the Dean and Virginia Rusk Scholarship and Georgia Civil Justice Trial Advocacy Scholarship. While in law school, Ms. Cherala was recognized for her legal acumen and served as a member of the Orr Inn of Court, W. Homer Drake Jr. Bankruptcy Inn of Court and the Moot Court Team. Ms. Cherala utilized her legal skills to serve the local community as an intern with East Bay Community Law Center in Berkeley, California and the Department of Justice's United States Trustee Program in Atlanta, Georgia.

Credentials: Admitted California State Bar, June 2019; University of Georgia Law J.D., 2018; University of Chicago; B.A. International Studies, 2013; Graduated with Honors, Dean's List, Delta Gamma Lamp of Knowledge, Admitted, United States District Court (Northern District) 2019, California Lawyers Association, Member 2019-Present, American Legion Auxiliary, Member 2012-Present.

<u>Elizabeth Ruth Klos</u>, associate attorney, graduated from the University of Southern California Gould School of Law with a merit scholarship in 2022. During law school, Ms. Klos worked as a research assistant for the USC Law Library, while also achieving honors grades in courses such as Contracts, Labor Law, Torts, Mediation and Constitutional Law. Ms. Klos developed her passion for litigation through diverse experiences at the Hillsborough County Public Defender's office, a boutique family law practice in Los Angeles, and clerking under Judge Valerie Salkin at the Los Angeles Superior Court. At CVN, Ms. Klos utilizes her litigation experience in the areas of class action, consumer and data breach law.

Credentials: Admitted, California State Bar, December 2022; University of Southern California Gould School of Law, J.D., 2022; New College of Florida, B.A. in Liberal Arts (dual Area of

Concentration in Political Science and History), 2016.

**CVN Scholarly Publications (*Partial List Only*):**

Scott Edward Cole & Matthew Roland Bainer, *The Quest for Class Certification*, Employment Law Strategist (Sept. & Oct. 2003).

Scott Edward Cole & Matthew Roland Bainer, *To Be or Not to Be a Penalty: Defining the Recovery Under California's Meal and Rest Period Provisions*, Golden Gate U. L. Rev. (Spring 2005).

Scott Edward Cole & Matthew Roland Bainer, *To Certify or Not to Certify: A Circuit-By-Circuit Primer of the Varying Standards for Class Certification in Actions under the Federal Labors Standards Act*, B.U. Pub. Int. L.J. (Spring 2004).

Scott Edward Cole, *Kullar v. Footlocker Retail, Inc.: A New Standard for Class Action Settlement Approval*, CELA Bulletin (April 2009).

Matthew Roland Bainer, *Ninth Circuit Provides Much Needed Guidance on Evidentiary Burdens in Overtime Misclassification Litigation,* CELA Bulletin (May 2009).

Kevin Robert Allen, *Putting the "Rest" Back in Rest Break,* Alameda County Bar Association - Labor & Employment Section News (Autumn 2009).

Michael Scott Lubofsky, *Barristers to Blogs: Softening Ethical Restrictions in the Digital Age,* Los Angeles Daily Journal (June 14, 2010).

**Representative Sample of Class Action/Complex Litigation Matters (*Partial List Only*):**

Our firm has represented, directly or indirectly, millions of individuals in thousands of legal disputes, including several hundred class actions and/or complex litigation cases. For three decades, the firm has amassed extensive experience litigating data breach, wage and hour, environmental, and other personal injury and commercial cases. Today, the firm almost exclusively prosecutes multi-state data breach class actions. Drawing from various areas of law, examples of the range of our practice include:

<u>Augustus/Davis v. ABM Security Services, Inc (aka American Comm. Security Service, Inc.</u>
Superior Court of California, County of Los Angeles, Case No. BC336416
  Our firm filed this action for violations of California law for denial of meal and rest periods toward security guards. The action achieved class certification status in 2009. Following summary judgment proceedings, a judgment of over $89 million was entered against the defendant(s). The judgment hinged on the issue of whether "on-duty" rest breaks were legally sufficient. After the Court of Appeal ruled against Plaintiffs on the issue, the case went to the California Supreme Court where Plaintiffs prevailed and, in so doing, created a new legal standard clarifying that "on-duty" rest breaks are invalid. After 12 years of litigation, a judgment and substantial appellate work, this matter resolved for $110

million.

