1   Scott Edward Cole, Esq. (S.B. #160744)
    Laura Grace Van Note, Esq. (S.B. #310160)
2   **COLE & VAN NOTE**
    555 12th Street, Suite 2100
3   Oakland, California 94607
    Telephone: (510) 891-9800
4   Facsimile:  (510) 891-7030
    Email:  sec@colevannote.com
5   Email:  lvn@colevannote.com
    Web:    www.colevannote.com
6

7   Attorneys for Representative Plaintiff

8   Spencer Persson (S.B. #235054)
    Jean Fundakowski (S.B. #328796)
9   **DAVIS WRIGHT TREMAINE LLP**
    865 South Figueroa Street, 24th Floor
10  Los Angeles, California 90017-2566
    Telephone: (213) 633-6800
11  Facsimile:  (213) 633-6899
    Email: spencerpersson@dwt.com
12  Email: jeanfundakowski@dwt.com

13  Attorneys for Defendant

14

15              **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                    **OAKLAND DIVISION**

18

19  JAMI ZUCCHERO, individually and on       **Case No. 4:22-cv-00068-KAW**
    behalf of all others similarly situated,
20                                            **CLASS ACTION**
                              Plaintiff,
21  v.                                        **SUPPLEMENTAL BRIEFING ON MOTION**
                                              **FOR PRELIMINARY APPROVAL**
22  HEIRLOOM ROSES, INC.,
                                              **Date:        November 2, 2023**
23                            Defendant.      **Time:        1:30 P.M.**
                                              **Judge:       Hon. Kandis A. Westmore**
24

25

26          Parties, by and through their counsel, respectfully submit the following Supplemental

27  Briefing on Motion for Preliminary Approval following the Court's September 14, 2023 Order

28  (Dkt. No 56), issued by the Honorable Kandis A. Westmore. The Parties offer the following

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  supplemental briefing to the Court regarding the Motion for Preliminary Approval in order to
2  clarify issues noted through the aforementioned Order.

3  **A. Range of Reasonableness**

4  1. Appropriateness of a Claims-Made Settlement

5  In accordance with the Court's request, the Parties submit herewith a compendium of
6  approved settlement structures on a claims-made basis. The Court is correct that there is no
7  common fund in the proposed settlement. Instead, only those Class Members who submit claims
8  will be given a monetary payment. However, unlike some claims-made settlements, there is no cap
9  on these claims. In theory, each class member could make a claim, resulting in a payment by
10  Defendant of over $10 million. A claims rate of 2-3% is more likely in this case, which would
11  result in a payment by Defendant of around $75,000. Though Defendant estimates that only 2.3%
12  of the Class Members will make a claim, it has intentionally left the settlement uncapped, allowing
13  a potential exposure of over $10 million. As further detailed in the Declaration of Spencer
14  Persson,[1] this is a potentially better outcome for the Class than settlements approved in other
15  payment card cases, such as *In re Hanna Andersson & Salesforce.com Data Breach Litig.*, Case
16  No. 20-cv-812, 2020 WL 10054678 (N.D. Cal. 2000) and *Pygin v. Bombas*, 20-cv-4412 (*see* Dkt.
17  63), 2021 WL 6496777 (N.D. Cal. 2021), wherein the settlements resulted in a capped fund.

18  A claims-made settlement is appropriate especially in a case such as this one, where only
19  financial account numbers were exfiltrated and where lost time is demonstrated to be the only
20  injury which confers standing to bring this claim before the Court. Each Class Member's damage
21  is estimated to be relatively small, but the lack of a common fund or a cap permits the appropriate
22  recovery for a maximum number of Class Members.

23

24

25

26

---

27  [1] Defendant's response to this Court's request is fully set forth in the Declaration of Spencer Persson, including its
   analysis of this Court's Orders on the motions to dismiss, the likelihood that a lost time case could be certified, its
28  analysis of the settlements referenced by the Court, and its analysis of similar settlements, including claims made
   settlements without a fund or with reversionary components.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

If the Court denies approval based on the lack of a fund, Defendant may be willing to offer a fund commensurate to the ones in *In re Hanna Andersson* and *Pygin* and those cited by this Court.[2]

### 2. Cap on Recovery for Claims by Class Members

The $200 limit per Class Member (and the two-hour cap) is appropriate because of the type of information compromised in this breach, and the amount of time Class Members are expected to have spent responding to the breach, on average. Unlike data breach incidents which result in the exfiltration of extremely sensitive information that could lead to identity theft or longstanding fraud (such as Social Security numbers), Defendant's data breach concerned only payment card information. As detailed in the Declaration of Spencer Persson, remedying payment card fraud is unlikely to result in a time investment of longer than two hours. Moreover, the Class Members who were subjected to fraud would likely be able to get reimbursed by their banks, making extraordinary claims unlikely. Thus, the $200 limit is appropriate in this case.

