1    Scott Edward Cole, Esq. (S.B. #160744)
     Laura Grace Van Note, Esq. (S.B. #310160)
2    **COLE & VAN NOTE**
     555 12th Street, Suite 2100
3    Oakland, California 94607
     Telephone: (510) 891-9800
4    Facsimile:  (510) 891-7030
     Email:  sec@colevannote.com
5    Email:  lvn@colevannote.com
     Web:    www.colevannote.com
6

7    Attorneys for Representative Plaintiff

8    Spencer Persson (S.B. #235054)
     Jean Fundakowski (S.B. #328796)
9    **DAVIS WRIGHT TREMAINE LLP**
     865 South Figueroa Street, 24th Floor
10   Los Angeles, California 90017-2566
     Telephone: (213) 633-6800
11   Facsimile:  (213) 633-6899
     Email: spencerpersson@dwt.com
12   Email: jeanfundakowski@dwt.com

13   Attorneys for Defendant

14

15                **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                     **OAKLAND DIVISION**

18

19   JAMI ZUCCHERO, individually and on      | Case No. 4:22-cv-00068-KAW
     behalf of all others similarly situated,
20                                            | **CLASS ACTION**
                            Plaintiff,
21   v.                                       | **SUPPLEMENTAL BRIEFING ON MOTION
                                              | FOR PRELIMINARY APPROVAL**
22   HEIRLOOM ROSES, INC.,
                                              | Date:        **November 16, 2023**
23                          Defendant.        | Time:        **1:30 P.M.**
                                              | Judge:       **Hon. Kandis A. Westmore**
24

25

26        Parties, by and through their counsel, respectfully submit the following Supplemental

27   Briefing on Motion for Preliminary Approval following the Court's October 24, 2023 Order (Dkt.

28   No 67), issued by the Honorable Kandis A. Westmore. The Parties offer the following

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  supplemental briefing to the Court regarding the Motion for Preliminary Approval in order to
2  clarify issues noted through the aforementioned Order.

3  **A. Range of Reasonableness**

4  1. Plaintiff's Expected Recovery

5  At trial, Plaintiff's damages would have been limited to lost time and reimbursement for
6  actual damages for reasons articulated by the Court in its ruling on Defendant's Motion to Dismiss.
7  Given that only credit card information was impacted by the Breach, and fraudulent charges must
8  be reimbursed by law and are indemnified by the credit card companies, the potential for
9  extraordinary loss is essentially zero. As such, Class Counsel agrees with Defense Counsel that a
10  reasonable estimate for recovery at trial for lost time could average to $45/per Class Member. If
11  lost time damages could be shown on a class wide basis and for all members of the class, a total
12  trial recovery of about $2.3 million would be possible if plaintiff prevailed on all claims.

13  Under the Settlement, Class Members may make claims for lost time and reimbursement
14  for any actual damages, up to $200/per Class Member. Class Members who have higher than
15  average or more significant damages are more likely to submit a Claim under any settlement,
16  especially here where most class members would have no damages at all. As such, assuming a 3%
17  claims rate, at $200/per Class Member, this equals a value of $312,600. This, combined with the
18  value of the security enhancements (as further documented below and in Defense Counsel's
19  Declaration), results in a Settlement value of approximately $812,600.

20  Considering the risks of further litigation, the difficulty attaining class certification and
21  other weaknesses that Class Counsel articulated in its first Supplemental Briefing, as well as the
22  fact that any potential Class Member with extraordinary damages can (and likely would) opt-out
23  of participating in the class (whether at settlement or class certification), Class Counsel believes
24  this is a fair, adequate and reasonable Settlement which provides ample benefit to the Class. Class
25  Counsel welcomes the opportunity to discuss these values and the analysis further at the hearing
26  scheduled for November 16, 2023.

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

2.  Value of Proposed Security Enhancements

As further detailed in the Declaration of Spencer Persson, attached as **Exhibit 1,** the value of the proposed security enhancements is $500,000.

**B.  Released Claims**

The Class is not required to release Unknown Claims unrelated to the security incident under the Settlement Agreement. Only Plaintiff Zucchero is providing a general release of any and all known and unknown claims.

**C.  Attorney's Fees and Costs**

Plaintiff's counsel has outlined in **Exhibit 2** the hourly rates for those individuals who worked on this case, and a description of their respective experience and positions.

