Jeanne Petro
3410 Frei Rd.
Sebastopol, CA 95472
jepharp@gmail.com

**FILED**

FEB 15 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

February 13, 2024

The Honorable Kandis A. Westmore
Judge of U.S. District Court for Northern District of California
Dellums Federal Bldg. U.S. Courthouse
1301 Clay St. Ste. 400 S
Oakland, CA 94612



Re: Objection to settlement Zucchero v. Heirloom Roses, Inc, Case No. 4:2022cv00068

Dear Judge Westmore,

I ask the Court to deny the approval of the Zucchero v. Heirloom Roses, Inc. settlement, with case number 4:2022cv00068. I am objecting to the settlement for the following reasons:

The Notice of Settlement website is lacking information and instructions on how to object to the class action settlement. There is no example of language or information the court requires for objections, and there is no address or email provided where to send objections. I called the helpline provided by CPT, but received limited assistance. The case number was not offered, and I was told to email my objection letter to CPT. Only after my own research online was I able to find the information I needed to send a letter to the Court.

Heirloom Roses, Inc. is a family run business that provides a service to American rose growers and landscapers by offering healthy, beautiful, and rare rose varieties for sale. Companies such as Heirloom Roses are an endangered species, with larger companies like Park Seed and Jackson & Perkins filing for bankruptcy in 2010. Smaller family run businesses always have it harder, and in this case Heirloom Roses, Inc. was attacked by an outside entity in a "Data Security Incident," and is further being attacked by the plaintiff's lawyers. This suit will only further harm Heirloom Roses, and threaten an endangered resource. I do not agree with this onslaught, and I am ashamed that my name is used in this class action suit to harm a company whose roses provide me a great deal of joy.

Data security is a constant worry to all consumers, requiring adults with bank accounts and credit cards to constantly monitor their accounts for fraudulent charges. Security threats can come from trusted retailers like Target and Home Depot as well as smaller merchants, and the threat is

universal. I personally have had unauthorized charges on credit cards, requiring new cards 3-4 times in the past 10 years. With such a pervasive menace at every level of online and in store merchant activity, I am skeptical that the Heirloom Roses data breach can confidently be traced to the plaintiff's data issues. The settlement only requires claims of fraudulent charges to be "possibly traceable" to the Heirloom Roses security incident. I find that unfair, and possibly inaccurate. I think it would be easier to prove that the plaintiff was harvested by Cole and Van Note, the boutique class action law firm known for big results in data breach.

In conclusion, I am asking the Court to deny approval of the Zucchero v. Heirloom Roses, Inc. settlement due to procedural flaws in the inadequate Notice of Settlement, the unreasonable requirement for only a possible connection to the data incident, and an unfair lawsuit serving only to enrich Cole and Van Note, at the expense of an endangered resource for American rose growers.

Thank you for your time.

Cordially,

Jeanne Petro

fair, reasonable, and adequate  att

Petro
3410 Frei Rd.
Sebastopol, CA
95472

SAN FRANCISCO CA 940
13 FEB 2024 PM 2 L

RECEIVED
FEB 15 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Clerk
Dellums Federal Bldg. US Courthouse
1301 Clay St.
Ste. 400s
Oakland, CA
94612



Case 4:22-cv-00068-KAW     Document 76     Filed 02/15/24     Page 4 of 4