Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Elizabeth Ruth Klos, Esq. (S.B. #346781)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: erk@colevannote.com
Web: www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JAMI ZUCCHERO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEIRLOOM ROSES, INC,<br><br>Defendant. | **Case No. 4:22-cv-00068-KAW**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL;**<br>**(3) AWARDING A SERVICE AWARD TO THE REPRESENTATIVE PLAINTIFF; AND**<br>**(4) AWARDING REIMBURSEMENT OF SETTLEMENT ADMINISTRATION COSTS**<br><br>**Date: May 2, 2024**<br>**Time: 1:30 p.m.**<br>**Dept.: 10B**<br>**Judge: Hon. Kandis A. Westmore** |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**, **NOTICE IS HEREBY GIVEN** that, on May 2, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard in Department 10B of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Representative Plaintiff Jami Zucchero ("Plaintiff" or "Class Representative") will and hereby does apply to this Court for an Order:

1. Granting final approval of the class action settlement agreement;

2. Awarding attorneys' fees and costs to Class Counsel;

3. Awarding a service award to the Representative Plaintiff; and

4. Awarding reimbursement of settlement administration fees and costs.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Laura Van Note in Support of Plaintiff's Motion for Final Approval[1] and exhibits thereto, the Declaration of Jami Zucchero, and the Declaration of Carole Thompson (CPT Group), the complete files and records of this action and any oral argument and documentary evidence as may be presented to the Court at the hearing of this Motion.

Dated: March 18, 2024          **COLE & VAN NOTE**

By:    */s/ Laura Grace Van Note*
Laura Van Note, Esq.

Attorneys for Representative Plaintiff
and the Plaintiff Classes

---

[1] The Declaration of Laura Van Note, Esq. shall hereafter be cited as "Van Note Decl."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiff asks the Court to rule on the following issues:

1.      Whether the proposed Settlement is fair, adequate and reasonable and merits final approval;

2.      Whether the Notice program achieved effective notification to Class Members as to the terms of the Settlement and their rights thereunder;

3.      Whether Class Counsel should be awarded attorneys' fees and costs;

4.      Whether Representative Plaintiff should receive an Enhancement/Service Award;

5.      Whether the Settlement Administrators' fees and costs should be reimbursed; and

6.      Whether to enter the Proposed Order Finally Approving the Settlement, directing the issuance of payment of claims and setting forth remaining deadlines.

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1

## TABLE OF CONTENTS

2   MEMORANDUM OF POINTS AND AUTHORITIES...................................................... 8

3   I.    INTRODUCTION AND PROCEDURAL HISTORY ............................................ 8

4   II.   SUMMARY OF SETTLEMENT AND NOTICE PROCESS ............................... 9

5   III.  THE SETTLEMENT MERITS FINAL APPROVAL ........................................ 12

    A.    THE SETTLEMENT IS PRESUMED FAIR ....................................... 12

6   B.    THE RELEVANT CRITERIA SUPPORT FINAL APPROVAL ........................... 13

7       1.  The Settlement's Value and Risks of Litigation Favor Final Approval ............ 13

8       2.  The Complexity, Expense and Duration Support Approval ................................ 15

9       3.  The Discovery and Factual Investigation Support Approval ........................... 16

        4.  The Experience and Views of Counsel Favor Final Approval ........................ 16

10      5.  The Class Members' Reaction Favors Final Approval ................................... 17

11  IV.   THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND

12  AND HAS BEEN FULLY IMPLEMENTED ............................................................ 17

13  V.    AN AWARD OF ATTORNEYS' FEES AND COSTS IS APPROPRIATE ................ 17

14  VI.   THE PROPOSED SERVICE AWARD .................................................... 18

    VII.  REIMBURSEMENT OF ADMINISTRATION FEES IS APPROPRIATE .............. 19

15  VIII. THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES ........... 19

16  IX.   CONCLUSION ......................................................................... 19

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891–9800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

## TABLE OF AUTHORITIES

### Cases

*Adewumi v. GHS Interactive Security LLC*,
No. 34-2017-00210768-CU-OE-GDS (Sacramento Super. Ct. 2019) ................................... 18

*Adkins v. Facebook, Inc.*,
424 F. Supp. 3d 686 (N.D. Cal. 2019) ...................................................................... 14

