Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Web: www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMI ZUCCHERO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEIRLOOM ROSES, INC,<br><br>Defendant. | Case No. 4:22-cv-00068-KAW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF JAMI ZUCCHERO IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL;**<br>**(3) AWARDING A SERVICE AWARD TO THE REPRESENTATIVE PLAINTIFF; AND**<br>**(4) AWARDING REIMBURSEMENT OF SETTLEMENT ADMINISTRATION COSTS**<br><br>Date: May 2, 2024<br>Time: 1:30 p.m.<br>Dept.: 10B<br>Judge: Hon. Kandis A. Westmore |

I, Jami Zucchero, declare as follows:

1. I am over the age of 18 and a named Plaintiff in this above-captioned matter and proposed class action against Defendant Heirloom Roses, Inc. ("Heirloom" or "Defendant"). I make these statements based on personal knowledge and would so testify if called as a witness at trial. I make this Declaration in support of Plaintiffs' Motion for an Order: (1) Granting Final Approval of Class Action Settlement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Awarding a Service Award to the Representative Plaintiff; and (4) Awarding Reimbursement of Settlement Administration Costs (the "Motion for Final Approval").

2. I am a former Heirloom client. I provided my personally identifiable information ("PII") to Heirloom in connection with products I purchased therefrom.

3. I received a notice from Heirloom, dated December 16, 2021, informing me that Heirloom had experienced a cyberattack and that my PII was affected (the "Data Breach"). As such, I understand that my PII was likely stolen.

4. Since the Data Breach, I have spent time researching the Data Breach and reviewing and monitoring my credit reports and financial account statements for any indications of actual or attempted identity theft or fraud.

5. After receiving the notice from Heirloom, I initiated contact with my attorneys regarding the data incident in which my personal information was potentially exposed to unauthorized individuals and subsequently commenced this lawsuit against Heirloom. I also entered into a written representation agreement with my attorneys. The main purpose of the lawsuit is to stop and/or correct what I believe to be an unlawful business practice by Defendant in systematically failing to protect personal information it collected about me and other similarly situated individuals ("Class Members").

6. Before commencing this lawsuit, my attorneys informed me of the responsibilities of a class representative. I understand these responsibilities include assuming fiduciary responsibility to prosecute the lawsuit on behalf of absent Class Members, making the decision to initiate the lawsuit, assisting with discovery (including sitting for a deposition) and—if the class is certified—assisting with the trial, including appearing and testifying in court and working with

Class Counsel on behalf of the absent Class Members. Further, I am willing and prepared to put the interests of absent Class Members before my own and to seek an outcome that is in the best interest of absent Class Members.

7. Through my attorneys, I have reviewed the complaints and other filings and had the opportunity to provide input and feedback.

8. I discussed this matter at length on several occasions with my attorneys to assist in the investigation and discovery process before and after this case was filed. I made myself available during the mediations that took place, as well as during the subsequent continued negotiations and settlement process.

9. I spent several hours reviewing documents, investigating and otherwise assisting my attorneys with this case.

10. To my knowledge, I have no interest that is not in line with the Class Members, who I understand are people who also had their PII improperly exposed.

11. To my knowledge, I have no conflict of interest with my attorneys or the other Class Members.

12. I consulted with my attorneys regarding the risks and expenses of continued litigation through trial and possible appeal and about the benefits conferred by the proposed Settlement. My attorneys have kept me fully informed of the status of the litigation, particularly regarding the settlement process and discussions and the proposed Settlement.

13. I reaffirm my commitment to prosecute this case and assist my attorneys for the benefit of absent Class Members.

14. I believe the terms of the proposed Settlement are fair and reasonable. I also agree that I should be provided a $1,500 Service Award for being a Class Representative. This seems like fair compensation for the work I put into the case and the reputational risk I suffered for being a named plaintiff in this lawsuit.

15. There are no side agreements, and I am not receiving any special benefits through this Settlement as a result of my position as a Class Representative.

1     16. I also completely endorse Class Counsel's request for attorneys' fees and costs. They took this case on a contingency basis and worked for everyone in the Class. They deserve to be paid for their good work.

    17. I support the Settlement and respectfully request the Court approve this Motion for Final Approval.

    I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

    Executed on this __7th__ day of March 2024 in __Wildomar__, California.

*[signature]*
ID QDhwTqH9GEGP7eJUtqtGz2iw
Jami Zucchero