Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Elizabeth Ruth Klos, Esq. (S.B. #346781)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: erk@colevannote.com
Web: www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMI ZUCCHERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEIRLOOM ROSES, INC.,<br><br>Defendant. | **Case No. 4:22-cv-00068-KAW**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER AND JUDGMENT:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL; AND**<br>**(3) AWARDING A SERVICE AWARD TO THE REPRESENTATIVE PLAINTIFF**<br><br>Date:  May 2, 2024<br>Time:  1:30 p.m.<br>Dept.:  10B<br>Judge:  Hon. Kandis A. Westmore |

1  This matter came before the United States District Court for the Northern District of
2  California, Department 10B, at 1:30p.m. on May 2, 2024, with Cole & Van Note appearing as
3  counsel for Representative Plaintiff Jami Zucchero, individually, and on behalf of the Settlement
4  Class, and Davis Wright Tremaine LLP appearing for Defendant Heirloom Roses, Inc. The Court,
5  having carefully considered the briefs, argument of counsel and all matters presented to the Court
6  and good cause appearing, hereby **GRANTS** Plaintiff's Motion for Final Approval of Class Action
7  Settlement.

## FINDINGS

Based on the oral and written argument and evidence presented in connection with the Motion, the Court makes the following findings:

1. All terms used herein shall have the same meaning as defined in the proposed Settlement Agreement ("Agreement").

2. This Court has jurisdiction over the subject matter of the above-captioned litigation and over all Parties to this Litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

3. On November 30, 2023, the Court granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to the Plaintiff Class**

4. In compliance with the Preliminary Approval Order, the Class Notice was emailed to the Settlement Class Members on or about December 22, 2023. Emailing the Class Notice was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the Litigation and the proposed settlement to the Settlement Class. To the extent emails were returned as undeliverable, a replacement Class Notice was sent via first class mail to the Settlement Class Members at their last known addresses to the extent that information was known to Heirloom Roses, Inc. 377 Notices were undeliverable following both methods of attempted service.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-

[PROPOSED] ORDER AND JUDGMENT
Case No. 4:22-cv-00068-KAW

5.  According to the Claims Administrator, there are 251 members of the Settlement Class who will receive a benefit from a Settlement Claim. The deadline for opting out has passed and one Settlement Class Members has done so. One Settlement Class Members submitted a timely written objection and _____ appeared in person at the Final Approval Hearing to object. There was an adequate interval between mailing of the Notice and the deadline to permit Settlement Class members to choose what to do and act on their decision.

**Fairness of the Settlement**

6.  The Agreement is entitled to a presumption of fairness. *Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044, 125 S.Ct. 2277, 161 L. Ed. 2d 1080 (2005) (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quoting Manual for Complex Litigation, Third § 30.42 (1995)). There has been no collusion between the parties in reaching the proposed settlement.

7.  Plaintiff's investigation and discovery were sufficient to allow the Court and counsel to act intelligently.

8.  Counsel for both parties are experienced in similar data breach class action litigation. All counsel recommended approval of the Agreement.

9.  The consideration to be given to the Settlement Class Members under the terms of the Agreement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the release of Settlement Class Members' claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action.

10. The proposed Agreement is approved as fair, adequate and reasonable and is in the best interests of Settlement Class Members.

**Attorneys' Fees/Expenses**

11. The Agreement provides for (and Class Counsel seeks) an award of up to $198,500 to Class Counsel as attorneys' fees and expenses in this action. This was negotiated separately from and will be paid separately and independently from the monies paid to Settlement Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Members for their claims. As such, this award will not affect the amount of money any Settlement Class Member will receive for their claims.

12. The award of attorneys' fees and reimbursement of litigation expenses are reasonable, in light of the contingent nature of Class Counsel's work, the substantial amount of work actually performed such that Class Counsel will not receive a windfall incommensurate with the time and effort dedicated to the case, the risks assumed, the results achieved by Class Counsel and due to the significant amount of work Class Counsel anticipates post-final approval of the settlement.

**Service Award**

13. The Agreement provides for a Service Award of up to $1,500 for Representative Plaintiff Jami Zucchero, subject to the Court's approval. This was negotiated separately from and will be paid separately and independently from the monies paid to Settlement Class Members for their claims. The Court finds this Service Award reasonable in light of the risks and burdens undertaken by Representative Plaintiff in this action and for her time and effort in bringing and prosecuting this matter on behalf of the Settlement Class.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Class is certified for the purposes of settlement only. The Settlement Class is hereby defined as:

> All individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021.

2. The Agreement is hereby finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class.

3. Class Counsel are awarded attorneys' fees in the amount of $198,500, inclusive of litigation costs. Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiff or members of the Settlement Class.

4. Payment of a Service Award in the amount of $1,500 to Plaintiff Jami Zucchero.

5.     A Final Judgment in this action is hereby entered and this shall constitute a Judgment for purposes of Federal Rule of Civil Procedure Rule 54.

6.     This Final Judgment shall bind each Settlement Class Member and shall operate as a full release and discharge of the Released Claims against the Released Parties. All rights to appeal the Final Judgment have been waived. This Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class Members from bringing any action asserting Settlement Class Members' Released Claims under the Agreement.

7.     The Agreement and Settlement are not an admission by Defendant, nor is this Final Approval Order a finding, of the validity of any claims in this action or of any wrongdoing by Defendant. Neither this Final Approval Order, this Final Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant and shall not be offered in evidence in any action or proceeding against Defendant in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, this Final Judgment, the Agreement or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this case or any other proceeding this Final Approval Order, this Final Judgment, the Agreement or any other papers and records on file in the case as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.     Notice of entry of this Final Approval Order and Final Judgment shall be given to Class Counsel on behalf of Plaintiff and all Settlement Class Members. It shall not be necessary to send notice of entry of this Final Approval Order and Final Judgment to individual Settlement Class Members, but it shall be posted on the settlement website. The time for any appeal shall run

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

from service of notice of entry of the Final Approval Order and Final Judgment by Class Counsel on Defendant.

9. After entry of this Order and Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement and enforce the Agreement and this Judgment, to hear and resolve any contested challenge to a claim for settlement benefits and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

10. In the event the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement or is terminated, cancelled or otherwise fails to become effective for any reason, then this Final Approval Order and Final Judgment, and all orders entered in connection herewith, shall be rendered null and void and shall be vacated.

11. A Compliance Hearing is hereby set for _____ a.m./p.m. in Department _____ of this Court. At least ten court days before the Compliance Hearing, Class Counsel shall submit a Case Management Conference Statement, accompanied by a Declaration from the Claims Administrator (including a summary accounting identifying the distributions made, the number and value of any uncashed checks, the status of any unresolved issues and any other matters appropriate to evaluate the effectiveness and completeness of the distribution).

**DONE AND ORDERED** in Oakland, California on this _____ day of _____, 2024.

_____
**HONORABLE KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**