Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Elizabeth Ruth Klos, Esq. (S.B. #346781)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: erk@colevannote.com
Web: www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JAMI ZUCCHERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEIRLOOM ROSES, INC.,<br><br>Defendant. | **Case No. 4:22-cv-00068-KAW**<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** ORDER ~~AND JUDGMENT~~ **AS MODIFIED:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL; AND**<br>**(3) AWARDING A SERVICE AWARD TO THE REPRESENTATIVE PLAINTIFF**<br><br>Date:  May 2, 2024<br>Time:  1:30 p.m.<br>Judge: Hon. Kandis A. Westmore |

1    On March 18, 2024, Plaintiff Jami Zucchero filed a motion for final approval of the class

2 action settlement. (Pl.'s Mot., Dkt. No. 77.)

3    On May 2, 2024, the Court held a hearing, and, having carefully considered the briefs,

4 argument of counsel and all matters presented to the Court and good cause appearing, hereby

5 GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement, as set forth below.

## FINDINGS

7    Based on the oral and written argument and evidence presented in connection with the

8 Motion, the Court makes the following findings:

9    1.   All terms used herein shall have the same meaning as defined in the proposed

10 Settlement Agreement ("Agreement").

11    2.   This Court has jurisdiction over the subject matter of the above-captioned litigation

12 and over all Parties to this Litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

14    3.   On November 30, 2023, the Court granted preliminary approval of a class-wide

15 settlement. (Dkt. No. 75.) At this same time, the Court approved certification of a provisional

16 Settlement Class for settlement purposes only. *Id.* at 10.

**Notice to the Plaintiff Class**

18    Settlement Administrator CPT Group ("CPT") compiled a master list of 51,907

19 Settlement Class Members. (Decl. of Carole Thompson, "Thompson Decl.," Dkt. No. 77-3 ¶ 6.)

20 In compliance with the Preliminary Approval Order, the Class Notice was emailed to 47,588 the

21 Settlement Class Members on or about December 22, 2023. (Thompson Decl. ¶ 8; Email Notice,

22 Pl.'s Suppl. Br., Dkt. No. 81, Ex. A.)  Emailing the Class Notice was the best notice practicable

23 under the circumstances and was reasonably calculated to communicate actual notice of the

24 Litigation and the proposed settlement to the Settlement Class. 377 emails bounced or were

25 deemed undeliverable. (Thompson Decl. ¶ 8.)  Also on December 22, 2023, CPT mailed the

26 Postcard Notice to 4,319 Settlement Class Members who had a valid mailing address, but no

27 valid email. (Thompson Decl. ¶ 9; 2d Suppl. Decl. of Carole Thompson, "2d Suppl. Thompson

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Decl.," Dkt. No. 84 ¶ 7.)  377 email notices were undeliverable, so a Postcard Notice was sent to those class members via first class mail using the mailing address available. (2d Suppl. Thompson Decl. ¶ 6.) Thus, a total of 4,696 Class Members were sent a Postcard Notice. (2d Suppl. Thompson Decl. ¶ 7.)

4.  Under the terms of the settlement, only those individuals who experienced "unreimbursed, unauthorized or fraudulent charges or out of pocket expenses which [they] believe in good faith were fairly traceable to the Data Security Incident" were eligible to file a claim. (*See* Email Notice, Pl.'s Suppl. Br., Ex. A.)  The deadline to submit a claim was March 21, 2024, and the deadline to submit objections and requests for exclusion was February 13, 2024. (Pl.'s Suppl. Br. at 2.)

5.  As of April 30, 2024, CPT has received 311 Claims, 38 of which were deficient, and one was deemed invalid due to being duplicate. (Pl.'s Suppl. Br. at 2; Suppl. Decl. of Carole Thompson, "Suppl. Thompson Decl., Dkt. No. 81-1 ¶ 4.)  CPT addressed the 38 deficient claims by sending claimants a letter providing instructions on how to cure the deficiency. (Suppl. Thompson Decl. ¶ 6.)  Currently, there are 272 members of the Settlement Class who will receive a benefit from a Settlement Claim. (Pl.'s Suppl. Br. at 2; Suppl. Thompson Decl. ¶ 6.)  The deadline for opting out has passed and one Settlement Class Member has done so. (Suppl. Thompson Decl. ¶ 8.)  One Settlement Class Member submitted a timely written objection to the Court[1] and none appeared in person at the Final Approval Hearing to object. There was an adequate interval between mailing of the Notice and the deadline to permit Settlement Class members to choose what to do and act on their decision.

6.  Thus, the Court finds that the notice satisfied the notice requirements of Rule 23, adequately advised class members of their rights under the settlement agreement, met the requirements of due process, and complied with the Court's order regarding court notice. The form of notice fairly, plainly, accurately, and reasonably provided class members with all required information, including (among other things): (1) a summary of the lawsuit and claims asserted; (2)

---

[1] The Court notes that the sole objection was based on skepticism as to the merits of the complaint, rather than the settlement terms. (*See* Dkt. No. 76.)