Bower, et al. v. Steel River Systems LLC
Illinois Fourteenth Judicial Circuit Court (Whiteside County), Case No. 2023-LA-000006
> This action arose out of Steel River Systems' 2022 data breach which affected numerous consumers and/or employees. This action has settled.

Bulow, et al. v. Wells Fargo Investments, LLC
United States District Court, Northern District of California, Case No. 3:06-CV-7924
> This matter was filed as a nation-wide class action against Wells Fargo Investments, on behalf of its Financial Consultants to recover overtime pay, compensation for denied meal and rest periods (California only) and reimbursement for business related service and supply expenses (California only). This matter settled for $6.9 million.

Cano, et al. v. United Parcel Service, Inc.
Superior Court of California, County of Alameda, Case No. RG03089266
> This wage and hour complex litigation matter involved the alleged misclassification of overtime non-exempt Operations Management Specialists, Operational Excellence Specialists and/or Industrial Engineering Specialist at this company's California facilities. This action settled in 2004 for $4.5 million.

Chaidez, et al. v. Odwalla, Inc.
Superior Court of California, County of San Mateo, Case No. CIV430598
> This wage and hour complex litigation matter involved the alleged misclassification of overtime non-exempt California Route Sales Representatives. CVN served as primary counsel for this proposed class of employees. This action settled for $2.2 million.

CKE Overtime Cases
Superior Court of California, County of Los Angeles, Case No. BC283274 (JCCP No. 4274)
> This class action was brought against fast food chain Carl's Jr. for violations of California's overtime laws on behalf of the company's California restaurant chain Managers. The coordinated litigation settled for up to $9.0 million in 2004.

Davis, et al. v. Universal Protection Security Systems, Inc., et al.
Superior Court of California, County of San Francisco, Case No. CGC-09-495528
> Our firm filed a claim in 2009 against Universal Protection Security Systems, Inc. for violations of California law for denial of meal and rest periods toward security guards. This case settled in 2013 for $4 million.

Despres (Cornn), et al. v. United Parcel Service, Inc.
United States District Court, Northern District of California, Case No. 3:03-CV-02001
> This wage and hour class action litigation was brought to remedy violations of meal and rest period regulations on behalf of the company's California ground delivery drivers. CVN served as co-counsel for the certified class of drivers. This action settled for $87 million, an unprecedented settlement amount for such claims.

Escow-Fulton, et al. v. Sports and Fitness Clubs of America dba 24 Hour Fitness USA, Inc.
Superior Court of California, County of San Diego County, Case Nos. GIC881669/GIC873193)

> Our firm filed this class action on behalf of the company's California "Group X" Instructors to recover regular and overtime pay, related penalties and un-reimbursed expenses. The action achieved class certification status in 2009. In 2011, the parties agreed to settle the expense reimbursement claims for $10 million. The parties then filed cross-motions for summary adjudication and on August 2, 2011, the court issued an Order finding 24 Hour Fitness' session rate compensation scheme to be an invalid piece rate. The parties then agreed to settle the unpaid wage claims for another $9 million, and the summary adjudication order was vacated pursuant to settlement.

Fedorys, et al. v. Ethos Group, Inc.
United States District Court, Northern District of Texas, Case No. 3:22-cv-02573-M

> This action arose out of Ethos Group's 2022 data breach which affected at least 267,000 consumers. Cole & Van Note was appointed co-lead class counsel.

Hakeem v. Universal Protection Service, LP
Superior Court of California, County of Sacramento, Case Nos. 34-2020-00286228-CU-OE-GDS; 34-201900270901-CU-OE-GDS

> After an exhaustive multi-year process including venue transfer, consolidation, migration of litigants from one case to the other, multiple appeals and hard-fought litigation, these security guards class actions achieved a consolidated judgment for $10 million.

Henderson, et al. v. Reventics, LLC
United States District Court, District of Colorado, Case No. 1:23-cv-00586-MEH

> This action arose out of Reventics' massive 2022 data breach which affected, potentially, millions of patients, consumers and/or employees. Cole & Van Note was appointed co-lead class counsel.

Hinds v. Community Medical Centers
United States District Court, Eastern District of California, Case No. 2:22-cv-01207-JAM-AC

> This action arose out of Community Medical Centers' massive data breach in 2021 which affected countless patients, consumers and/or employees. After reviewing competing requests for leadership over these consolidated actions, Cole & Van Note was appointed by the court to a co-lead counsel position.

In Re Walgreen Co. Wage and Hour Litigation
United States District Court, Central District of California, Case No. 2:11-CV-07664

> Our firm served as court-appointed Lead Counsel after an adversarial hearing process in this consolidated action of nine lawsuits bringing a variety of wage and hour claims on behalf of California workers. The case settled for $23 million.

In Re: Apple Inc. Device Performance Litigation
United States District Court, Northern District of California, Case No. 5:18-md-02827-EJD

Following Apple's December 2017 admission that it throttled back performance of its iPhones (versions 6, 6 Plus, 6s, 6s Plus, SE, 7, and 7 Plus) to mask the problem of defective batteries and unexpected iPhone shut-downs, Cole & Van Note filed a class action to recover damages for consumers nationwide. This action settled for $500 million. Cole & Van Note served on the Plaintiffs' Steering Committee.

In Re: Rackspace Security Litigation

United States District Court, Western District of Texas, Case No. SA-22-cv-01296

This action arises out of Rackspace Technology's 2022 massive ransomware event which shut down functionality for tens of thousands of individuals and businesses across the Unites States and overseas. Cole & Van Note serves as court-appointed lead counsel for the nationwide class and representative plaintiffs from over 30 states.

In Re Tosco SFR Litigation

Superior Court of California, County of Contra Costa, Case No. C97-01637

During incidents on April 16, 1997, and January 7, 1998, the Tosco Refinery in Rodeo, California released airborne toxic chemicals. These harmful substances traveled into neighboring communities,  seriously affecting the health of citizens and local workers. CVN served as Lead Counsel in this complex litigation and represented thousands of members of the community in that role. CVN settled this matter for $2.5 million, the funds from which were disbursed to over 2,000 claimants who participated in the settlement.

In Re Unocal Refinery Litigation

Superior Court of California, County of Contra Costa, Case No. C94-04141

In response to Unocal's 16-day airborne release of chemicals over the County of Contra Costa in 1994, CVN filed a class action against the corporation on behalf of thousands of victims and thereafter served as one of a handful of firms (among dozens of law firms of record) on the Plaintiffs' Steering Committee. After hard-fought litigation, the matter eventually settled for $80 million. This case is the context for Mr. Cole's book "Fallout," published in 2018 (2605 Media LLC).

In Re Westley Tire Fire Litigation

Superior Court of California, County of Santa Clara, Case No. CV 801282

On September 22, 1999, lightning struck and ignited a pile of approximately 7 million illegally stored waste tires in Westley, California, a town about 70 miles east of San Francisco. Over the subsequent five weeks, the fire spewed smoke and carcinogens over a large portion of the State of California. CVN served as the (sole) Lead and (shared) Liaison Counsel over a Plaintiffs' Steering/Management Committee in the consolidated actions against the owners and operators of this tire pile and related entities. These cases sought compensation for those individuals and businesses suffering personal and/or property damages as a result of these toxic substances and the fire's fall-out. In 2001, CVN reached a settlement with one defendant (CMS Generation Co.) for $9 million. In 2003, the Court granted final approval of the settlement. In 2005, two of the remaining defendants settled for roughly $1.4 million (over $10 million aggregate).

<u>Kowarsky v. American Family Life Insurance Company</u>
U.S.D.C. Western District of Wisconsin, Case No. 3:22-cv-00377
> This case involves a data breach in which a flaw in the Defendant's website allowed cybercriminals to obtain driver's license numbers, at least some of which were subsequently used to fraudulently apply for government benefits.

<u>Kullar v. Foot Locker, Inc.</u>
Superior Court of California, County of San Francisco, Case No. CGC-05-447044
> This action was brought on behalf of California employees allegedly forced to purchase shoes of a distinctive color or design as a term and condition of their employment and in violation of state law. After the Court approved a multi-million settlement, two separate appeals challenged the settlement, but the Court of Appeal affirmed the trial court's judgment. This case has now established in California what's known as the "*Kullar standard*" for court approval of class action settlements.

<u>Lett v. TTEC</u>
U.S.D.C. Northern District of California, Case No. 3:22-cv-00018
> This action arose out of TTEC Service Corporation's massive data breach in 2021 which affected countless patients, consumers and employees. CVN helped negotiate a $2.5 million maximum settlement for the class of victims.

<u>Mambuki, et al. v. Securitas Security Services USA, Inc.</u>
Superior Court of California, County of Santa Clara, Case No. 1-05-CV-047499 (JCCP No. 4460)
> Our firm filed a claim against this defendant for violations of California law (for denial of meal and rest periods) on behalf of the company's California-based security guards. This coordinated proceeding settled in 2008 for $15 million.

<u>Mendoza v. CaptureRx</u>
United States District Court, Western District of Texas, Case No. 5:21-CV-00523-OLG
> This class action against NEC Networks, LLC, d/b/a CaptureRx ("CaptureRx"), as well as Rite Aid and Community Health Centers of the Central Coast arising out of the massive data breach in 2021 which affected a minimum of 1.6 million people. The hacked information included sensitive personally identifiable information and personal health information. These consolidated cases settled in 2022 for a total value of at least $4.75 million.

<u>O'Brien v. Edward D. Jones & Co., LP.</u>
United States District Court, Northern District of Ohio, Case No. 1:08-CV-00529
> We filed a nation-wide (and New York State) class action against this financial securities company on behalf of the company's financial services representatives to recover overtime pay and related penalties. CVN served on a Lead Counsel Committee in this action, which settled in 2007 for $19 million.

<u>Onyeige, et al. v. Union Telecard Alliance, LLC</u>
U.S.D.C. Northern District of California, Case No. 3:05-CV-03971; MDL No. 1550
 Our firm filed an action against Union Telecard Alliance, LLC alleging negligent misrepresentation and deceptive advertising practices related to its marketing of pre-paid telephone calling cards. This action settled for $22 million.

<u>John Prutsman, et al. v. Nonstop Administration and Insurance Services, Inc.</u>
United States District Court, Northern District of California, Case No. 3:23-cv-01131-VC
 This action arose out of Nonstop's massive 2022 data breach which affecting consumers, employees and health care affiliates. Cole & Van Note was appointed co-lead class counsel.

<u>Ramirez, et al. v. The Coca Cola Company, et al.</u>
Superior Court of California, County of San Bernardino, Case No. RCV 056388 (JCCP No. 4280)
 This is one of two companion actions CVN prosecuted against this soft drink giant for violations of California's overtime laws. This action was brought on behalf of over 4,000 hourly workers at the company's bottling, distribution and sales centers who were allegedly forced to work "off-the-clock" for Coca Cola and/or whose time records were ordered modified by the company. This well-publicized action settled for $12 million and on very favorable terms for the claimants. CVN filed the first action on these issues and ultimately worked with co-counsel for the proposed class of workers.

<u>Riordan, et al. v. Western Digital Corp.</u>
U.S.D.C. Northern District of California, Case No. 5:21-CV-06074
 This action arose out of the well-publicized widespread criminal data deletion of consumer hard drives in 2021. According to the lawsuit, the company knew of vulnerabilities in, at least, six of its products for years which ultimately led to the erasure of data for countless purchasers of these products. CVN serves as sole counsel for the victims.

<u>Roman, et al. v. HanesBrands, Inc.</u>
United States District Court, Central District of California, Case No. 5:22-cv-01770
 This case involves a data breach of HanesBrands' network system in which personal health information was accessed and/or reviewed by cybercriminals.

<u>Thomas, et al. v. Cal. State Auto. Assoc., et al.</u>
Superior Court of California, County of Alameda, Case No. CH217752
 Our firm filed this class action litigation on behalf of all California claims adjusters working for CSAA after mid-January 1997. This lawsuit alleged that, during those years, CSAA mis-classified these workers as exempt "administrators" and refused to pay them for overtime hours worked. This lawsuit settled for $8 million. CVN commenced this action and served as co-counsel for the nearly 1,200 claims representatives.

<u>Tierno v. Rite Aid Corporation</u>
United States District Court, Northern District of California, Case No. 3:05-CV-02520
 Our firm filed this action against Rite Aid Corporation on behalf of its salaried California

Store Managers. It was alleged that defendant, purportedly the nation's third largest drug store chain, failed to pay overtime to those workers and denied them their meal and rest periods. In 2006, the federal court certified the class in this action, and approved a $6.9 million non-reversionary settlement in 2009.

Tsvetanova v. Regents of the University of California, d/b/a U.C. San Diego Health
Superior Court of California, County of San Diego, Case No. 37-2021-00039888-CU-PO-CTL
This action arises out of U.C. San Diego Health's massive data breach between December 2020 and April 2021 which affected countless patients, consumers and employees. After reviewing numerous requests for leadership over these consolidated actions, Cole & Van Note was appointed by the court to a co-lead class counsel position.

Ward v. Anderson McFarland & Conners LLC
Superior Court of California, County of Los Angeles, Case No. 20CV00611
Our firm filed this case in connection with a data breach that affected the information the firm's clients, adversarial parties, etc. This action has settled.

Witriol, et al. v. LexisNexis., et al.
U.S.D.C., Southern District of California, Case No. 3:06-CV-02360
Our firm filed an action against this company for its unlawful disclosure of private credit, financial and/or other personal information. This action settled for up to $2.8 million.

Zucchero v. Heirloom Roses, Inc.
U.S.D.C. Northern District of California, Case No. 4:22-cv-00068
CVN filed this case in connection with a 2021 data breach that hacked the information of the company's mostly online customers. This action has resolved.

**Notable Appellate Experience:**

CVN has substantial appellate experience, highlighted by the examples below. For other appellate and/or unreported opinions, please contact our firm.

Augustus, et al. v. ABM Security Services, Inc. (2016) 2 Cal.5th 257 (Case No. S224853)

Baddie v. Berkeley Farms, Inc. (9th Cir. 1995) 64 F.3d 487 (Case No. 93-17187)

Dunbar v. Albertson's, Inc. (2006) 141 Cal.App.4th 1422 (First Dist., Division 1, Case No., A111153)

In Re Certified Tired and Service Centers Wage and Hour Cases (Cal. Supreme Ct. Case No. S252517)

Kullar v. Foot Locker Retail, Inc. (2008) 168 Cal.App.4th 116 (Case No. A119697)

Montano v. The Wet Seal Retail, Inc. (2015) Not Reported in Cal.App.4th (2015 Cal. App. LEXIS 1199, Second District, Division 4, Case No. B244107)

<u>O'Hara v. Factory 2-U Stores, Inc.</u> (2003) Not Reported in Cal.Rptr.3d, 2003 WL 22451991 (First District, Division 4, Case No. A101452)

<u>Taylor v. Park Place Asset Management, et al.</u> (1999) (First Dist., Division 5, Case No. A086407)

<u>Whiteway v. Fedex Kinko's Office and Print Services</u> (9th Cir. 2009) 319 Fed.Appx. 688 (Case No. 07-16696)

Cole & Van Note • Class Action Attorneys
555 12th Street, Suite 2100, Oakland, CA 94607
Tel: (510) 891-9800 • Web:  www.colevannote.com