### 3. Analysis of Strengths and Weaknesses of Plaintiff's Claims

As further detailed in the Declaration of Spencer Persson, one of the primary weaknesses of Plaintiff's claims stems from this Court's Order on Defendant's Motion to Dismiss. While Plaintiff's lost time was sufficient to show injury, and Plaintiff's negligence, breach of implied contract claims, and breach of the implied covenant of good faith and fair dealing claims survived, damages on these claims would be limited to the value of lost time. The Court explicitly rejected Plaintiff's argument that she demonstrated "an increased risk of future harm," or that her information had diminished in value. Dkt. 24 at 6. Thus, any damages that Class Members had would be restricted to their lost time, and the variation in this lost time could, potentially, lead to difficulties at the class certification stage. Thus, while Plaintiff believes she has strong claims surrounding her lost time in responding to the data breach, Plaintiff recognizes that the damages in this case are not as strong as they are in other cases, that the threat of future identity theft or

---

[2] *See* Persson Decl., ¶ 17.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   other injury is not imminent or traceable to the breach, and that class certification would be heavily

2   disputed. Thus, settlement at this stage of the litigation demonstrates a favorable result to the Class.

3   **B.  Released Claims**

4        The claims released in the settlement are: any and all claims, causes of action of every kind

5   and description, liabilities, rights, demands, suits, matters, obligations and damages (including

6   consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages,

7   attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether

8   in law or in equity, that the Settlement Class Members (and their respective heirs, administrators,

9   representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries,

10  administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers,

11  reinsurers and insurance brokers of each of Plaintiff, Settlement Class Counsel and the Settlement

12  Class Members and all other legal or natural persons who may claim by, through or under them

13  who have not excluded themselves from the Settlement Class) had, have or may have against

14  Heirloom or the Released Parties that result from, arise out of, are based upon, or relate to the data

15  breach. For the avoidance of doubt, Released Claims include all claims asserted or that could have

16  been asserted in the Litigation or any other suit or pleading in any other court or forum arising out

17  of, based upon or related in any way to the Data Security Incident, including without limitations

18  any claims (including common law and statutory claims), actions, causes of action, demands,

19  damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (a)

20  the alleged theft, exposure or disclosure of Settlement Class Members' Personal Information, (b)

21  the maintenance and storage of Settlement Class Members' Personal Information, (c) Heirloom's

22  information security policies and practices and /or (d) Heirloom's notice or alleged lack of timely

23  notice of the Data Security Incident to Settlement Class Members. "Released Claims" does not

24  include the right of any Settlement Class Member or any of the Released Parties to enforce the

25  terms of the Class Settlement Agreement and shall not include any claims of Settlement Class

26  Members who have timely excluded themselves from the Settlement Class.  Only Plaintiff

27  Zucchero is providing a general release of any and all known and unknown claims, and waiving

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

the provisions, rights, and benefits of California Civil Code section 1542 and any federal or state equivalents, secured in significant part through the incentive award payment.

**C.  Other Cases Affected by the Settlement**

The Parties are not aware of any other cases that would be affected by the proposed settlement.

**D.  Class Action Fairness Act ("CAFA") Notice**

Plaintiff's counsel is informed, and Defendant's Counsel confirms in his declaration, that the CAFA notice was sent out within ten days of filing the Motion for Preliminary approval, in accordance with 28 U.S.C. § 1715(b) and the Settlement Agreement.

**E.  Attorney's Fees and Costs**

Plaintiff's counsel will seek an award of $198,500 for fees. To date, Plaintiff's counsel has spent 517.50 hours on this case, totaling $259,105.50 in fees incurred. Plaintiff's counsel has incurred an additional $6,133.48 in costs. The hourly rates for those individuals who worked on this case, and a description of their respective experience and positions, are outlined in **Exhibit 2**. This request would result in a negative multiplier.

**F.  Class Notice**

The Class Notice has been revised to refer to ¶ 1.29 ("Released Claims") and ¶ 1.30 ("Released Parties"). The Class Notice has also been revised to advise class members who wish to object that they need to provide written notice to the Court only, and not to Settlement Class Counsel or Defendant's Counsel. Finally, the Class Notice has been carefully reviewed to correct any typographical errors.

Dated: October 6, 2023                    **COLE & VAN NOTE**

                                        */s/ Laura Van Note*
                                    Laura Van Note, Esq.
                                Attorneys for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1

2

Dated: October 6, 2023                  **DAVIS, WRIGHT, TREMAINE LLP**

3

4
                                        */s/ Spencer Persson*
                                        Spencer Persson, Esq.
5                                       Attorneys for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800