**D.  Class Notice**

The Class Notice has been revised to include new Class Counsel, and to remove Cody Bolce as Class Counsel.  It is attached as **Exhibit 3**.

Dated: November 3, 2023                    **COLE & VAN NOTE**

                                           */s/ Laura Van Note*
                                           Laura Van Note, Esq.
                                           Attorneys for Representative Plaintiff

Dated: November 3, 2023                    **DAVIS WRIGHT TREMAINE LLP**

                                           */s/ Spencer Persson*
                                           Spencer Persson, Esq.
                                           Attorneys for Defendant

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# Exhibit A

SPENCER PERSSON (State Bar No. 235054)
    spencerpersson@dwt.com
JEAN FUNDAKOWSKI (State Bar No. 328796)
    jeanfundakowski@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:    (213) 633-6800
Fax:    (213) 633-6899

Attorneys for Defendant
HEIRLOOM ROSES, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMI ZUCCHERO, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>HEIRLOOM ROSES, INC.,<br><br>            Defendant. | Case No. 4:22-cv-00068-KAW<br><br>**DECLARATION OF SPENCER PERSSON IN SUPPORT OF SECOND SUPPLEMENTAL BRIEF ON MOTION FOR PRELIMINARY APPROVAL**<br><br>Date:      November 16, 2023<br>Time:     1:30 pm<br>Judge:    Hon. Kandis A. Westmore<br>Courtroom:  TBD<br><br>Complaint Filed: January 6, 2022 |

DAVIS WRIGHT TREMAINE LLP

Case No. 4:22-cv-00068-KAW

DECLARATION OF SPENCER PERSSON IN SUPPORT OF
SECOND SUPPLEMENTAL BRIEF

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

I, Spencer Persson, declare and state as follows:

1.     I am an attorney admitted to practice before this Court and all courts in the State of California, and am a partner at Davis Wright Tremaine LLP, attorneys of record for Defendant Heirloom Roses, Inc. ("Heirloom Roses") in the matter of *Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068.  I submit this declaration in support of the Second Supplemental Brief on Motion for Preliminary Approval.  I have personal knowledge of or have been informed of the following facts in consultation with my client and, if called as a witness, could and would competently testify thereto.

## PLAINTIFF'S EXPECTED RECOVERY IF CASE HAD BEEN SUCCESSFUL

2.     Heirloom Roses settled this case due to the costs associated with continuing to litigate, and not because it believed that Plaintiff Jami Zucchero ("Zucchero") could obtain class certification or prevail on the merits.  For the reasons set forth in my prior declaration, the fact that Zucchero has not incurred any fraudulent charges, could not have had her identity stolen, and merely spent some undefined period of time "verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts, and seeking legal counsel" [Complaint, ¶ 20], would necessarily limit any recovery in this matter.

3.     Indeed, even if a class could have been certified in this matter, it would have been seemingly limited to a class of persons who had "lost time spent dealing with the data breach," as there is no evidence that anyone suffered any actual financial loss as a result of the incident.  Dkt. 24 at 7.  Most persons who received notice of the incident likely spent no time whatsoever worrying about the incident, a fact corroborated by the low opt-in rate for the complimentary identity protection and credit monitoring service offered by Heirloom Roses.  According to Heirloom Roses' security vendor, only 2.3% (approximately 1,200 persons) of the potentially impacted customers activated Heirloom Roses' complimentary identity protection and credit monitoring service.  It is that portion of people who might have been able to recover something on the merits.  As set forth in my previous declaration, it is difficult to imagine any class member spending more than two hours investigating the incident where fraudulent charges can typically be contested

DECLARATION OF SPENCER PERSSON IN SUPPORT OF
SECOND SUPPLEMENTAL BRIEF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

DAVIS WRIGHT TREMAINE LLP

online in a matter of minutes, fraudulent charges are brought to the consumer's attention proactively by the card issuers, and fraudulent charges are reimbursed as a matter of course. As under the settlement, Heirloom Roses would estimate any recovery at trial for the class to fall below $75,000.

4.    Under the settlement, however, if the opt-in rate greatly exceeds projections, Heirloom Roses could potentially pay out much more, with the 52,106 persons able to seek reimbursement for up to $40 with a simple declaration attesting to lost time and the potential to recover for actual losses. Proof at trial of this amount of time would have been far more difficult, such that the settlement quite possibly will benefit the class more than a trial on the merits would have benefited the class.

## VALUE OF SECURITY ENHANCEMENTS

5.    Heirloom Roses has made, and will continue to refine, the following security enhancements in the aftermath of the data breach:

    a. ***Requiring all third-party vendors and users to utilize strong passwords and two-factor authentication to gain access to the platform***. Specifically, all account access points now require a strong password and two-factor authentication as part of the standard login protocol, and the systems utilize best practices for authentication and regular password changes;

    b. ***Requiring all third-party vendors and users to undergo regular security awareness training to keep apprised of the latest security threats, vulnerabilities and best practices***. As part of this process, and since the data breach, Heirloom Roses made a number of vendor changes in an attempt to ensure adequate security protocols;

    c. ***Sensitive data such as personal information and financial data are now protected using encryption, access control and data masking techniques***; and,

    d. ***Migration to the Shopify platform, which provides built-in security features such as SSL encryption, PCI compliance and secure payment processing***. Shopify uses Transport Layer Security ("TLS") to secure all connections to the

Case No. 4:22-cv-00068-KAW

DECLARATION OF SPENCER PERSSON IN SUPPORT OF
SECOND SUPPLEMENTAL BRIEF

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

1    Shopify admin and public store.  TLS is an encryption protocol used to secure

2    communications over the internet.  Shopify also provides built-in logging and

3    monitoring features to detect and prevent unauthorized access and suspicious

4    activities, and robust incident response and disaster recovery plans to minimize

5    the impact of any future security breaches or disasters.

6    The overall cost of implementation of these measures totals approximately $500,000.  Heirloom

7    Roses will continue to expend resources on maintaining reasonable and robust security measures.

8

9    I declare under penalty of perjury under the laws of the United States of America that the

10   foregoing is true and correct.

11   Executed this 2nd day of November, 2023, in Los Angeles, California.

12

13                                            /s/ Spencer Persson

14                                            Spencer Persson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF SPENCER PERSSON IN SUPPORT OF
SECOND SUPPLEMENTAL BRIEF

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566

# Exhibit B

Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  sec@colevannote.com
Email:  lvn@colevannote.com
Web:    www.colevannote.com

Attorneys for Representative Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JAMI ZUCCHERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HEIRLOOM ROSES, INC.,<br><br>Defendant. | Case No. 4:22-cv-00068-KAW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LAURA VAN NOTE, ESQ. IN SUPPORT OF THE PARTIES' SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL**<br><br>**Date:       November 16, 2023**<br>**Time:      1:30 P.M.**<br>**Judge:     Hon. Kandis A. Westmore** |

I, Laura Van Note, do hereby declare as follows:

1.      I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am a Shareholder at the law firm of Cole & Van Note ("CVN"), attorneys for Representative Plaintiff and the Plaintiff Class.

2.      In accordance with this Court's October 24, 2023 Order, Plaintiff submits the following additional information.

**BILLING RATES FOR INDIVIDUALS ON LODESTAR REPORT**

**Attorneys:**

3.    *Anastasiia Saraeva* ($375) Associate Attorney: Admitted to the State Bar of California in November 2021.

4.    *Andria J. Jaramillo* ($375) Associate Attorney: Admitted to the State Bar of California in January 2021.

5.    *Cody A. Bolce* ($375-$550) Senior Associate Attorney: Admitted to the State Bar of California in December 2018. Over the course of this litigation, Mr. Bolce's hourly rate was first increased to $450 per hour, and then $550 per hour following his promotion to Senior Associate Attorney.

6.    *Julia Deutsch* ($450) Associate Attorney: Admitted to the State Bar of California in December 2011.

7.    *Molly Munson Cherala* ($450-$500) Associate Attorney: Admitted to the State Bar of California in June of 2019. Ms. Cherala's hourly rate increased to $500 per hour during the course of this litigation.

8.    *Elizabeth Klos* ($300-350) Associate Attorney: Admitted to the State Bar of California in December 2022. Ms. Klos's hourly rate increased to $350 per hour during the course of this litigation.

9.    *Laura Van Note* ($700) Shareholder: Admitted to the State Bar of Missouri in September 2013; Admitted to the State Bar of Kansas in August 2015; Admitted to the State Bar of California in May of 2016. Ms. Van Note's experience and credentials are detailed in the CVN firm resume, which was previously submitted.

10.    *Scott Cole* ($950-$1100) Founder and Principal: Admitted to the State Bar of California in December 1992. Mr. Cole's experience and credentials are detailed in the CVN firm resume, which was previously submitted. Mr. Cole's hourly rate of $950 per hour has been approved in numerous courts across California, both state and federal courts. Mr. Cole increased his hourly rate to $1100 per hour in 2023.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**Law Clerks/J.D./Paralegals:**

11.    *Antonia Bird* ($225) Law Clerk: Ms. Moore worked for CVN as a law clerk after she had obtained her J.D., before she sat for the bar exam.

**Legal Assistants:**

12.    *Alexis Brown* ($185): Ms. Brown currently works for CVN as a receptionist/legal assistant.

13.    *Angela Hallett* ($185-$250): Ms. Hallett worked for CVN as a legal assistant/executive assistant. Ms. Hallett's hourly rate increased to $250 with her promotion to executive assistant.

14.    *Ann Puchkov* ($225-$250): Ms. Puchkov currently works for CVN as a legal assistant. Ms. Puchkov has worked for CVN for over a year. Ms. Puchkov's hourly rate increased to $250 during the course of this litigation.

15.    *Brenda Lopez* ($185-$250): Ms. Lopez worked for CVN as a legal assistant/intake specialist. Ms. Lopez's hourly rate increased to $250 with her promotion to intake specialist.

16.    *Cora Wilson* ($250): Ms. Wilson currently works for CVN as a copy editor. Ms. Wilson has worked as a copy editor since April 2023 and received her bachelor's degree in Journalism from San Jose State University in 2020.

17.    *Doreen Parker* ($185-$225): Ms. Parker worked for CVN as a legal assistant. Ms. Parker's hourly rate increased to $225 during the course of this litigation.

18.    *Hayden Phillips* ($225-$250): Mr. Phillips currently works for CVN as a legal assistant and later as an executive assistant/training manager. Mr. Phillips has worked for CVN for over a year. Mr. Phillips's hourly rate increased to $250 during the course of this litigation in association with his promotion to executive assistant to Ms. Van Note and training manager.

19.    *Jasmine Coussinat* ($185-250): Ms. Coussinat worked for CVN as a legal assistant/executive assistant. Ms. Coussinat's hourly rate increased to $250 with her promotion to executive assistant.

20.    *Natalie Quinonez* ($185): Ms. Quinonez worked for CVN as a legal assistant.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    21.    *Nicole Randle* ($250): Ms. Randle worked for CVN as a legal assistant. Ms. Randle

2    has worked as a legal assistant or paralegal since August of 2005, and received her Paralegal

3    Certificate from Merritt College in Oakland, CA in 2014.

4    22.    *Ronda El-Gohary* ($225-250): Ms. El-Gohary worked for CVN as a legal

5    assistant/office manager. Ms. El-Gohary worked for CVN for over a year. Ms. El-Gohary's hourly

6    rate increased to $250 during the course of this litigation.

7    I declare, under penalty of perjury under the laws of the United States and the State of

8    California that the foregoing is true and correct.

9

10    Executed this 3rd day of November 2023 at Oakland, California.

11

12

13    */s/ Laura Van Note*
      Laura Van Note, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# Exhibit C

## NOTICE OF CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW

<u>To:</u>    **All individuals identified by Heirloom Roses, Inc. ("Heirloom") and to whom Heirloom sent notice on or about December 16, 2021, that their information may have been impacted in the Data Security Incident, defined below.**

A proposed settlement has been reached in a class action lawsuit titled, *Jami Zucchero v. Heirloom Roses, Inc.*, Case No. 4:22-cv-00068-KAW (Northern District of California). The lawsuit asserts claims against Defendant Heirloom related to a security incident that occurred between February and October of 2021 and about which Heirloom notified potentially impacted individuals in December 2021 (the "Data Security Incident"). Defendant denies all of the claims and denies it did anything wrong.

The settlement offers payments to individuals in the United States (a) whose personal identifying information was stored, possessed or controlled by Heirloom and (b) who were affected by the Heirloom Data Security Incident that occurred between approximately February to October of 2021 ("Settlement Class Members"). The amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

A Reimbursement Award of up to **$200**, as explained below.

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | You must submit a valid claim form to receive a payment from this Settlement. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **www._____.com** or by calling 1-800-XXX-XXXX.

### Further Information about this Notice and the Lawsuit

1

*1.    Why was this Notice issued?*

Settlement Class Members are eligible to receive payment from a proposed settlement of the Lawsuit. The court overseeing the Lawsuit pending in the Northern District of California authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

*2.    What is the Lawsuit about?*

The lawsuit is a proposed class action lawsuit brought on behalf of certain Heirloom customers whose information may have been accessed and exfiltrated by unauthorized individuals as part of the Data Security Incident. The affected information may include names and payment card information.

The Lawsuit claims Heirloom is legally responsible for the Data Security Incident and asserts legal claims, including negligence and breach of contract. Heirloom denies these claims and denies it did anything wrong.

*3.    Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs brings a lawsuit on behalf of others who have similar claims. Together, all of these people are the "Class" and each individually is a "Class Member." There is one Representative Plaintiff in this case: Jami Zucchero. The class in this case is referred to in this Notice as the "Settlement Class."

*4.    Why is there a settlement?*

The Representative Plaintiff in the Lawsuit, through her attorneys, investigated the facts and law relating to the issues in the Lawsuit. Representative Plaintiff and Class Counsel believe the settlement is fair, reasonable and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiff's claims or Heirloom's defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial and people who submit valid claims will receive compensation. The settlement does not mean that Heirloom did anything wrong, or that the Representative Plaintiff and the Class would or would not win their case if it went to trial.

## **Terms of the Proposed Settlement**

*5.    Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all individuals within the United States (1) whose personal identifying information was stored, possessed or controlled by Heirloom and (2) who were affected by the Heirloom Data Security Incident that occurred between approximately February and October of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff and/or persons who timely and validly request exclusion from the Settlement Class.

*6.    What are the terms of the settlement?*

The proposed settlement would create a Settlement Fund of up to $3,000,000 that would be used to pay all payments to Settlement Class Members who submit valid claims. Defendant will also pay (a) the costs of administration and notice (approximately $_____), (b) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $198,500) including litigation costs and expenses) and (c) any service award to the Representative Plaintiff awarded by the Court (up to $1,500). The settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

7.    *What claims are Settlement Class Members giving up under the settlement?*

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any Final Judgment entered by the Court and will give up their right to sue Defendant for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.30 of the Class Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.31 of the Class Settlement Agreement and Release. Section 8 of the Class Settlement Agreement and Release explains when such releases will occur.

## Payments to Settlement Class Members

8.    *What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit valid claims and any required documentation may receive a Reimbursement Award to compensate them for lost time and out-of-pocket expenses. If the total value of all valid claims is greater than $3,000,000, Reimbursement Awards will be adjusted downward proportionally among Settlement Class Members submitting valid claims for those awards, as explained further below in Question 11.

10.    *What is a Reimbursement Award?*

Settlement Class Members who, at any time from February 1, 2021 to [ENTER CLAIMS DEADLINE], experienced unauthorized or fraudulent charges, other out of pocket losses or lost time that are fairly traceable to the Data Security Incident are eligible to receive a Reimbursement Award of up to $200 as reimbursement for those charges and expenses. The following types expenses may be claimed:

- payment card fees or bank fees, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident;

- cell, internet or text charges;

- costs or charges for obtaining credit reports, credit freezes or credit monitoring or identity theft protection services;

- postage costs; and

- Lost time at $20 per hour up to two hours for a total of $40.

You cannot recover for emotional distress. Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award. Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form.

*11.     When and how will the amount of settlement payments be adjusted?*

The amounts paid for all Reimbursement Awards will be adjusted downward from the amounts listed in Question 9 depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of those claims, the amount of the payments for Reimbursement Awards will be adjusted downward proportionally among all Settlement Class Members who submitted valid claims.

12.     *What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Heirloom.

## **<u>Your Options as a Settlement Class Member</u>**

*13.     If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you <u>must</u> complete and submit a Claim Form postmarked or submitted online** at **www._____.com by [INSERT DATE]**.

If you do not want to give up your right to sue Defendant about the Data Security Incident or the issues raised in this case, **you must exclude yourself (or "opt out") from the Settlement Class**. See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

*14.     What happens if I do nothing?*

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendant related to the claims released by the settlement.

*15.   How do I submit a claim?*

You may complete the Claim Form online at **www._____.com.** You may also obtain a paper Claim Form by downloading it at **www._____.com** or by calling the claims administrator at [**INSERT TOLL-FREE NUMBER**]. If you choose to complete a paper Claim Form, you may either submit the completed and signed Claim Form and any supporting materials electronically at **www._____.com** or mail them to: [**INSERT CLAIMS MAILING ADDRESS**].

*16.   Who decides my settlement claim and how do they do it?*

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

*17.   How do I exclude myself from the settlement?*

To opt out of the settlement you must make a signed, written request that (a) says you wish to exclude yourself from the Settlement Class in this Lawsuit and (b) includes your name, address and phone number. You must submit your request through the settlement website (www._____.com) or mail your request to this address:

**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**

Your request must be submitted online or postmarked by [**INSERT DATE**].

*18.   If I exclude myself, can I receive any payment from this settlement?*

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in this Lawsuit.

*19.   If I do not exclude myself, can I sue Defendant for the Data Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Heirloom for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

*20.   How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it and any supporting papers must be mailed to the Clerk of the Court, Settlement Class Counsel and Heirloom's Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, [**INSERT OBJECTION DEADLINE**]:

| Court | *Heirloom's* Counsel |
|---|---|

| Office of the Clerk<br>U.S. District Court for the Northern District of California<br>Ronald V. Dellums Federal Building & United States Courthouse<br>1301 Clay Street, Suite 400 S<br>Oakland, California 94612 | Spencer Persson<br>Jean M. Fundakowski<br>DAVIS WRIGHT TREMAINE LLP<br>865 S. Figueroa Street<br>Los Angeles, California 90017 |
| --- | --- |
| **Settlement Class Counsel** | |
| Scott Edward Cole<br>Laura Van Note<br>COLE & VAN NOTE<br>555 12th Street, Suite 2100<br>Oakland, California 94607 | |

To be considered by the Court, your objection must list the name of the Lawsuit: *Jami Zucchero v. Heirloom Roses, Inc., Case No. 4:22-cv-00068-KAW* (Northern District of California) and include all of the following information: (a) your full name, address, telephone number and e-mail address (if any), (b) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the notice you received from Heirloom or the notice of this settlement), (c) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class or to the entire class, (d) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable, (e) the identity of any counsel representing you, (f) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered and (h) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### Court Approval of the Settlement

*21.    How, when and where will the Court decide whether to approve the settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Oakland Courthouse, 1301 Clay Street Oakland, California 94612, before Judge Kandis A. Westmore. Judge Westmore will continue to hold hearings by Zoom or teleconference until further notice. Please visit Judge Westmore's page at https://www.cand.uscourts.gov/judges/westmore-kandis-a-kaw/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the

Court will consider whether the settlement is fair, reasonable and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs and the request for the service award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl to confirm the schedule if you wish to attend.

*22.    Do I have to attend the hearing?*

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*23.    What happens if the Court approves the settlement?*

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded. The Claims Administrator will pay any attorneys' fees and costs award and Representative Plaintiff's service award. Then, within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

*24.    What happens if the Court does not approve the settlement?*

If the Court does not approve the settlement, no Settlement Fund will be created, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiff and the case will proceed as if no settlement had been attempted.

## Lawyers for the Settlement Class and Defendant

*25.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

Scott Edward Cole
Laura Van Note
COLE & VAN NOTE
555 12th Street, Suite 2100
Oakland, California 94607

(510) 891-9800

Settlement Class Members will not be charged for the services of Settlement Class Counsel. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

26.     *How will the lawyers for the Settlement Class be paid?*

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees and costs up to $198,500. Any award for attorneys' fees and costs shall be paid separately from the Settlement Fund. Settlement Class Counsel will also request approval of a Service Award of $1,500 to Representative Plaintiff which shall also be paid separately from the Settlement Fund.

27.     *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following lawyers:

Spencer Persson
Jean M. Fundakowski
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street
Los Angeles, California 90017

**For Further Information**

28.     *What if I want further information or have questions?*

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Settlement Agreement and Release available at **www._____.com**, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 25 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/cgi-bin/ShowIndex.pl or by visiting the Office of the Clerk, U.S. District Court for the Northern District of California, at the Ronald V. Dellums Federal Building & United States Courthouse at 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

CPT Group will act as the Claims Administrator for the settlement. You can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

**Please do not contact the Court.**