*Alberto v. GMRI, Inc.*, *Not Rpt'd in* F. Supp.
2d, 2008 WL 4891201 (E.D. Cal. 2008) .................................................................. 16

*Boeing Co. v. Van Gemert*,
444 U.S. 472, 100 S Ct. 745 (1980) ........................................................................... 9

*Cartt v. Superior Court*,
50 Cal. App. 3d 960 (1975) .......................................................................................... 16

*Cartt v. Superior Court*,
50 Cal.App.3d 960 973 ................................................................................................. 16

*Central Railroad & Banking Co. of Georgia v. Pettus*,
113 U.S. 116, 5 S.Ct. 387 (1885) ................................................................................ 9

*Chau v. Starbucks Corp.*,
174 Cal. App. 4th 688 (2009) ...................................................................................... 15

*City of Riverside v. Rivera*,
477 U.S. 561 (1986) ....................................................................................................... 17

*Dunk v. Ford Motor Co.*,
48 Cal. App. 4th 1794, 1801 (1996) ................................................................... passim

*Ellis Naval Air Rework Facility*,
87 F.R.D. 15 (N.D. Cal. 1980) ................................................................................... 16

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein*,
30 Cal.4th 1037 (2003) ................................................................................................ 15

*Franklin v. Kayrpo Corp.*,
884 F.2d 1222, 1229 (9th Cir. 1989) ......................................................................... 15

*Gordon v. Chipotle Mexican Grill, Inc.*,
No. 17-cv-01415-CMA-SKC, 2019 U.S. Dist. LEXIS 215430 (D. Colo. Dec. 16, 2019) ....... 14

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

*Green v. Obledo,*
    29 Cal.3d 126 (1981) ................................................................................. 8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011, 1029 (9th Cir. 1998) ....................................................... 9

*In re Anthem, Inc. Data Breach Litig.,*
    327 F.R.D. 299 (N.D. Cal. 2018) ...................................................... 13, 14

*In re California Indirect Purchases,*
    1998 WL 1031494, 11 (Alameda Super. Ct. 1998) ............................... 18

*In re Cipro Cases I and II,*
    121 Cal.App.4th 402 (2004) .................................................................. 15

*In re GNC Shareholder Litig.: All Actions,*
    668 F.Supp. (W.D. Pa. 1987) .................................................................. 9

*In re United Energy Corp. Sec. Litig.,*
    1989 WL 73211 (C.D. Cal. 1989) ........................................................... 9

*In re Washington Public Power Supply System Securities Litigation,*
    720 F. Supp. 1379 (D. Ariz. 1989) ........................................................ 16

*Kullar v. Foot Locker Retail, Inc.,*
    168 Cal. App. 4th 116 (2008) .......................................................... 12, 13

*Officers for Justice Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ........................................................... 11, 16

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797, 811-12 (1985) ................................................................. 16

*Rangel v. PLS Check Cashers of California, Inc.,*
    899 F.3d 1106 (9th Cir. 2018) ................................................................. 8

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948, 958-59 (9th Cir. 2009) ................................................... 18

*Serrano v. Priest,*
    20 Cal.3d 25 (1977) ................................................................................. 9

*Smith v. Krispy Kreme Doughnut Corp.,*
    Not Rpt'd in F. Supp. 2d, 2007 WL 119157 (M.D.N.C. Jan. 10, 2007) ..................... 9

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

*Sprague v. Ticonic Nat'l Bank,*
    307 U.S. 161, 59 S.Ct. 777 (1939) ................................................................. 9

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043, 1050 & n.5 (9th Cir. 2002) ..................................................... 9

*Wershba v. Apple Computer Inc.,*
    91 Cal. App. 4th 224, 244-45 (2004) ............................................................. 11

*Williams v. MGM-Pathe Communs. Co.,*
    129 F.3d 1026, 1027 (9th Cir. 1997) ............................................................. 17

*Young v. Katz,*
    447 F.2d 431, 433 (5th Cir. 1971) ................................................................. 15

*Yvonne Mart Fox v. Iowa Health Sys.,*
    No. 3:18-cv-00327-JDP, 2021 U.S. Dist. LEXIS 40640 .............................. 14

## Statutes

Cal. Civ. Code § 1781 ........................................................................................... 17
Cal. Civ. Proc. Code § 382 ................................................................................... 20
Cal. Code Civ. Proc. § 904.1 ............................................................................... 16
Cal. Code of Civ. Proc. § 1781 ............................................................................ 17
Cal. Code of Civ. Proc. § 382 .............................................................................. 12

## Treatises

*Manual for Complex Litigation (4th ed. 2008)* ................................................... 11

Newberg & Conte, *Newberg on Class Actions* (2002) ...................................... 9, 12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

-7-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND PROCEDURAL HISTORY

In December 2021, Defendant Heirloom Roses, Inc. ("Heirloom" or "Defendant") began sending notice to 52,206 individuals whose personally identifiable information was potentially accessed when third-party cybercriminals placed malicious code on Defendant's website. The information potentially accessed included names and payment card information.

Plaintiff filed this case in January 2022 alleging (i) Negligence, (ii) Invasion of Privacy, (iii) Breach of Confidence, (iv) Violation of the Information Practices Act of 1977, (v) Breach of Implied Contract, (vi) Breach of the Implied Covenant of Good Faith and Fair Dealing, (vii) Violations under the California Unfair Competition Law, and (viii) Unjust Enrichment. Following two motions to dismiss, Plaintiff's claims were narrowed to claims for (i) Negligence and (ii) Breach of Implied Contract.

After two rounds of motions on the pleadings, informal exchange of key information and an extensive Settlement negotiation process lasting several months, the Parties have reached a proposed claims-made Settlement that provides make-whole recovery through payment of up to $200 for each Class Member. Moreover, the Settlement further requires Defendant to improve data security and customer service practices. Taken together, these monetary and non-monetary benefits represent a strong recovery when viewed in comparison to what could be achieved through trial *before* taking into the account the significant risk, cost and delay of continued litigation.

On August 25, 2023, Representative Plaintiff filed her Motion for Preliminary Approval of the Class Action Settlement. Representative Plaintiff finalized filing all Supplemental materials in support of her Motion on November 20, 2023. This Court granted Preliminary Approval on November 30, 2023. At that time, this Court also preliminarily approved the proposed Class Notice (Settlement Agreement [hereafter "SA"] **Exhibit B**) and the Notice dissemination program; Cole & Van Note as Class Counsel; Jami Zucchero as the Class Representative; a service award for the Class Representative; and CPT Group as the claims administrator. A copy of that Order has been posted on the claims administration website (www.heirloomrosessettlement.com) for public viewing. The hearing date of May 2, 2024 was thereupon set for final approval of the settlement

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1   and as the opportunity for Class Members—should any have an objection to, seek clarification of,

2   or otherwise raise questions in connection with the settlement—to be heard.

3          Finally, as alluded to above, on December 22, 2023, the Class Notice was disseminated.

4   Only one Class Member filed an objection and only one opted out, demonstrating tremendous

5   support for this settlement. As a result of the successful notice campaign, the compendium of

6   information available to the Parties and their counsel, and Class Counsel's and Class Members'

7   support for this settlement as fair and reasonable, it now merits final approval.

8

9   **II.     SUMMARY OF SETTLEMENT AND NOTICE PROCESS**

10         Under the preliminarily approved Settlement Agreement, Defendant will pay a

11  Reimbursement Award of up to $200 per Class Member for unreimbursed, unauthorized charges

12  or out-of-pocket expenses proximately cause by the Data Breach for a limited release of Class

13  Members' claims: only those claims actually alleged in the Action or that could have been alleged

14  based on the facts stated in the operative Complaint,[2] consistent with principles of *res judicata.*

15  *See, Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106, 1110-11 (9th Cir. 2018); SA

16  § X.A. Further key terms include:

17         ***Class Definition.*** The Settlement Class includes all individuals within the United States

18  whose names and personal payment card information was potentially exposed to unauthorized

19  third parties as a result of Defendant's Data Security Incident that occurred between approximately

20  February to October of 2021. Excluded from the Settlement Class is any judge presiding over the

21  Litigation and their first-degree relatives, judicial staff and persons who timely and validly request

22  exclusion from the Settlement Class. S.A. § 1.34.

23         ***Attorneys' Fees and Costs.*** The settlement provides for an attorneys' fees and costs award

24

25

26

27  ────────────────

28  [2]    The Representative Plaintiffs also agreed to a § 1542 release of <u>all</u> potential claims (whether pled or not). SA § X.B.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

of up to $198,500. S.A. § 9.1.[3] Counsel has devoted numerous hours to and faced significant risks[4] in the matter's prosecution and, more importantly, made an extraordinary fund available to a large number of individuals, totaling 524.80 hours expended and $6,133.48 in unreimbursed costs. Van Note Decl. ¶ 33. Notably, this amount does not account for additional future expenses in overseeing the settlement process, making appearances, filing court documents, ensuring claims administration compliance with this Court's orders, etc. Van Note Decl. ¶ 34.

**Service Award.** The Settlement also provides for a Service Award to Representative Plaintiff of $1,500 for her time, risk and effort in bringing this lawsuit, representing the large class, and in consideration for the claims released.[5] S.A. § 9.2. The proposed service payment is also reasonable given the minimal impact this amount will have on any settling Class Member's level of recovery.

**Settlement Administration Costs.** The settlement administration costs are not to exceed

---

[3]    California state courts, the Ninth Circuit and the United States Supreme Court are in agreement that awarding attorneys' fees as a percentage of the common fund is the proper method. *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 503 (2016) ("the court may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created"); *Serrano v. Priest*, 20 Cal. 3d 25 (1977); *Staten v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) (in common fund cases, fees are not assessed against the unsuccessful litigant (a.k.a. "**fee shifting**"), but rather, taken from the fund or damage recovery (a.k.a. "**fee spreading**")). In fact, the United States Supreme Court has always computed common fund fee awards on a percentage of the fund basis. *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161 (1939); *Central Railroad & Banking Co. of Georgia v. Pettus*, 113 U.S. 116 (1885). *Contrast*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (the lodestar approach, enhanced by a multiplier, can be used as an alternative to the common fund theory when "there is no way to gauge the net value of the settlement or any percentage thereof."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 & n.5 (9th Cir. 2002) ("[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement.").

[4]    Notably, post-judgment, Class Counsel will be required, *inter alia*, to stay in contact with the claims administrator to ensure payment of the settlement proceeds to all Class Members, to communicate with the Class Members themselves and other attorneys, and report compliance with the terms of the Court's final approval order. Attorney fee awards in common funds cases are, thus, intended to compensate class counsel for work performed both before *and after* the date of judgment.

[5]    *See*, Declaration of the Representative Plaintiff, submitted herewith.

$40,000—a reasonable amount given the size of the Class and the work required to send the Notice, process settlement payments, establish and update a settlement website and communicate extensively with Class Members and Class Counsel.

*Results of the Notice Process.* In accordance with the Court's grant of preliminary approval, the Settlement Administrator sent the Notices by first class mail to all Class Members at their last known addresses, updated using the National Change of Address ("NCOA") Database. As detailed below, when Notices were returned by the post office, the claims administrator researched further, performed "skip traces" and then, when possible, re-mailed those Notices to better mailing addresses. Challenges to the Notice process were non-existent. The Claims Deadline is March 21, 2024, and Plaintiff's Counsel shall submit a supplemental declaration by the Claims Administrator totaling the final numbers after the deadline has passed. Van Note Decl. ¶ 22.

*Distribution to Class.* Each Settlement Class Member who submits a valid and timely claim form will be entitled to a disbursement under the Settlement. The distribution was outlined in the Notices and Claims Form already approved by this Court.

*Effective Date.* The Effective Date of the Settlement means the occurrence of all the following events: (a) the Settlement is approved by the Court, (b) the Court has entered a Final Approval Order and Judgment, and (c) the time to appeal or seek permission to appeal from the Final Approval Order and Judgement has expired, or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgement has been affirm in its entirety by the court of last resort to which such appeal may be taken and such dismissal or affirmance has become no longer subject to further appeal or review. SA §§ III.1.13-14.

*Funding.* No later than thirty days after the Effective Date, Defendant shall provide the Claims Administrator with the funds necessary to effectuate the Settlement. SA § III.1.17. The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator and agreed upon by the Parties, such as PayPal or Venmo) for Approved Claims within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved. If a Settlement Class Member cannot or chooses not to receive funds electronically, award checks shall be sent by U.S.P.S. Mail. Award checks

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-11-

(electronic and paper) shall be valid for a period of 180 days from issuance and shall state in words or substance that the check must be cashed within 180 days, at which point it will become void. Should a settlement check become void, the Settlement Class Member will forfeit the right of payment. SA § III.7.6. Within twenty days of the Effective Date and following receipt of a W-9 from both Settlement Class Counsel and Representative Plaintiff, Defendant shall fund the attorneys' costs and reimbursement award. SA § III.2.2.

## III.    THE SETTLEMENT MERITS FINAL APPROVAL

When evaluating a class action settlement under California Code of Civil Procedure § 382 for final approval, a court's inquiry focuses upon whether the settlement is "fair, adequate and reasonable." Wershba v. Apple Computer Inc., 91 Cal. App. 4th 224, 244-45 (2004); *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1801 (1996). A settlement is "fair, adequate and reasonable" and therefore merits final approval when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation* (4th ed. 2008) § 21.61, 462. These conditions are met here.

While the Court possesses "broad discretion" in determining whether a proposed class action settlement is fair, the Court's inquiry "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiation Parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Dunk*, 48 Cal. App.4th at 1801 (quoting *Officers for Justice Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)). A court's approval of a class action settlement will only be reversed for a clear abuse of discretion. *Id.* at 1802.

### A.    THE SETTLEMENT IS PRESUMED FAIR

"[A] presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, 48 Cal. App. 4th at 1802 (citing Newberg & Conte, Newberg on Class Actions (2002) § 11.41, pp. 11-91). Here, the Settlement meets these standards and, as this Court noted in

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

-12-

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1    its preliminary approval Order, is presumed fair.

2         The Settlement was reached through arm's-length negotiations. This process included

3    significant litigation, a mediation session facilitated by a respected mediator with extensive

4    experience in class actions and, then, additional negotiation thereafter.[6]

5         Class Counsel has vast experience in similar litigation—having handled several hundred

6    class actions, and hundreds of data breach cases. Finally, of 47,588 Class Members, only one opted

7    out and one objected.

8    **B.    THE RELEVANT CRITERIA SUPPORT FINAL APPROVAL**

9         Courts consider several factors in deciding whether to grant final approval of a class action

10   settlement, including (1) the amount offered in settlement, (2) the risks inherent in continued

11   litigation, (3) the complexity, expense, and likely duration of the litigation absent settlement, (4)

12   the extent of discovery completed and the stage of the proceedings when settlement was reached,

13   (5) the experience and views of class counsel, and (6) the reaction of class members. *Dunk*, 48 Cal.

14   App. 4th at 1801; *Wershba*, 91 Cal. App. 4th at 244-45; *Kullar*, 168 Cal. App. 4th at 119. Here,

15   evaluation on each of these factors favors final approval of the Settlement**.**

16   **1.    The Settlement's Value and Risks of Litigation Favor Final Approval**

17        When evaluating the Settlement for fairness, the Court should weigh the immediacy and

18   certainty of substantial settlement proceeds against the risks inherent in continued litigation. In

19   making a fairness determination, "[t]he most important factor is the strength of the case for plaintiff

20   on the merits, balanced against the amount offered in settlement." *Kullar*, 168 Cal. App. 4th at 12.

21   This analysis often includes a comparison of the amount of the proposed settlement with the value

22   of the damages potentially recoverable if successful in further litigation, appropriately discounted

23   for the risk of not prevailing. *Dunk*, 48 Cal. App. 4th at 1801-02. As this Court has previously

24   determined, the Settlement is appropriate under the *Dunk/Kullar* analysis.

          *a.    Summary of Investigation and Information Exchanged*

25        Class Counsel conducted an extensive investigation into the Data Incident. Class Counsel

26

27   _____

     [6]    Indeed, in *Kullar*, the California Court of Appeal agreed that trial courts should give

28   considerable weight to the competency of counsel and the involvement of a neutral mediator.
     *Kullar v. Foot Locker Retail, Inc*., 168 Cal. App. 4th 116, 129 (2008).

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

first had to understand Defendant's business and how individuals may have been impacted by the Data Breach. Class Counsel next had to investigate Defendant's response to the Data Breach. Prior to the first mediation, the Parties engaged in informal discovery concerning the size of the Settlement Class, the nature of the information at issue and the cause of the Data Incident.

### b.    Summary of Settlement Negotiations

The Parties engaged in a full-day mediation session with experienced mediator John Bates of JAMS on April 24, 2023.  Van Note Decl. ¶ 9. The Settlement Agreement and accompanying papers required additional time to draft and prepare. *Id.*

### c.    Summary of Class Counsel's Experience and Prior Cases

Counsel has extensive experience prosecuting and defending class actions, including data breaches. Van Note Decl. ¶¶ 24-29; **Exhibit B.** Counsel for Defendant is experienced defending class actions. This enabled the Parties to negotiate a fair, reasonable and adequate settlement.

### d.    Risks, Expenses, and Complexity if Settlement is Not Approved

The risk, expense and complexity of further litigation is significant. Defendant would likely move for summary judgment on multiple grounds. Even if Plaintiff defeated Defendant's motion, Defendant would certainly oppose class certification and there is a risk Plaintiff would lose at class certification. Moreover, data breach cases present unique challenges. If the case were to proceed without settlement, there would be considerable expense from expert reports and numerous factual and legal arguments regarding liability, damages and injunctive relief, without any guarantee of relief for the Class. *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 317 (N.D. Cal. 2018) ("Courts have noted that legal uncertainty supports approval of a settlement.").

Other practical risks support the settlement. Specifically, Defendant is a small business which grows and sells roses. The Class is receiving the full amount Defendant is able to pay.

### e.    Summary of Risks to Maintain Class Status

There is also substantial risk in Plaintiff obtaining and maintaining class certification. Class certification outside the settlement context poses a significant challenge. *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686 (N.D. Cal. 2019) (denying motion to certify a class under Rule 23(b)(3); *In re Anthem,* 327 F.R.D. at 318.

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Even if the Court certified the Class, the risk of decertification is great because data breach

2   litigation is constantly "evolving" and thus "there is no guarantee of the ultimate result." *Yvonne*

3   *Mart Fox v. Iowa Health Sys.*, No. 3:18-cv-00327-JDP, 2021 U.S. Dist. LEXIS 40640, at *14

4   (W.D. Wis. Mar. 4, 2021); *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC,

5   2019 U.S. Dist. LEXIS 215430, at *3 (D. Colo. Dec. 16, 2019).

6                  *f.*    *Consideration Received in Exchange for Released Claims*

7       The consideration received in exchange for the release of Settlement Class Members'

8   claims is appropriate given the strength and weaknesses of Plaintiff's claims and the risks of

9   continued litigation, described above. First, the release only applies to claims related to the Data

10  Incident and releases any and all claims related to or arising from the Data Incident.[7] SA § III.1.29.

11  The relief available is significant given the risks Plaintiff and the Class faced. Under the

12  Settlement, Heirloom agrees to pay all valid and timely claims submitted by Settlement Class

13  Members, provide up to $500,000 in injunctive relief, pay the costs of administering the Settlement

14  Fund and reasonable fees of the Settlement Administrator, pay Class Counsel's Attorneys' Fees

15  and Costs not to exceed $198,500 and pay a Service Award for the Representative Plaintiff.

16      Plaintiff will seek a Service Award of $1,500, subject to Court approval. Class Counsel

17  will also move the Court for an award of Plaintiff's attorneys' fees and costs in an amount not to

18  exceed $198,500.

19              **2.    The Complexity, Expense and Duration Support Approval**

20      In evaluating for fairness, the Court should weigh the benefits of settlement against the

21  expense and delay involved in achieving an equivalent or even more favorable result at trial. *Young*

22  *v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971). As California jurists have recognized, there exists "an

23  overriding public policy favoring settlement of class actions." *Ferguson v. Lieff, Cabraser,*

24  *Heimann & Bernstein*, 30 Cal. 4th 1037, 1054 (2003) (citing *Franklin v. Kayrpo Corp.*, 884 F.2d

25  1222, 1229 (9th Cir. 1989) ("public policy favor[s] the compromise and settlement of disputes")).

26

27  [7]   The descriptions of the release herein are meant only as descriptions and are not meant to
28  change or modify the scope of the release or released claims as contained in the Settlement
    Agreement, which control.

As with most complex litigation, data breach class action certification rarely ends with a certification ruling. Class action defendants may seek a writ of mandate from an order granting class certification. *See,* Cal. Code Civ. Proc. § 904.1; *In re Cipro Cases I and II*, 121 Cal. App. 4th 402, 409 (2004), and subsequent decertification is often sought. Moreover, the losing party often takes an appeal after disposition of liability and/or damages. Even a successful judicial resolution at the trial court level can be just the beginning of a lengthy, expensive process, stalling payments to Class Members for years. This judicial purgatory is compounded by the risk of an adverse appellate ruling.[8] As such, the risks of continued litigation supports approval of this settlement.

### 3.    The Discovery and Factual Investigation Support Approval

The Settlement comes at a point in the litigation where counsel for both Plaintiff and Defendant had clear views of the strengths and weaknesses of their respective cases. "[T]he extent of discovery completed and the stage of the proceedings" are factors courts consider in determining the fairness, adequacy and reasonableness of a settlement. *Dunk*, 48 Cal. App. 4th at 1794. Class Counsel conducted extensive pre-filing due diligence and engaged in informal discovery concerning the size of the Settlement Class, the nature of the information at issue in the Data Incident and the cause of the Data Incident. Van Note Decl. ¶¶ 12-15.

### 4.    The Experience and Views of Counsel Favor Final Approval

Class Counsel supports the Settlement as fair, reasonable and adequate, and believes it in the best interest of the Class as a whole.[9] As discussed above, Class Counsel is intimately familiar with the litigation, having conducted extensive investigation and negotiation on behalf of the Class. The endorsement by well-informed and qualified counsel of a settlement as fair, adequate and reasonable is entitled to significant weight. *Dunk*, 48 Cal. App. 4th at 1802; *Ellis Naval Air Rework*

---

[8]    *See, e.g.*, *Chau v. Starbucks Corp.*, 174 Cal. App. 4th 688 (2009) (appellate court reversed an $86 million restitution award to a certified class of hourly employees).

[9]    "When approving class action settlements, the court must give considerable weight to class counsel's opinions due to counsel's familiarity with the litigation and its previous experience with class action lawsuits." *Alberto v. GMRI, Inc.*, No. CIV. 07-1895 WBS DAD, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (*citing Officers for Justice*, 688 F.2d at 625 and *In re Washington Public Power Supply System Securities Litigation*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989)).

1  *Facility*, 87 F.R.D. 15 (N.D. Cal. 1980); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal.
2  1979).

3       **5.**     **The Class Members' Reaction Favors Final Approval**

4       Finally, when determining if a settlement is reasonable, a court looks to "the reaction of
5  class members to the proposed settlement." *Dunk*, 48 Cal. App. 4th at 1801. Here, Class Members'
6  response to the settlement has been favorable, further demonstrating that the Settlement is worthy
7  of final approval. As of filing, there has been only one objection to the Settlement. The objector
8  did not object to the Settlement on its merits, but rather objected on the basis of believing that the
9  Defendant provides a valuable service in selling rare flowers. While understandable, the objection
10  does not reflect the Settlement's merits. Overall, the reaction to the Settlement has been positive
11  and shows support for the Settlement.

12
13  **IV.**     **THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND AND HAS BEEN FULLY IMPLEMENTED**

14       The Court has discretion in fashioning an appropriate notice program. Cal. Civ. Code §
15  1781; *Cartt v. Superior Court*, 50 Cal. App. 3d 960, 973-74 (1975). To protect absent class
16  members' rights, the parties must provide the class with the best notice practicable, but due process
17  does not require actual notice to parties who cannot reasonably be identified. *See, Phillips*
18  *Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). The Court-approved Notice program met
19  this standard and has now been fully implemented. The Settlement Administrator mailed the
20  Notice Package to the entire class December 22, 2023. The Claims Deadline is March 21, 2024.
21  Plaintiff's Counsel will submit a further declaration by the Claims Administrator after the deadline
22  has passed, indicating the final totals of claims, opt-outs and objections. Van Note Decl. ¶ 22.

23
24  **V.**     **AN AWARD OF ATTORNEYS' FEES AND COSTS IS APPROPRIATE**

25       Public policy promotes approval of fee requests since "[t]he function of an award of
26  attorney's fees is to encourage the bringing of meritorious…claims which might otherwise be
27  abandoned because of the financial imperatives surrounding the hiring of competent counsel." *City*
28  *of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (internal quotation marks and citations omitted).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-17-

1    Additionally, attorneys' fees are awarded based on the value of the common benefit made available

2    to the class, regardless of whether the settlement contains a reversion provision. *Williams v. MGM-*

3    *Pathe Communs. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).

4            Specifically, the Settlement provides for an attorneys' fees and costs award of $198,500.

5    As the Court previously heard on November 16, 2023, following the Parties' Supplemental

6    Briefing, the total value of this Settlement is approximately $812,600. The proposed fee award

7    thus compromises of less than 25% of the Settlement's total value. Class Counsel has devoted

8    numerous hours to and faced significant risk[10] in the prosecution of this matter and, more

9    importantly, made an extraordinary fund available to a large number of consumers.

10           Class Counsel has invested considerable amounts of time and labor in litigating the Class'

11   claims. Class Counsel incurred $261,185.00 in lodestar prosecuting this litigation. Van Note Decl.

12   ¶ 33. Class Counsel drew on their experience litigating hundreds of complex and class actions

13   against defendants much like this one[11] to minimize wasted effort. Class Counsel's efforts include,

14   *inter alia*, conducting informal discovery in preparation for mediation, analyzing data for

15   mediation, engaging in a full day of mediation, preparation of the Settlement Agreement and

16   exhibits thereto, and drafting the motions for preliminary and final approval.

17

18   **VI.     THE PROPOSED SERVICE AWARD**

19           The Settlement further provides for, and Representative Plaintiff now requests, a service

20   payment of $1,500. Service awards to representative plaintiffs in class action litigation are

21   commonplace and are "intended to compensate class representatives for work done on behalf of

22   the class, to make up for financial or reputational risk undertaken in bringing the action, and,

23   sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W.*

24   *Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Service awards "are intended to advance

25   public policy by encouraging individuals to come forward and perform their civic duty in

26

27   ---

     [10]   Class Counsel undertook this matter solely on a contingent basis, with no guarantee regarding
     the potential duration of the litigation or even the ultimate reimbursement of fees or costs.
28   [11]   Van Note Decl. **Exhibit B**, Class Counsel's Professional Resume.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW

1    protecting the rights of the class and to compensate class representatives for their time, effort and

2    inconvenience …Federal authority is in accord." *In re California Indirect Purchaser X-Ray Film*

3    *Antitrust Litig.*, No. 960886, 1998 WL 1031494, at *11 (Alameda Super. Ct. Oct. 22, 1998)

4    (internal citations omitted).

5            The proposed Service Award is reasonable[12] given the work Representative Plaintiff

6    performed on behalf of fellow Class Members, the risks she faced and continues to face for

7    participation in the litigation, and the minimal impact the request will have on the amount of any

8    Class Member's level of recovery. As detailed in Representative Plaintiff's declaration, submitted

9    herewith, Representative Plaintiff initiated this action and devoted considerable time thereto.

10

11   **VII.    REIMBURSEMENT OF ADMINISTRATION FEES IS APPROPRIATE**

12          Representative Plaintiff respectfully requests approval of CPT Group's settlement

13   administration costs and fees. By the time of preliminary settlement approval, CPT Group had

14   submitted a competitive bid of $40,000—a very reasonable amount given the size of the Class and

15   the work required to send the Notice, process settlement checks, establish a website and

16   communicate with Class Members and counsel.

17

18   **VIII.   THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES**

19          The Court's Preliminary Approval Order analyzed the requirements of California Code of

20   Civil Procedure § 382, found the requirements satisfied, and certified the Settlement Class. For the

21   reasons stated in the preliminary approval motion and the Preliminary Approval Order, the Court's

22   certification of the Settlement Class for settlement purposes only should be affirmed.

23

24   **IX.     CONCLUSION**

25          Based upon the foregoing, Representative Plaintiff respectfully requests the Court grant

26   final approval of the Settlement and approve Class Counsel's application for attorneys' fees and

27   ────────────────────

28   [12]    Indeed, some courts have awarded far higher amounts. *Adewumi v. GHS Interactive Security LLC*, No. 34-2017-00210768-CU-OE-GDS (Sacramento Super. Ct. 2019).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-19-

1  costs, the requested Service Awards to the Representative Plaintiffs and reimbursement of the

2  settlement administration costs.

3

4  Dated: March 18, 2024                    **COLE & VAN NOTE**

5                                      By:    _/s/ Laura Grace Van Note_
                                            _Laura Van Note, Esq._
6

7

8                                            Attorneys for Representative Plaintiff and the
                                            Plaintiff Classes
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-20-

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on this 18th day of March, 2024, I caused the foregoing document to be filed with the Clerk of this Court via the Court's CM/ECF system, which will cause a true and correct copy to be served electronically on all counsel of record.

*/s/ Laura Grace Van Note*
Laura Van Note, Esq.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-21-

MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 4:22-cv-00068-KAW