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

a clear definition of the class; (3) a description of the material terms of the settlement, including the estimated payment; (4) a disclosure of the release of the claims; (5) an explanation of class members' opt-out rights, a date by which they must opt out, and information about how to do so; (6) the date and location of the final fairness hearing; and (7) the identity of class counsel and the provisions for attorney's fees and costs.

**Fairness of the Settlement**

7. The Agreement is entitled to a presumption of fairness. *Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044, 125 S.Ct. 2277, 161 L. Ed. 2d 1080 (2005) (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quoting Manual for Complex Litigation, Third § 30.42 (1995)). There has been no collusion between the parties in reaching the proposed settlement.

8. Plaintiff's investigation and discovery were sufficient to allow the Court and counsel to act intelligently.

9. Counsel for both parties are experienced in similar data breach class action litigation. All counsel recommended approval of the Agreement.

10. The consideration to be given to the Settlement Class Members under the terms of the Agreement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the release of Settlement Class Members' claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action.

11. The proposed Agreement is approved as fair, adequate and reasonable and is in the best interests of Settlement Class Members.

**Attorneys' Fees/Expenses**

"[T]he court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  The Ninth Circuit has found, however, that courts still "have an independent obligation to ensure that the award, like the settlement itself,

is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

12. The Agreement provides for (and Class Counsel seeks) an award of up to $198,500 to Class Counsel as attorneys' fees and expenses in this action. (Pl.'s Mot. at 18.) Where a settlement, "produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth*, 654 F.3d at 942. Under the percentage method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ." *Id*. This proposed award comprises less than 25% of the Settlement's total value. (Pl.'s Mot. at 18.) This was negotiated separately from and will be paid separately and independently from the monies paid to Settlement Class Members for their claims. As such, this award will not affect the amount of money any Settlement Class Member will receive for their claims, and the fact that the total award is less than 25% of the Settlement Fund makes it presumptively reasonable.

13. Accordingly, the award of attorneys' fees and reimbursement of litigation expenses are reasonable, in light of the contingent nature of Class Counsel's work, the substantial amount of work actually performed such that Class Counsel will not receive a windfall incommensurate with the time and effort dedicated to the case, the risks assumed, the results achieved by Class Counsel and due to the significant amount of work Class Counsel anticipates post-final approval of the settlement.

**Administration Fees**

14. The parties selected CPT Group ("CPT") to act as the Claims Administrator. (Pl.'s Mot. for Prelim. Approval, Dkt. No. 56 at 5; Decl. of Scott E. Cole ISO Pl.'s Mot. for Prelim. Approval, "8/25/23 Cole Decl.," Dkt. No. 56-1 ¶ 32.) CPT submitted a competitive bid of a flat fee of $40,000, which shall be paid by Defendant separately, and will not affect the Settlement Fund. (8/25/23 Cole Decl. ¶ 32; Pl.'s Mot. for Final Approval at 19.)

15. Since the Court finds that the notice process was sufficient, it approves CPT's costs of $40,000, which shall be paid by Defendant separately and not affect the Settlement Fund.

//

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**Service Award**

16. The Agreement provides for a Service Award of up to $1,500 for Representative Plaintiff Jami Zucchero, subject to the Court's approval. This was negotiated separately from and will be paid separately and independently from the monies paid to Settlement Class Members for their claims.

17. Service awards to named plaintiffs are "fairly typical in class action cases." *Rodriguez v. W Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Id.* (internal citation omitted). Courts in this district generally find service awards of $5,000 to be reasonable. *See Harris v. Vector Mktg. Corp.*, Case No. 08-cv-5198-EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012). The Court finds this Service Award reasonable considering the risks and burdens undertaken by Representative Plaintiff in this action and for her time and effort in bringing and prosecuting this matter on behalf of the Settlement Class.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Class is certified for the purposes of settlement only. The Settlement Class is hereby defined as:

> All individuals within the United States whose name and personal payment card information was potentially exposed to unauthorized third-parties as a result of the Data Security Incident that occurred between approximately February to October of 2021.

2. Plaintiff's motion for final approval is GRANTED, and the Agreement is hereby finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class.

3. Class Counsel are awarded attorneys' fees in the amount of $198,500, inclusive of litigation costs. Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiff or members of the Settlement Class. Per the terms of the settlement agreement, this shall be paid by Defendant separately, and shall not affect the amount of the Settlement Fund.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

4. Payment of a Service Award in the amount of $1,500 to Plaintiff Jami Zucchero. Per the terms of the settlement agreement, this shall be paid by Defendant separately, and shall not affect the amount of the Settlement Fund.

5. CPT Group is awarded $40,000 for settlement administration costs to be paid by Defendant separately.

6. After entry of this Order and Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement and enforce the Agreement and this Judgment, to hear and resolve any contested challenge to a claim for settlement benefits and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

7. In accordance with the Northern District's Procedural Guidance for Class Action Settlements, within 21 days after all funds have been paid to class members, the parties shall file a Post-Distribution Accounting (and post it on the settlement website), which provides the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier. If the parties believe that a compliance hearing is necessary, they may file a stipulation or administrative motion requesting that one be set on the Court's regular law and motion calendar.

The Clerk shall close the case, and the Court will enter separate judgment.

IT IS SO ORDERED.

Dated: May 21, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge